UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

RICHARD ROSARIO,

                                          Plaintiff,

                -against-                      No. 18 Civ. 4023 (LGS)

THE CITY OF NEW YORK; GARY WHITAKER; IRWIN SILVERMAN; CHARLES CRUGER; JOSEPH FORTUNATO, RICHARD MARTINEZ, EDWARD J. MONKS,

                                          Defendants.

------------------------------------------------------------------------x

# REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS UNDER RULE 12 OF THE FEDERAL RULES OF CIVIL PROCEDURE

                          **ZACHARY W. CARTER**
                          Corporation Counsel of the City of New York
                          *Attorney for Defendants*
                          100 Church Street
                          New York, New York 10007

                          By:    Brachah Goykadosh
                                *Assistant Corporation Counsel*
                                Special Federal Litigation Division
                                (212) 356-3523

# **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ......................................................................................................... iii

PRELIMINARY STATEMENT ..................................................................................................... 1

ARGUMENT .................................................................................................................................. 1

    POINT I ............................................................................................................... 1

        PLAINTIFF FAILS TO ESTABLISH ANY
        CONSTITUTIONAL VIOLATION ............................................................ 1

        A.   Plaintiff's Malicious Prosecution Claim Still
        Fails as a Matter of Law............................................................................ 1

        B.   Plaintiff's Denial of Right to Fair Trial Claim
        Fails as a Matter of Law............................................................................ 4

        C.   Plaintiff's Civil Rights Conspiracy Claim Fails
        as a Matter of Law. .................................................................................... 9

        D.   Plaintiff's Supervisory Liability Claim Fails as
        a Matter of Law....................................................................................... 10

        E.   Plaintiff's State Law Claims Fail as a Matter
        of Law. .................................................................................................... 11

    POINT II ............................................................................................................ 11

PLAINTIFF FAILS TO PLEAD PERSONAL INVOLVEMENT ...................... 11

        A.   Plaintiff Fails to Plead Detective Fortunato's
        Personal Involvement............................................................................... 11

        B.   Plaintiff Fails to Plead Detective Silverman's
        Personal Involvement............................................................................... 12

CONCLUSION............................................................................................................................. 13

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Arma v. Buyseasons, Inc.*,
　591 F.Supp.2d 637 (S.D.N.Y. 2008) ...................................................................... 6, 10

*Bellamy v. City of New York*,
　No. 17-1859-cv, 2019 U.S. App. LEXIS 2914 (2d Cir. Jan. 29, 2019) ..................... 8

*Boyette v. Lefevre*,
　246 F.3d 76 (2d Cir. 2001) ........................................................................................ 8

*Bryant v. Serebrenik*,
　No. 15-cv-3762 (ARR)(CLP), 2017 U.S. Dist. LEXIS 25570 (E.D.N.Y. Feb.
　23, 2017) ................................................................................................................... 8

*Faraone v. City of New York*,
　No. 13 Civ. 9074 (DLC), 2016 U.S. Dist. LEXIS 36316, 2016 WL 1092669
　(S.D.N.Y. Mar. 21, 2016) .......................................................................................... 9

*Grove Press, Inc. v. Angleton*,
　649 F.2d 121 (2d Cir. 1981) ...................................................................................... 9

*Gumora v. City of New York, et al.*,
　17 Civ. 2300 (LGS), 2018 U.S. LEXIS 18911 (S.D.N.Y. Feb. 5, 2018) ................. 10

*Heck v. Humphrey*,
　512 U.S. 477 (1994) .................................................................................................. 4

*Isaac v. City of New York*,
　No. 16-CV-4729 (KAM), 2018 U.S. Dist. LEXIS 132995 (E.D.N.Y. Aug. 6,
　2018) ....................................................................................................................... 11

*Lanning v. City of Glens Falls*,
　908 F.3d 19 (2d Cir. 2018) ............................................................................... 1, 2, 3

*Longo v. Ortiz*,
　No. 15 Civ. 7716 (VEC), 2016 U.S. Dist. LEXIS 131558 (S.D.N.Y. Sep. 26,
　2016) ......................................................................................................................... 5

*Manson v. Brathwaite*,
　432 U.S. 98 (1977) .................................................................................................... 6

*McDonough v. Smith*,
   898 F.3d 259 (2d Cir. 2018)..................................................................................4, 5, 7

