

**Neufeld Scheck & Brustin, LLP**

Tel: [212] 965-9081  
Fax: [212] 965-9084

99 Hudson Street, 8th Floor  
New York, New York 10013  
nsbcivilrights.com

June 20, 2019

Hon. Lorna G. Schofield  
United States District Judge  
Southern District of New York  
Thurgood Marshall United States Courthouse  
40 Foley Square  
New York, NY 10007

<u>Re: 18-cv-4023, *Rosario v. City of New York*</u>

Dear Judge Schofield:

Plaintiff writes to offer supplemental authority in further support of his opposition to the pending motion for judgment on the pleadings. *See* D.E. 78 at 9–13. In the attached opinion and order, the Supreme Court reversed *McDonough v. Smith*, 898 F.3d 259 (2d Cir. 2018), a case Defendants relied upon extensively in their motion. *See* D.E. 63 at 8–12.

In reversing the Second Circuit's erroneous accrual analysis, the Supreme Court reiterated longstanding precedent holding that the statute of limitations does not begin running on § 1983 wrongful conviction claims—like Plaintiff's fabrication-of-evidence and *Brady* claims—until the conviction has been "invalidated" within the meaning of *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). *See* Ex. 1 (*McDonough* slip op.) at 8, 9, 11 (holding that evidence fabrication claims do not accrue until "the criminal proceeding has ended in the defendant's favor, or a resulting conviction has been invalidated"). Applying that logic here, Plaintiff's wrongful conviction claims did not accrue under *Heck* (and now *McDonough*), until, at the earliest, his conviction was vacated. *Id.* at 9; *Heck*, 512 U.S. at 486–87. Plaintiff's claims, therefore, were timely, and the Court should reject Defendants' statute of limitations arguments.

Respectfully,

/s/ Richard Sawyer

Richard Sawyer  
*Attorney for Plaintiff*  
*Richard Rosario*

**CC: All counsel (*Via ECF*)**