

**Neufeld Scheck & Brustin, LLP**

Tel: [212] 965-9081  
Fax: [212] 965-9084

99 Hudson Street, 8th Floor  
New York, New York 10013  
nsbcivilrights.com

July 17, 2019

Hon. Lorna G. Schofield  
United States District Judge  
Southern District of New York  
Thurgood Marshall United States Courthouse  
40 Foley Square  
New York, NY 10007

      Re: 18-cv-4023, *Rosario v. City of New York*

Dear Judge Schofield:

    Plaintiff writes in response to Defendants' request to allow their rebuttal expert to conduct an unlimited neuropsychological examination of Plaintiff. *See* D.E. 127. While Plaintiff does not oppose a limited neuropsychological examination, we respectfully request that the Court order the rebuttal examination to be limited to the areas of neuropsychological functioning examined by Plaintiff's affirmative expert.

    Plaintiff Richard Rosario spent 20 years wrongfully incarcerated for a brutal murder he did not commit. Mr. Rosario was over 1,000 miles away when the murder was carried out, and multiple witnesses have now testified that defendant NYPD officers used suggestive procedures, including showing witnesses single photographs of Mr. Rosario, to obtain the false identifications that led to his wrongful conviction. As a part of his damages case, Mr. Rosario will prove that he suffered severe physical, psychological, and neurological trauma—including traumatic brain injury—during his years of wrongful incarceration.

    In our expert disclosures, Plaintiff provided a report from a consulting neuropsychologist opining that Mr. Rosario suffers brain impairment caused primarily by repeated head injury sustained during his wrongful incarceration. As we disclosed to Defendants, the neuropsychological testing was limited to a specified set of tests designed to detect brain injury. Plaintiff's testifying expert similarly conducted a battery of tests to diagnose possible brain injury, and he described those tests in detail in his expert report. Defendants, who knew that Plaintiff intends to seek damages for his trauma while incarcerated, chose not to retain an affirmative psychological expert.

    One week after Plaintiff agreed to submit to a three-hour independent medical examination (IME) by a rebuttal psychiatrist, Defendants sought consent for a *second*, eight-to-ten-hour IME by a neuropsychologist. Defendants did not explain why they had not mentioned this second IME during negotiations over the first IME and refused to specify the scope of the second examination. To avoid motion practice, Plaintiff sought a stipulation that the examination would be limited to the issues identified in Plaintiff's expert reports. Defendants refused to enter into that stipulation or to further describe the scope of the testing to be done—a requirement for obtaining an IME under Rule 35. *See* Fed. R. Civ. P. 35(a)(2)(B) (requiring "scope of the examination" to be specified).

As Defendants concede, "the scope of an [IME] cannot be unlimited," D.E. at 2, and Plaintiff requests an order placing reasonable limitations on the scope of Defendants' IME. Because Defendants opted not to retain an affirmative psychological expert, their IME should be limited to exploring the same issues examined by Plaintiff's experts—specifically, Mr. Rosario's neuropsychological impairments caused by brain injury. Testing to identify other psychological or neurological disorders should be prohibited as beyond the scope of rebuttal.[1]

Respectfully,

/s/ Richard Sawyer

Richard Sawyer
*Attorney for Plaintiff*
*Richard Rosario*

**CC: All counsel (*Via ECF*)**

---

[1] For example, Plaintiff would object to any effort by Defendants to misuse their rebuttal expert by conducting personality testing or other examinations to gain ammunition for attacking Mr. Rosario's character. Additionally, Defendants' rebuttal neuropsychologist, DeAnsin Parker, is a Jungian psychoanalyst who claims expertise in "guided visualization and hypnosis." *See* https://www.mountsinai.org/profiles/deansin-g-parker. Plaintiff obviously objects to any use of hypnosis during an IME.