

**JAMES E. JOHNSON**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**BRACHAH GOYKADOSH**
*Senior Counsel*
bgoykado@law.nyc.gov
Phone: (212) 356-3523
Fax: (212) 356-1148

April 17, 2020

**By ECF**
Honorable Lorna G. Schofield
United States District Judge
United States District Court
Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square
New York, New York 10007

      Re:    *Richard Rosario v. City of New York, et al.*, 18 Civ. 4023 (LGS)

Your Honor:

      I am a Senior Counsel in the Office of James E. Johnson, Corporation Counsel of the City of New York, and the attorney assigned to the defense in the above-referenced matter. I write to respectfully provide the Court with four clarifications regarding defendants' motion for summary judgment, which was fully-briefed on April 8, 2020. ECF Nos. 166, 169, 175, 183.

      First, in defendants' letter dated April 8, 2020, defendants wrote in a footnote: "[u]pon information and belief, on February 21, 2020, plaintiff provided the Court with the full deposition transcripts for many witnesses and some (but not all) of the pre-trial and criminal trial transcripts that both parties relied upon in their motion papers." ECF No. 184. The undersigned believed this to be true based on a letter that plaintiff's counsel delivered to her office. (*See* Letter annexed hereto as Exhibit A.) Since then, plaintiff's counsel has informed defense counsel that this is not accurate and has directed defense counsel's attention to a letter sent by mail to her specifying that a CD-ROM marked "Chambers Copy" was being sent to her to forward to the Court. (*See* Letter annexed hereto as Exhibit B.) Defendants apologize for this misunderstanding: as the undersigned is currently working remotely due to the COVID-19 pandemic; she does not have access to her hard file and these CD-ROMs; nor was the second letter saved electronically. But as stated in defendants' letter dated April 8, 2020, defendants will not deliver any courtesy copies consistent with the Court's Emergency Rules, but can do so when the pandemic and any associated risks subside.

Second, on April 14, 2020, plaintiff informed defendants that plaintiff's eyewitness expert had included a rider to her expert report, signing it under penalty of perjury. (*See* Rider annexed hereto as Exhibit C). This rider was not provided during discovery. This rider was not filed as part of plaintiff's opposition. *See* ECF No. 177-30. Instead, according to plaintiff, this rider was on the last page of full version of Dysart's report as produced on a CD-ROM on February 21, 2020 to defendants, with the rest of plaintiff's exhibits. As the undersigned has been working remotely since mid-March 2020 due to the COVID-19 pandemic, she did not have access to this CD-ROM or its contents (or any of the documents in her hard file) when working on the reply. Instead, defendants relied upon what was produced during expert discovery and what was filed on ECF, not expecting that plaintiff would include new documents in exhibits. According to plaintiff this rider was not brought to the defense's attention earlier because his expert was not required to sign an expert report under penalty of perjury (citing to FED. R. CIV. P. 26(a)(2)(B)); he is not restricted on summary judgment to submitting evidence in a form that would be admissible at trial; and he only filed relevant exhibit excerpts on ECF.

To the extent the Court considers the issue of the admissibility of the expert report cured as one District Court did in *New Old Music Grp., Inc. v. Gottwald*, 122 F. Supp. 3d 78, 86 n.5 (S.D.N.Y. 2015), defendants respectfully request leave to file their *Daubert* motion to preclude Dr. Dysart's expert opinion now as opposed to later. *See* ECF No. 163. As plaintiff relied on this expert's opinion in opposing summary judgment and as this opinion does not meet the standards pursuant to *Daubert* and Rule 702, the Court should not consider Dysart's opinion at summary judgment (and it should be precluded at trial too). *See* ECF Nos. 117, 183 at 21. At this juncture, defendants should be permitted to file their *Daubert* motion for the Court's consideration in conjunction with their motion for summary judgment. As the undersigned has a number of other motions due during the first week of May 2020, defendants respectfully request that the Court set a briefing schedule for this *Daubert* motion with defendants' moving papers due during the first week of June 2020.[1]

Third, in defendants' reply, defendants stated that plaintiff's motion to unseal the grand jury minutes had been denied. *See* ECF No. 183 at 12. In fact, the state court has not yet ruled on this motion. After conferring with plaintiff's counsel, defense counsel learned that plaintiff subpoenaed the Bronx County District Attorney's Office on August 22, 2018 and that on October 15, 2018, the Bronx County District Attorney's Office declined to produce the grand jury minutes without a court order. On October 24, 2018, plaintiff moved to unseal the grand jury minutes and on November 13, 2018, the Bronx County District Attorney's Office opposed that motion. The motion to unseal is currently pending before Judge Robert Torres and plaintiff cannot anticipate when it will be adjudicated. But the fact remains that the grand jury minutes are not part of the instant record before the Court on summary judgment and the presumption of probable cause still remains. Defendants rely upon all of the arguments in their moving papers and reply for why the indictment creates a presumption of probable cause.

Fourth and finally, in their response to ¶ 23 of plaintiff's additional statements of material facts, defendants denied any statement that relied on inadmissible evidence such as the Sawyer

---

[1] Defendants also intend to move to preclude the expert opinion of plaintiff's psychological expert. Should it please the Court, that motion can be made in advance of trial with the pre-trial submissions, as it does not bear on the motion for summary judgment.

Declaration.  ECF No. 182 at 12.  Since then, plaintiff has inquired if defendants' position is that defendants do not deny as a factual matter that the four photographs described in ¶ 23 were the only loose photographs found in the file and dispute that fact based only on defendants' legal argument (which plaintiff believes to be erroneous[2]) that ¶ 23 is not supported by admissible evidence.  As the attorney assigned to this matter, the undersigned does not deny that when the homicide file was reviewed in December 2018, the four photos in plaintiff's Exhibit 9 were within it; nor does defense counsel dispute the authenticity of the homicide file as reviewed in December 2018.  *See* ECF No. 177-9.  But attorneys for parties are not witnesses to this action and plaintiff did not cite to admissible evidence.  *See* ECF No. 183 at 18; Def. Reply at Points IV and V.B.  Moreover, that these photos were within the homicide file when reviewed in 2018 does not create a material issue of disputed fact necessary to defeat summary judgment.

Therefore, defendants respectfully inform the Court that: (1) plaintiff has not provided a CD-ROM with transcripts directly to the Court; defendants will provide any courtesy copies to the Court when the pandemic and risks subside; (2) plaintiff provided a rider from Dr. Dysart swearing to the contents of her expert report on a CD-ROM;  Defendants request leave to file their *Daubert* motion to preclude Dysart's opinion and respectfully request that the Court set a briefing schedule with defendants' moving papers due in early June 2020; (3) plaintiff's motion in state court to unseal the grand jury minutes is pending; it has not been adjudicated; regardless this does not change any of the arguments in defendants' motion about the presumption of probable cause from the indictment; and (4) defense counsel does not dispute that the four loose photos identified by plaintiff were in the homicide file when reviewed in 2018 or the authenticity of the homicide file.

Thank you for your consideration herein.

          Respectfully submitted,

          Brachah Goykadosh
          *Senior Counsel*
          Special Federal Litigation Division

cc:   Nick Joel Brustin, Esq.
      Emma Kate Freudenberger, Esq.
      Anna Benvenutti Hoffmann, Esq.
      Avinash Nitin Samarth, Esq.
      Richard W. Sawyer, Esq.
      Neufeld, Scheck, & Brustin, LLP
      *Attorneys for Plaintiff*

---

[2] Plaintiff is not entitled to a sur-reply.