**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RICHARD ROSARIO,<br><br>　　　　　　Plaintiff,<br><br>　-against-<br><br>THE CITY OF NEW YORK, *et al.*,<br><br>　　　　　　Defendants. | 18-cv-4023 (LGS) |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE RELATING TO PLAINTIFF'S CRIMINAL DEFENSE COUNSEL'S EFFECTIVENESS**

Plaintiff Richard Rosario spent nearly 20 years wrongfully convicted and incarcerated for a 1996 a murder he did not commit. He brings this action to hold accountable the NYPD detectives who caused his wrongful conviction. Defendants may try to introduce evidence at trial to support a contention that Rosario's defense attorney at his underlying criminal trial was ineffective, and therefore that attorney bears either full or partial responsibility for Rosario's wrongful conviction. Because any such evidence is irrelevant to this case and would serve only to invite juror confusion and prejudice Plaintiff, this Court should issue an order excluding any evidence of Rosario's trial attorney's effectiveness. For the same reasons, Plaintiff requests that this Court also limit the evidence regarding the vacatur of Rosario's conviction to exclude evidence that the stated basis for that vacatur was ineffective assistance of counsel.

Evidence of Rosario's defense attorney's effectiveness should be excluded because it has no bearing on Defendants' liability, and is therefore irrelevant, *see* Fed. R. Evid. 401; *United States v. Kaplan*, 490 F.3d 110, 121 (2d Cir. 2007). Because § 1983 claims are tort claims, defendants in § 1983 actions are "responsible for the natural consequences of their actions," that is, they are subject to liability when their conduct is the cause of the injury. *Higazy v. Templeton*, 505 F.3d 161, 175 (2d Cir. 2007) (internal quotation omitted). The causal chain between a defendant's misconduct and the plaintiff's injury can be broken—and therefore the defendant shielded from liability—if there is a "superseding cause[]" that breaks the chain of proximate cause. *Id.*; *see also Zahrey v. Coffey*, 221 F.3d 342, 351 n.7 (2d Cir. 2000) (internal citation omitted).

However, the § 1983 defendant cannot avoid liability by pointing to an intervening cause when either of two conditions are met. First, the causal chain is not broken when a tortfeasor "deceived the subsequent decision maker." *Higazy*, 505 F.3d at 177 (citing *Townes v. New York*,

1

176 F.3d 138, 147 (2d Cir. 1999)). Second, and more generally, the chain of causation is also not broken when the intervening act was "reasonably foreseeable" to the initial tortfeasor. *Id.*; *accord Richardson v. Pratcher*, 48 F.Supp.3d 651, 671 (S.D.N.Y. 2014) ("[A] reasonably foreseeable independent decision that harms the victim does not break the chain of causation."). Applied to civil rights claims that law enforcement officers committed misconduct, this rule means that "the chain of causation need not be considered broken if [the officer]…could 'reasonably foresee that his misconduct would contribute to an 'independent' decision that results in a deprivation of liberty.'" *Higazy*, 505 F.3d at 177 (quoting *Zahrey*, 221 F.3d at 352) (internal modification omitted).

As a matter of law, both of these conditions are met here. First, for Rosario to prevail at trial, he must prove either his fabrication or his *Brady* claims (or both). Proving either claim will require proving that Defendants misled subsequent decisionmakers—the prosecutor, the trial court, and the jury—by concealing evidence and/or presenting false, fabricated evidence.[1] Any suggestion that Rosario's defense attorney's effectiveness may have broken the causal chain would only be relevant once that causal chain has been established—and thus once Rosario has necessarily proven that Defendants "deceived the subsequent decisionmaker," *Higazy*, 505 F.3d at 177—because, until he does so, there will be no causal chain to break. And, because an intervening cause cannot break the causal chain when a police officer has "deceived a subsequent decisionmaker," once Rosario has proven either or both of his fabrication and *Brady* claims, it will be true, as a matter of law, that Rosario's trial counsel's effectiveness can have no bearing

---

[1] In fact, in order for Plaintiff to prove his fabrication or *Brady* claims, he necessarily must prove Defendants acted intentionally—or at least with deliberate indifference to Plaintiff's constitutional rights—in engaging in that misconduct. *Cf. Bellamy v. City of New York*, 914 F.3d 727, 751 n.23 (2d Cir. 2019); *Darnell v. Pineiro*, 849 F.3d 17, 36 n.16 (2d Cir. 2017). For those acts to meet that standard, Defendants must have intended or been indifferent to the risk that Rosario would be wrongfully convicted because of their misconduct, and thus Defendants necessarily foresaw that risk. Rosario's wrongful conviction due to Defendants' misconduct was thus definitionally foreseeable to Defendants. *See Higazy*, 505 F.3d at 177.

2

on causation. *See id.* Any evidence of that attorney's effectiveness is thus irrelevant to causation. *See id.*; *Rodriguez v. City of Houston*, No. 06-cv-2650, 2009 WL 10679669, at *20 (S.D. Tex. June 8, 2009) ("[T]he City's assertion of [ineffective assistance of counsel] cannot shield the City for policies or customs that are found to have been the moving force behind a violation of Plaintiff's constitutional right."); *Cameron v. City of New York*, 598 F.3d 50, 63–64 (2d Cir. 2010); *Limone v. United States*, 497 F. Supp. 2d 143, 219 (D. Mass. 2007), *aff'd on other grounds,* 579 F.3d 79 (1st Cir. 2009); *Amado v. Gonzalez*, 758 F.3d 1119, 1135 (9th Cir. 2014).

