UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

RICHARD ROSARIO,

        Plaintiff,

  -against-

THE CITY OF NEW YORK, *et al.*,

        Defendants.

18-cv-4023 (LGS)

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S
MOTION *IN LIMINE* TO EXCLUDE PURPORTED
HEARSAY STATEMENT BY JASON LEBRON**

## I. Introduction

Plaintiff respectfully seeks an order excluding any evidence regarding a false statement of dubious origin that third-party witnesses Michael Sanchez and Michael Townsend claim was allegedly made approximately twenty years ago by Richard Rosario to a man named Jason Lebron. Both Townsend and Sanchez have at times falsely claimed that they were told Richard Rosario had admitted to Lebron that he killed Jorge Collazo. No such statement was ever recorded, documented, or introduced during any of the criminal proceedings against Mr. Rosario, and Jason Lebron is now deceased. The overwhelming evidence indicates that the purported statement never occurred. Regardless, any such statement would be inadmissible hearsay, and no exception would apply. And the prejudice to Mr. Rosario and the confusion that would arise from admitting any purported admission into evidence are enormous, while the probative value of the uncorroborated third-hand story is virtually nil. Therefore, any testimony on this matter must be excluded.

## II. Legal Standard

A hearsay statement is one that a declarant does not make in court, offered to prove the truth of the matter asserted in the statement. Fed. R. Evid. 801(c). Hearsay is generally inadmissible, unless a specific exception applies. Fed. R. Evid. 802. This rule serves to protect against "four classes of risk peculiar to [hearsay] evidence: those of (1) insincerity, (2) faulty perception, (3), faulty memory and (4) faulty narration." *Schering Corp. v. Pfizer, Inc.,* 189 F.3d 218, 232 (2d Cir. 1999). When a statement involves multiple levels of hearsay, an exception must apply to all levels in order for the statement to be admissible. *See* Fed. R. Evid. 805*; United States v. Cummings*, 858 F.3d 763, 773–74 (2d Cir. 2017) (evaluating "potential double hearsay

problem" and excluding evidence because second statement was inadmissible hearsay, even though first was not).

## III. Argument

If Defendants attempt to elicit any reference to a supposedly inculpatory purported admission by Richard Rosario, that testimony must be excluded as hearsay.

During the Bronx District Attorney's reinvestigation, Michael Sanchez was interviewed on April 18, 2016. Statement of Michael Sanchez, Ex. 1, SL1. Sanchez was asked directly whether he had ever heard anyone say they had gotten information from Richard Rosario that he had committed the crime. Sanchez stated, repeatedly, that he had never heard anything like that. *Id.*, SL37. Approximately two months later, an Assistant District Attorney interviewed Michael Townsend, a close friend of Sanchez's, and of the victim's. Notwithstanding Sanchez's crystal clear denial just three months earlier, Townsend reported that approximately twenty years prior, a mutual acquaintance named Jason Lebron had told him and Sanchez that while in jail, Mr. Rosario had talked about killing someone and bragged about it. Statement of Michael Townsend, Ex. 2, SL21–22; SL26. At his deposition in this matter, Michael Sanchez confirmed under oath that he was being honest when he told the District Attorney's Office he had never heard anyone say Mr. Rosario did this crime. Sanchez Dep., Ex. 3, 200:25-201:8. Sanchez then confirmed under oath at his deposition that he never heard anybody say Mr. Rosario committed the crime, and the interaction he witnessed on the day of the shooting is his only basis for believing Mr. Rosario is the perpetrator:

> Q. All these years you never heard anybody say that Richard did this or they knew Richard did it, correct?
> A. Right.
> Q. The only reason that you know Richard did it is because you claim to have seen him do it?
> A. Correct.

> Q. That's the only basis you have for it, correct?
> A. Correct, the argument that they had.
> Q. Which you saw?
> A. The argument that they had, yeah.
> Q. In 1996?
> A. Yes.