*United States ex rel. Meers v. Wilkins*,
   326 F.2d 135 (2d Cir. 1964).............................................................................................8

*Miller v. Cuccia*,
   Nos. 99-7088(L), 99-7122 (XAP), 1999 U.S. App. LEXIS 30445 (2d Cir.
   Nov. 18, 1999) ...............................................................................................................2

*Murphy v. Lynn*,
   118 F.3d 938 (2d Cir. 1997)............................................................................................3

*Newton v. City of New York*,
   640 F. Supp. 2d 426 (S.D.N.Y. 2009)............................................................................7

*Onofrio v. Savoy*,
   No. 3:15-cv-1744 (WIG), 2018 U.S. Dist. LEXIS 162448 (D. Conn. Sep. 24,
   2018) ...............................................................................................................................3

*Poe v. Leonard*,
   282 F.3d 123 (2d Cir. 2002)..........................................................................................11

*Raspardo v. Carlone*,
   770 F.3d 97 (2d Cir. 2014)............................................................................................11

*Ricciuti v. N.Y.C. Transit Auth.*,
   124 F.3d 123 (2d Cir. 1997)............................................................................................5

*Rivera v. City of New York*,
   No. 16 Civ. 9709 (GHW), 2019 U.S. Dist. LEXIS 8601 (S.D.N.Y. Jan. 17,
   2019) ............................................................................................................................1, 2

*Romer v. Morgenthau*,
   119 F. Supp.2d 346 (S.D.N.Y. 2000).............................................................................9

*Russell v. Smith*,
   68 F.3d 33 (2d Cir. 1995)................................................................................................2

*Spak v. Phillips*,
   857 F.3d 458 (2d Cir. 2017)............................................................................................3

*Thompson v. City of New York*,
   No. 17 Civ. 3064(DLC), 2019 U.S. Dist. LEXIS 4848 (S.D.N.Y. Jan. 10,
   2019) ...............................................................................................................................3

*Thompson v. Clark*,
   No. 14-CV-7349 (JBW), 2018 U.S. Dist. LEXIS 105225 (E.D.N.Y. June 11,
   2018) ..................................................................................................................................5

*Thompson v. Rovella*,
   734 F. App'x 787 (2d Cir. 2018) ........................................................................................3

*Ulerio v. City of New York*,
   No. 18 Civ. 2155 (GBD), 2018 U.S. Dist. LEXIS 215166 (S.D.N.Y. Dec. 20,
   2018) ..................................................................................................................................3

*Vasquez v. City of New York*,
   No. 14 Civ. 491, 2014 U.S. Dist. LEXIS 157259 (S.D.N.Y. Nov. 6, 2014) .......................6

*Wray v. City of New York*,
   490 F.3d 189 (2d Cir. 2007)................................................................................................6

# PRELIMINARY STATEMENT

Plaintiff was convicted by a jury of his peers. No misconduct by defendants led to this conviction. But in an effort to profit at the City taxpayers' expense, plaintiff accuses defendants of serious wrongdoing. Yet plaintiff fails to allege the personal involvement of some of these detectives, a prerequisite this action. The Complaint is also unfocused and legally-unsupported: indeed, after defendants submitted their moving papers (Docket Entry Nos. 61, 62, 63), plaintiff conceded the haphazardness of his claims and withdrew his claims for municipal liability, negligence, intentional and negligent infliction of emotional distress, New York State Constitution, and any construable claim for failure to conduct a constitutionally adequate investigation. (*See* Plaintiff's Opposition (hereinafter "Pl. Opp." at 27, n.8) (Docket Entry No. 78)). For the reasons *infra*, plaintiff's remaining claims are without merit and must be dismissed.

# ARGUMENT

## POINT I

### PLAINTIFF FAILS TO ESTABLISH ANY CONSTITUTIONAL VIOLATION

**A. Plaintiff's Malicious Prosecution Claim Still Fails as a Matter of Law.**

As plaintiff's prosecution did not end in a manner affirmatively indicating his innocence, he cannot meet the favorable termination prong of a federal malicious prosecution claim. The Second Circuit's decision in *Lanning v. City of Glens Falls*, 908 F.3d 19 (2d Cir. 2018) is clear.[1] A "plaintiff asserting a malicious prosecution claim under § 1983 must still show that the underlying criminal proceeding ended in a manner that *affirmatively* indicates his innocence." *Lanning*, 908 F.3d at 22 (emphasis added); *Rivera v. City of New York*, No. 16 Civ. 9709

---

[1] The Second Circuit explained that its purpose in *Lanning* was to "dispel any confusion among district courts about the favorable termination element of a § 1983 malicious prosecution claim." *Lanning*, 908 F.3d at 25.