Second, even if Rosario's trial attorney were ineffective, that ineffectiveness would not break the causal chain because it would have been foreseeable to Defendants that Rosario's trial counsel might be ineffective—particularly as that attorney was hamstrung by Defendants' misconduct. Any ineffectiveness on the part of Rosario's trial lawyer, thus, would have been "reasonably foreseeable" to Defendants, and would not break the causal chain. *See Higazy*, 505 F.3d at 177; *Walsh v. City of New York*, 742 F. App'x 557, 562 (2d Cir. 2018) ("The chain of causation…need not be considered broken if a defendant government agent...could reasonably foresee that his misconduct would contribute to an independent decision that results in a deprivation of liberty." (quoting *Cameron*, 598 F.3d at 63–64 (cleaned up)).

In addition, even if Rosario's trial counsel could share in the liability for Rosario's wrongful conviction, that would not alter Defendants' liability. In § 1983 actions, "[i]ntentional tortfeasors, such as the officers here, are jointly and severally liable for the damages they cause…" *Rodick v. City of Schenectady*, 1 F.3d 1341, 1348 (2d Cir. 1993). "If the tortfeasors are jointly and severally liable, one tortfeasor is not relieved from liability simply because the other tortfeasor also committed liability-causing actions, nor are the damages against either tortfeasor diminished to his or her proportion of fault." *Manganiello v. Agostini*, 2009 WL 151724 *2, No.

3

07-cv-3644 (HB) (S.D.N.Y. 2009). Similarly, "a defendant has no right to contribution from another for any damages that he incurs under Section[] 1983…" *Greene v. City of New York*, 2010 WL 1936224 (E.D.N.Y. 2010); *accord Crews v. County of Nassau*, 612 F.Supp.2d 199 (E.D.N.Y. 2009) (rejecting "as a matter of law" defendants' argument in § 1983 action for contribution against plaintiff's criminal trial defense attorney); *see also* Restatement (Second) of Torts § 879 (1979). In consequence, even if Rosario's trial attorney were ineffective, it would not affect any question before the jury: Defendants are still liable for the full damages they inflicted on Rosario. Because it is irrelevant, Defendants should be precluded from introducing evidence of Rosario's criminal defense attorney's effectiveness pursuant to Rules 401 and 402.

Not only is any evidence of Rosario's trial counsel's effectiveness irrelevant, it would also seriously risk confusing the jury and prejudicing Plaintiff by inviting jurors to focus on steps Rosario could have taken to combat Defendants' misconduct, rather than on the misconduct itself. Even were evidence of Rosario's criminal defense attorney's effectiveness relevant, then, this Court should exclude it. *See* Fed. R. Evid. 403.

Further, and relatedly, the Court should prevent Defendants from introducing evidence that the stated basis for the vacatur of Plaintiff's conviction was ineffective assistance of counsel. In 2016, following its reinvestigation of Rosario's conviction, the Bronx County District Attorney's Office consented to vacatur of Rosario's conviction. Dkt No. 177-36. The stated basis for that conclusion was ineffective assistance of counsel. The Court vacated Rosario's conviction, stating that he "did not receive effective assistance of counsel in this case." Ex. 1, Decision and Order.

As explained above, allegations that Rosario's trial counsel was ineffective are irrelevant. It is thus irrelevant to this case that the vacatur's stated basis was ineffective assistance of

4

counsel, and informing the jury of the stated basis for the vacatur is not probative of any issue in this action. *Cf. Echavarria v. Roach*, No. 16-CV-11118-ADB, 2017 WL 3928270, at *5 (D. Mass. Sept. 7, 2017) (rejecting City's argument that the fact that plaintiff's conviction was set aside on the basis of ineffective assistance of counsel meant that the City's policies had not caused his conviction). Moreover, as with evidence of Rosario's defense attorney's effectiveness generally, if Defendants are permitted to introduce evidence that the stated basis for Rosario's vacatur was ineffective assistance of counsel, it will invite the jury to focus on the steps Rosario could have taken to prevent his wrongful conviction, rather than on Defendants' misconduct.

To be sure, while the stated basis for the vacatur is irrelevant and invites juror confusion,[2] the *fact* of the vacatur and of the dismissal of charges against Rosario is relevant to this case because they bear on a key fact: that Rosario's criminal conviction has been vacated and a new prosecution was not initiated. The Court, therefore, should prevent Defendants from introducing evidence that the stated basis for Rosario's vacatur was ineffective assistance of counsel, but permit the parties to introduce evidence of the fact of the vacatur and of the dismissal.

Dated: June 24, 2021

Respectfully submitted,

/s/ Emma Freudenberger
Nick Brustin
nick@nsbcivilrights.com
Emma Freudenberger
emma@nsbcivilrights.com
Anna Benvenutti Hoffmann
anna@nsbcivilrights.com
Katherine Haas
katiehaas@nsbcivilrights.com
NEUFELD SCHECK & BRUSTIN, LLP
99 Hudson Street, 8th Floor

---

[2] Because Plaintiff believes that favorable termination is established as a matter of law, Plaintiff does not believe the basis for the vacatur must be introduced to establish that point. However, if there is a dispute for the jury on this issue, Plaintiff may need to introduce additional evidence related to the basis for the vacatur/dismissal.

5

New York, New York 10013
(212) 965-9081

*Attorneys for Plaintiff Richard Rosario*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system, which will send notification of such filing to registered users of record, and that the Court's electronic records show that each party to this action is represented by at least one registered user of record.

Dated: June 24, 2021

Respectfully submitted,

/s/ Kayla Jessup
*Paralegal, Neufeld Scheck & Brustin, LLP*