Sanchez Dep., Ex. 3, 201:9–202:2.

When shown the statement that Townsend had given to the District Attorney's Office, however, Sanchez then testified for the first time that, in fact, the statement from Lebron had happened. The only reason he could offer for denying any such statement to the District Attorney's Office and again initially at his deposition was that he had interpreted all of the questions as asking only about inculpatory statements from people who knew Rosario well, which Lebron did not. Sanchez Dep., Ex. 3, 205:8-16.

Leaving aside the absurdity of Sanchez's explanation, because Lebron is deceased and not available for trial, any testimony regarding this matter would present a potential double hearsay problem: a report by Sanchez or Townsend of an out-of-court statement made by Lebron regarding an out-of-court statement purportedly made by Rosario. It is abundantly clear that this testimony is not admissible. Even if the jury credited Townsend's testimony and believed Sanchez's nonsensical explanations for why he repeatedly denied ever hearing any such statement until he saw Townsend's report, Lebron's alleged statement was unsworn, made out of court, and does not fall within any hearsay exception. Nor could the residual exception to the hearsay rule apply, as there are no "sufficient guarantees of trustworthiness" to corroborate the statement. Fed. R. Evid. 807. To the contrary, Townsend has described Lebron as a "problem child" and stated that "he was one of those people you couldn't trust. . ." Statement of Michael Townsend, Ex. 2, at SL57-58. If asked, Mr. Rosario would testify that he never made any

3

admission to the crime, because he is innocent, and that in fact Jason Lebron had told him in jail that Michael Sanchez was involved in setting up the crime.

Thus, the requirement that "each part of the combined statements conforms with an exception" to the hearsay rule cannot be met, and any testimony regarding the statements is inadmissible. *See* Fed. R. Evid. 805.

Not only does the hearsay rule bar admission of Mr. Rosario's purported statement for the truth of the matter asserted, but Rule 403 requires that the Court exclude admission of the statement for any purpose. Rule 403 states that "the court may exclude relevant evidence if its probative value is substantially outweighed by a danger of" various risks, including "unfair prejudice, confusing the issues, [and] misleading the jury." Fed. R. Evid. 403. Any mention of a supposed confession by Mr. Rosario would be highly inflammatory to the jury, and could cause them to disregard all of the abundant evidence of Mr. Rosario's innocence, despite the weakness of Sanchez's or Townsend's third-hand report as compared to the direct evidence Mr. Rosario will present of his alibi. Moreover, no instruction that Mr. Rosario's purported statement should not be considered for the truth of the matter would be able to overcome the jury's emotional response to learning of this supposed confession. Indeed, any attempt to instruct the jury on this matter would risk confusing the issues. Given the third-hand nature of any testimony regarding Mr. Rosario's supposed confession and the lack of any meaningful corroboration, the probative value of the evidence is extraordinarily weak. Thus, the evidence cannot pass Rule 403's balancing test, and the Court should bar its admission for any purpose.

**IV.    Conclusion**

For the foregoing reasons, any testimony regarding Jason Lebron's purported statement to Michael Sanchez and Michael Townsend should be excluded.

Dated: June 24, 2021				Respectfully submitted,

				/s/ Emma Freudenberger
				Nick Brustin
				nick@nsbcivilrights.com
				Emma Freudenberger
				emma@nsbcivilrights.com
				Anna Benvenutti Hoffmann
				anna@nsbcivilrights.com
				Katherine Haas
				katiehaas@nsbcivilrights.com
				NEUFELD SCHECK & BRUSTIN, LLP
				99 Hudson Street, 8th Floor
				New York, New York 10013
				(212) 965-9081

				*Attorneys for Plaintiff Richard Rosario*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system, which will send notification of such filing to registered users of record, and that the Court's electronic records show that each party to this action is represented by at least one registered user of record.

Dated: June 24, 2021

Respectfully submitted,

/s/ Kayla Jessup
*Paralegal, Neufeld Scheck & Brustin, LLP*