(GHW), 2019 U.S. Dist. LEXIS 8601, at *18 (S.D.N.Y. Jan. 17, 2019). Where a dismissal "leaves the question of guilt or innocence unanswered it cannot provide the favorable termination required as the basis for" a malicious prosecution claim. *Id.* at 28-29.[2]

Here, the question of plaintiff's guilt or innocence has been left unanswered. While the indictment against plaintiff has been dismissed, this is not an affirmative indication of his innocence. Indeed, as stated in defendants' moving papers, a dismissal of an indictment is not a final disposition or an indication of innocence necessary to meet the favorable termination prong. *Russell v. Smith*, 68 F.3d 33, 36 (2d Cir. 1995);[3] *Miller v. Cuccia*, Nos. 99-7088(L), 99-7122 (XAP), 1999 U.S. App. LEXIS 30445, at *3 (2d Cir. Nov. 18, 1999). Like in *Russell*, there has never been any indication, affirmative or otherwise, that the prosecution considers plaintiff to "have been wrongly charged and to be innocent of the murders." *Russell*, 68 F.3d at 37.

Plaintiff says defendants did not cite "a single example of a court dismissing a malicious prosecution claim in circumstances remotely like those here, where the prosecution *admitted* it would lose at trial." (Pl. Opp. at 21). Plaintiff is misleading. There has been no "admission" of losing at trial.[4] (*See* Goykadosh Decl., Ex. H). Furthermore, asserting that "acquittal is likely" when recommending the dismissal of indictment does not affirmatively indicate plaintiff's innocence. (Pl. Opp. at 19). Finally, as alleged, the District Attorney's Office moved to dismiss

---

[2] Plaintiff says that *Lanning* "did not decide whether is any analytical difference between" the state and federal standards for malicious prosecution. (Pl. Opp. at 20, n. 7, citing *Lanning*, 908 F.3d at 27, n. 7). However, the Circuit stated that it "need not and do not decide whether [the state law standard] in fact is consistent with or deviates from the traditional 'indicates innocence' standard."

[3] In *Russell*, the Circuit explained that an "acquittal is the most obvious explanation of a favorable termination." *Id.* at 36. Here, although plaintiff suggests that an acquittal may be likely, he has not been acquitted.; thus, there is no affirmative indication of his innocence. Moreover, plaintiff has cherry-picked one line from the recommendation of dismissal of indictment. (*See* Recommendation of Dismissal of Indictment, Goykadosh Decl., Ex. H.).

[4] As this Court is aware, a lot can happen during a trial. An acquittal may be likely. But "likely" is not "certainly."

the indictment because "it did not have enough evidence to retry" plaintiff. (Compl., Goykadosh Decl., Ex. A, ¶95). This is not an affirmative indication of plaintiff's innocence.

Relying on *Spak v. Phillips*, 857 F.3d 458, 463-64 (2d Cir. 2017), plaintiff analogizes a *nolle prosequi* to a dismissal of indictment. (Pl. Opp. at 18). But a *nolle prosequi* is not the same as a dismissal of indictment. Moreover, *Spak* stands for the proposition that a *nolle prosequi* "constitutes a 'favorable' termination for the purpose of determining when" a § 1983 claim *accrues*." *Onofrio v. Savoy*, No. 3:15-cv-1744 (WIG), 2018 U.S. Dist. LEXIS 162448, at *14 n.6 (D. Conn. Sep. 24, 2018), quoting *Spak* 857 F.3d at 463; *Thompson v. Rovella*, 734 F. App'x 787, 790 (2d Cir. 2018) (summary order). Thus, *Spak* does not save plaintiff.

Similarly, plaintiff's reliance on *Murphy v. Lynn*, 118 F.3d 938 (2d Cir. 1997) is misplaced. (Pl. Opp. at 18). In *Murphy*, the Second Circuit explained that "where the prosecution did not result in an acquittal, it is deemed to have ended in favor of the accused, for these purposes, only when its final disposition is such as to indicate the innocence of the accused." *Id.* at 948. But *Murphy* must now be read under the lens of *Lanning*, which requires not only an indication of innocence, but an *affirmative* indication of innocence.

Indeed, the case law following *Lanning*—which defendants admit is scant, as *Lanning* was only decided a few months ago—demonstrates the fallacies of plaintiff's arguments. For example, in *Ulerio v. City of New York*, No. 18 Civ. 2155 (GBD), 2018 U.S. Dist. LEXIS 215166, at *17 n.11 (S.D.N.Y. Dec. 20, 2018), the district court held that plaintiff's malicious prosecution claim failed when plaintiff's conviction was vacated and stated that a vacatur of conviction is not dispositive of proceeding terminating in favor of the accused. Similarly, in *Thompson v. City of New York*, No. 17 Civ. 3064 (DLC), 2019 U.S. Dist. LEXIS 4848, at *10 (S.D.N.Y. Jan. 10, 2019), the district court held that dismissal on speedy trial grounds is not a

3

favorable termination. Likewise, for the reasons herein and those in defendants' moving papers, a dismissal of indictment is not a favorable termination affirmatively indicating innocence.

Simply, plaintiff fails to plead that the dismissal of indictment is a favorable termination that affirmatively indicates his innocence—because there has been no affirmative indication of his innocence. Consequently, plaintiff's malicious prosecution claim must be dismissed.

**B. Plaintiff's Denial of Right to Fair Trial Claim Fails as a Matter of Law.**

  **1.** *The Statute of Limitations Bars Plaintiff Denial of Right to Fair Trial Claim.*

Plaintiff argues that as he was convicted, *McDonough v. Smith*, 898 F.3d 259 (2d Cir. 2018) does not apply to the accrual of his fair trial claim. (*See* Pl. Opp. 11-12). Plaintiff states that *Heck v. Humphrey*, 512 U.S. 477 (1994), "controls here." (Pl. Opp. at 9). Plaintiff is wrong.[5] The "statute of limitations begins to run on a fabrication of evidence claim […] under § 1983 when the plaintiff has reason to know of the injury which is the basis of his action." *McDonough*, 898 F.3d at 266 (internal citations and quotations omitted). As the Second Circuit articulated, the reason why is because any constitutional violation is in the "use of the fabricated evidence […], not in the eventual resolution of the criminal proceeding." *Id.* at 267. (*See* Def. Mem. 8-9).[6] This is because for a denial of right to fair trial claim, plaintiff is not required to show any termination. *Id.* Therefore, as the termination of the proceedings is not the dispositive inquiry for a fabrication of evidence claim, that *McDonough* involved a different type of

---

[5] Nor does *Heck* undermine *McDonough*. Defendants substantially rest on the arguments in their moving papers addressing this issue. (Defs. Mem. 8-9). Plaintiff attempts to cast aspersions on the validity of the Second Circuit's ruling in *McDonough* based on the fact that other circuits reached a different result when addressing the same question in *McDonough* and because the Supreme Court has recently granted certiorari to review the decision. (Pl. Opp. at 10). But the Court must treat the Second Circuit's decision as good law, as it has not been reversed and is the law of this Circuit. Nor are the decisions of other circuits of any persuasive authority.

[6] What plaintiff appears to be attempting to argue is that timely asserting his fabrication of evidence claim would implicate the validity of his conviction. But the logical leap that plaintiff is asking the Court and defendants to make here—i.e., *why* the allegedly fabricated evidence would implicate the validity of his conviction—is never explained by plaintiff, either in the Complaint or on opposition.

termination than this matter is of no moment. Put simply, *McDonough* does not distinguish between a conviction and other types of cases because no distinction is necessary.

Indeed, plaintiff's statement that McDonough's "damages [did not] arise from the unfair use of evidence at *trial*" and his undue emphasis on the fact that this case involves a trial betrays his misunderstanding. (Pl. Opp. at 11-12 (emphasis original)). Courts have stated that whether any fabricated evidence was used at trial is not required for an actionable claim *Thompson v. Clark*, No. 14-CV-7349 (JBW), 2018 U.S. Dist. LEXIS 105225, at *13 (E.D.N.Y. June 11, 2018), citing *Ricciuti v. N.Y.C. Transit Auth.*, 124 F.3d 123, 127 (2d Cir. 1997); *Longo v. Ortiz*, No. 15 Civ. 7716 (VEC), 2016 U.S. Dist. LEXIS 131558, at *20 (S.D.N.Y. Sep. 26, 2016) (citing cases). What matters is "when the plaintiff has reason to know of the injury which is the basis of his action"—not if a trial happened. *McDonough*, 898 F.3d at 266

Finally, plaintiff's string citation to five cases for the proposition that "wrongful conviction claims […] cannot be brought until the conviction has been set aside" is nonsensical. (Pl. Opp. at 10). There is no freestanding "wrongful conviction claim." Instead, plaintiff brings a case claiming that he was wrongfully convicted based on claims of malicious prosecution and denial of right to fair trial. Putting that misnomer aside, the five cases plaintiff cites to are unavailing as these cases are all pre-*McDonough*, which is now the law in this Circuit.

It bears noting that plaintiff fails to address any of defendants' substantive arguments about the expired statute of limitations. That is, except for taking issue with the applicability of *McDonough*, plaintiff does not address defendant's arguments about the timing of his knowledge regarding any allegedly fabricated evidence. Plaintiff does not deny that he knew of any improper photo arrays on October 23, 1996 and any exculpatory evidence concerning Nicole

Torres in March 2015. (Def. Mem. at 5, 6). Thus, any opposition should be deemed waived. *Arma v. Buyseasons, Inc.*, 591 F.Supp.2d 637, 643 (S.D.N.Y. 2008).

### 2. *Plaintiff's Fabrication of Evidence Claim Fails as a Matter of Law.*

Plaintiff argues that his fabricated evidence claim should survive as he alleged that Detectives Cruger, Martinez, and Whitaker did not report any suggestive identification techniques in police reports or at a pretrial hearing. (Pl. Opp. at 14-15).

The Second Circuit has "not held that a suggestive identification alone is a constitutional violation; rather, the constitutional violation is that [the plaintiff's] right to a fair trial was impaired by the admission of testimony regarding the unreliable identification[.]" *Wray v. City of New York*, 490 F.3d 189, 193 (2d Cir. 2007). A "suggestive procedure does not itself intrude upon a constitutionally protected interest." *Id.*, quoting *Manson v. Brathwaite*, 432 U.S. 98, 113 (1977). In the "absence of evidence that [the defendant officer] misled or pressured the prosecution or trial judge, [the Second Circuit] cannot conclude that his conduct caused the violation of [the plaintiff's rights] constitutional rights; rather, the violation was caused by the ill-considered acts and decisions of the prosecutor and trial judge." *Wray*, 490 F.3d at 193.

The facts here are similar to *Vasquez v. City of New York*, No. 14 Civ. 491, 2014 U.S. Dist. LEXIS 157259 (S.D.N.Y. Nov. 6, 2014). In *Vasquez*, the plaintiff alleged "tainted" photo arrays. *Id.* at 8. Plaintiff also alleged that the detective gave misleading testimony and refused to disclose certain information. *Id.* at 12. Despite this, because the trial judge "explicitly considered the propriety of [he] photo—and lineup—identifications of [plaintiff] at a Wade hearing, and denied [plaintiff's] application to suppress the identifications," plaintiff has not shown that defendants "misled or coerced the intervening decision-maker." *Id.* at 28. The same is true here. Plaintiff moved to suppress evidence based on his belief that the photo arrays were

conducted in a suggestive manner; a *Wade* hearing was held; the judge denied plaintiff's application. (*See* Ex. B, C, D to the Goykadosh Decl.). The "independent judgment of a state court judge severed the chain of causality between defendants and any violation of [plaintiff's] due process rights resulting from the admission of identification evidence derived from suggestive procedures." *Newton v. City of New York*, 640 F. Supp. 2d 426, 445 (S.D.N.Y. 2009). Indeed, plaintiff completely fails to address the trial court's decision concerning the *Wade* hearing on opposition. Thus, plaintiff's claim fails as a matter of law.

Even if the Court believes that plaintiff's fabrication of evidence claim does not fail despite the paltry allegations, any claim against defendants Fortunato, Silverman, and Monks must be dismissed. This is because paragraphs 40 and 44 only pertain to Detectives Cruger, Martinez, and Whitaker. (*See* Def. Mem. at Point II). As the personal involvement of these individuals is not pleaded—adequately or otherwise—in any fabrication of evidence claim, that claim must be dismissed against Detectives Fortunato, Silverman, and Monks.

### 3. *Plaintiff's* **Brady** *Claim Fails as a Matter of Law.*

Plaintiff claims two statements by Nicole Torres were "deliberately suppressed." (Pl. Opp. at 16).[7] Plaintiff misses the point. Whether the statements by Torres were redacted or suppressed does not salvage his *Brady* claim.[8] Plaintiff's defense attorney could follow up and question Torres about her statement and version of events. (Def. Mem. at 18). The DD5 contained information for the criminal defense to conduct an investigation. (*See* Ex. F; Ex. K at 4, "The defense had access to sufficient information […] to locate and interview Ms. Torres [.]").

---

[7] Defendants rest on their moving papers concerning why collateral estoppel bars this action and why *McDonough* bars plaintiff's *Brady* claim. Defendants respectfully note plaintiff's arguments concerning collateral estoppel focus on the trial and the fact that plaintiff's second 440.10 motion did not receive appellate review.

[8] Plaintiff attempts to bolster the allegations in the Complaint on opposition, proving the Complaint's insufficiency.

7

"Evidence is not 'suppressed' [for Brady purposes] if the defendant either knew or should have known of the essential facts permitting him to take advantage of any exculpatory evidence." *Bellamy v. City of New York*, No. 17-1859-cv, 2019 U.S. App. LEXIS 2914, at *108 (2d Cir. Jan. 29, 2019) (Jacobs, J., dissenting) (quotation omitted).[9] "The government is not required to make a witness' statement known to a defendant who is on notice of the essential facts which would enable him to call the witness and thus take advantage of any exculpatory testimony that [s]he might furnish." *Bellamy*, 2019 U.S. App. LEXIS 2914, at *108 (quotation omitted). There can be no *Brady* violation because plaintiff had the facts enabling him to contact Torres and therefore taken advantage of any purportedly exculpatory statements by her.

Plaintiff cites to no cases to support the proposition that when the defense has the name of an exculpatory witness but fails to interview that witness he can then claim a *Brady* violation. The two cases to cited by plaintiff—*Boyette v. Lefevre*, 246 F.3d 76 (2d Cir. 2001) and *United States ex rel. Meers v. Wilkins*, 326 F.2d 135 (2d Cir. 1964) are inapposite. *Boyette* concerns a trove of materials—including a notepad containing the message "Rule out Boyette." *Id.* at 85. In *Wilkins*, defense counsel was not "acquainted" with the names of witnesses. *Id.* at 140. That is not the case here. Plaintiff could have investigated statements by Torres but did not do so.

Finally, to the extent that plaintiff is now claiming that any alleged improper photo identification also forms the basis for additional *Brady* theory, that concept fails.[10] This would be duplicative of his purported fabrication of evidence claim.[11]

---

[9] The Second Circuit decided *Bellamy* today, January 29, 2019. The opinion is 91 pages. The undersigned is amidst reviewing the Circuit's decision but does not raise new arguments on reply.

[10] It bears noting that plaintiff has lumped a litany of claims together under Count II. It is unclear why. While defendants have attempted to delineate the potential claims under Count II, they are in no way obligated to do so.

[11] Other district courts dismissed claims that are duplicative. *See Bryant v. Serebrenik*, No. 15-cv-3762 (ARR)(CLP), 2017 U.S. Dist. LEXIS 25570, at *2 (E.D.N.Y. Feb. 23, 2017)[11] (*sua sponte* dismissing an unlawful search claim that was duplicative of a false arrest claim and explaining that the "legality of the searches depends on

**C. Plaintiff's Civil Rights Conspiracy Claim Fails as a Matter of Law.**

In opposing defendants' motion, plaintiff claims that the private entity with whom defendants conspired to violate his civil rights is Michael Sanchez. (Pl. Opp. at 26). Plaintiff cites to a subparagraph in the Complaint in support of this. Indeed, paragraph 124 of the Complaint contains 5 subparts. The first 4 subparts do not deal with Michael Sanchez. Therefore, the first 4 theories of conspiracy that plaintiff attempts to allege must be dismissed.

As to plaintiff's fifth theory, that too must be dismissed as it is not adequately pleaded in the Complaint. It is, at best, a "bare conclusory allegation of conspiracy [that] does not state a cause of action." *Grove Press, Inc. v. Angleton*, 649 F.2d 121, 123 (2d Cir. 1981). Plaintiff merely asserts that defendants "work[ed] in concert with witness Michael Sanchez to fabricate a prosecution against Rosario for a crime he did not commit." (Compl., Goykadosh Decl., Ex. A, ¶124(e)) (Pl. Opp. at 26). This does not provide "some factual basis supporting a meeting of the minds, such as that defendants entered into an agreement, express or tacit, to achieve the [violation of plaintiff's constitutional rights]," necessary for a conspiracy claim. *Romer v. Morgenthau*, 119 F. Supp.2d 346, 363 (S.D.N.Y. 2000) (internal quotation marks omitted).

Plaintiff then appears to attempt to amend through opposition, adding a narrative about Sanchez that does not appear in the Complaint. There is nothing in the Complaint (and nothing in the two paragraphs that plaintiff identifies on opposition) about an "agreement about adopting the false identification" or Sanchez wishing to "avoiding the retributive consequences of snitching" or that he "identified the wrong man in order to avoid raising the ire of the true perpetrators," as plaintiff suggests, for the first time on opposition.[12] (Pl. Opp. at 26).

---

the legality of the arrests."), citing *Faraone v. City of New York,* No. 13 Civ. 9074 (DLC), 2016 U.S. Dist. LEXIS 36316, (S.D.N.Y. Mar. 21, 2016) (granting summary judgment duplicative claims).

[12] Sanchez is not a defendant.

There is simply no support in the Complaint—or otherwise—for plaintiff's conspiracy allegations. Therefore, this claim must be dismissed.[13]

### D. Plaintiff's Supervisory Liability Claim Fails as a Matter of Law.[14]

Plaintiff fails to plead that Sergeant Monks, through his own actions, violated plaintiff's constitutional rights. (*See generally* Def. Mem. 15-17). On opposition, plaintiff argues that he has alleged that Sergeant Monks was "keenly worried about this high-profile murder investigation" and that Sergeant Monks instructed "his subordinates" "to close the case quickly, using any means necessary." (Pl. Opp. at 22-23). Plaintiff then conclusorily asserts, both in the Complaint and on opposition, that Sergeant Monks "was aware of other [d]efendants' investigatory misconduct, and either affirmatively condoned it or took no action to prevent it, address it, or report it." (Compl., Goykadosh Decl., Ex. A, ¶56) (Pl. Opp. at 23).

But as the Supreme Court has held, "a supervisor's mere knowledge and acquiescence" cannot establish personal involvement. *Iqbal*, 556 U.S. at 677. Sergeant Monks can only be liable if he "took an action that deprived [plaintiff] of his […] constitutional rights, and not if [his] failure to act deprived [plaintiff] of his […] constitutional rights." *Gumora v. City of New York, et al.*, 17 Civ. 2300 (LGS), 2018 U.S. LEXIS 18911, at *20 (S.D.N.Y. Feb. 5, 2018). Plaintiff cites to no cases supporting his theory that "exerting pressure" to solve a murder investigation or that "awareness" rises to the level of supervisory liability. Indeed, as alleged in the Complaint, the actions that plaintiff wishes to hold Sergeant Monks liable for are the very

---

[13] It bears noting that Sanchez was deposed today. Sanchez was asked if he ever conspired with any member of the police department, fabricated a prosecution against plaintiff, or entered into an agreement with any detective to identify plaintiff as the shooter to avoid the retributive consequences of snitching and if he identified the wrong man to avoid raising the ire of the true perpetrators and their associates. Sanchez denied this. While Sanchez's deposition has not yet been completed, plaintiff cannot continue to pursue this baseless, conjectural claim.

[14] Plaintiff does not specifically address defendants' arguments concerning Sergeant Monks's lack of personal involvement. Any arguments by him should be deemed abandoned. *See Arma*, 591 F.Supp.2d at 643.

same actions that the Supreme Court states do not establish personal involvement: knowledge and acquiescence. *See Isaac v. City of New York*, No. 16-CV-4729 (KAM), 2018 U.S. Dist. LEXIS 132995, at *37-38 (E.D.N.Y. Aug. 6, 2018) (citing cases). Moreover, plaintiff also fails to establish that Sergeant Monks's "were the proximate cause of the plaintiff's constitutional deprivation." *Raspardo v. Carlone*, 770 F.3d 97, 116 (2d Cir. 2014). The allegations against Sergeant Monks cannot stand. Finally, plaintiff's repeated assertions that he requires additional discovery to ascertain the exact nature of his claims is without merit. *See infra* at Point II.B.

Simply, a supervisor may not be held liable merely because his subordinate committed a constitutional tort. *Poe v. Leonard*, 282 F.3d 123, 140 (2d Cir. 2002) (citation omitted). But that is exactly what plaintiff wants the Court to accept, despite the abundance of law to the contrary.

### E. Plaintiff's State Law Claims Fail as a Matter of Law.

Plaintiff withdraws almost all of his state law claims. All that remain are plaintiff's state law claims for malicious prosecution and *respondeat superior* liability. For these two claims, defendants respectfully rest on the arguments in their moving papers.[15]

## POINT II

## PLAINTIFF FAILS TO PLEAD PERSONAL INVOLVEMENT

### A. Plaintiff Fails to Plead Detective Fortunato's Personal Involvement.

As stated in defendants' moving papers, besides for paragraphs where Detective Fortunato's name is included as part of a group, there are no allegations against him. The Complaint fails to specify any action by Detective Fortunato. Plaintiff's opposition barely acknowledges this; instead, plaintiff cites to two paragraphs where Detective Fortunato's name is included as part of a group. This does not salvage plaintiff's claim. What did Detective

---

[15] Defendants also rest on their moving papers with regards to plaintiff's failure to intervene claim.

Fortunato do to violate plaintiff's federally-protected civil rights? The Complaint offers no clues. Is it merely that he was a detective in the 1990s in the Bronx? Surely, that cannot be enough to satisfactorily allege personal involvement. As personal involvement is required for a § 1983 action (*see* Def. Mem at 29), plaintiff's claims against Detective Fortunato must be dismissed.

### B. Plaintiff Fails to Plead Detective Silverman's Personal Involvement.

Plaintiff's claims against Detective Silverman also cannot proceed. In the Complaint, plaintiff alleges that Detective Silverman "*knew* that [plaintiff] resided in Deltona earlier in 1996," (Compl., Goykadosh Decl., Ex. A, ¶84 (emphasis original)) while on opposition, plaintiff now alleges that plaintiff "*knew* that [plaintiff] was telling the truth when he told police he was in Florida at the time of the murder." (Pl. Opp. at 23 (emphasis original)). But despite this discrepancy, knowledge about plaintiff's residence and/or honesty is not the basis for a freestanding § 1983 claim against an individual (and plaintiff cites to no case saying it is).

Instead, plaintiff argues Silverman "took no action" while other individuals prosecuted plaintiff and that Silverman did not "take independent action to investigate plaintiff's alibi witnesses." (Pl. Opp. 23-24). But there is no claim for a constitutionally inadequate investigation. (*See* Defs. Mem. at 18) and plaintiff is not pursuing any such claim.

Third, plaintiff's assertion that the "details" of Detective Silverman's "participation" will "come out in discovery" is weak. A deficient pleading cannot unlock the doors to discovery. *See Iqbal*, 566 U.S.at 678 ("Rule 8 […] does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."). Moreover, plaintiff represented that he has produced 28,000 pages of documents, including Silverman's testimony from the criminal trial and an interview by Silverman in the Dateline series. (*See* Docket Entry Nos. 57, 74). Finally, Silverman should not be a defendant because plaintiff wishes to engage in a scavenger hunt.

## CONCLUSION

For the foregoing reasons and for the reasons in defendants' moving papers, defendants respectfully requests that the Court grant their motion for judgment on the pleadings in its entirety, dismiss all of the aforementioned claims with prejudice, and grant such other and further relief as the Court deems just and proper.

Dated: New York, New York  
      January 29, 2019

**ZACHARY W. CARTER**  
CORPORATION COUNSEL OF THE CITY OF NEW YORK  
*Attorney for Defendants*  
100 Church Street  
New York, New York 10007  
(212) 356-3523

By: _____/s/_____  
    Brachah Goykadosh  
    *Assistant Corporation Counsel*  
    Special Federal Litigation Division

cc: Nick Brustin, Esq.  
    Emma Freudenberger, Esq.  
    Len Kamdang, Esq.  
    Rick Sawyer, Esq.  
    Neufeld, Scheck, & Brustin, LLP  
    *Attorneys for Plaintiff*