

Neufeld Scheck & Brustin, LLP

Tel: [212] 965-9081         99 Hudson Street, 8th Floor
Fax: [212] 965-9084         New York, New York 10013
                            nsbcivilrights.com

October 7, 2021

**Via ECF**

Hon. Lorna G. Schofield
United States District Judge Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:    *Rosario v. City of New York, et al,* Case No. 18-cv-4023

Dear Judge Schofield:

Plaintiff writes to request a pre-motion conference regarding his request for leave to conduct trial depositions of several witnesses who may be unable to provide live testimony at trial. These witnesses are not new to this case; indeed, all parties were aware of their relevance throughout the discovery period, which ended on May 17, 2019. However, since that time, unexpected circumstances—including the COVID-19 pandemic—have made it significantly more onerous for these witnesses to travel and provide live testimony in New York at trial. Therefore, Plaintiff requests the Court's leave under Fed. R. Civ. P. 30(a)(2) to conduct a second deposition of these witnesses, for the specific purpose of taking their testimony as it will be presented to the jury at trial.

Plaintiff has conferred with counsel for Defendants regarding this request. Defendants do not consent to the taking of the requested trial depositions. Pursuant to Rule III.A.1 of the Court's Individual Rules and Practices, a separate letter with Defendants' position will follow within 5 days of the filing of this letter.

Courts in this Circuit have recognized a distinction between discovery depositions aimed at finding out what information a witness may have about a case, and trial depositions (or *de bene esse* depositions) aimed at preserving the testimony of a witness for trial who will not be available to testify in person. *See Hanson v. US Airports Air Cargo, LLC*, Civ. No. 3:07CV353, 2008 WL 4426909, at *2 (D. Conn. Sept. 26, 2008) (explaining that "the Federal Court system does recognize a distinction and need for trial depositions subsequent to a discovery deposition."). Indeed, the Second Circuit has noted that two depositions of a single witness may take place for that purpose. *See Manley v. AmBase Corp.*, 337 F.3d 237, 246-7 (2d Cir. 2003) (explaining that a witness was deposed "once as part of the discovery process and again . . . when it appeared that the eighty-year old California resident would not travel to New York for trial."). District courts in this Circuit have also permitted such depositions to be conducted after the close of discovery, without modification of the discovery schedule. *See RLS Associates, LLC*

1

*v. United Bank of Kuwait PLC*, No. 01 Civ. 1290, 2005 WL 578917, at *5-8 (S.D.N.Y. Mar. 11, 2005). Nonetheless, should this Court require a showing of good cause to modify the schedule, Plaintiff believes he has met that standard for the reasons set forth below.

<u>Defendant Irwin Silverman</u>

The first witness for whom Plaintiff requests permission to conduct a trial deposition is Defendant Irwin Silverman. Prior to the murder of Jorge Collazo, Defendant Silverman had traveled to Florida to interview Plaintiff Richard Rosario regarding his potential involvement in an unrelated case. Plaintiff intends to demonstrate to the jury that Silverman was the first person to suggest that Mr. Rosario could have been the shooter who killed Collazo, resulting in Mr. Rosario being targeted as a suspect and ultimately wrongfully convicted. In addition, Silverman was present for most of the serious police misconduct alleged in this case. Because Defendant Silverman was the person who first introduced Mr. Rosario's name into the investigation of the Collazo murder, and because he witnessed other Defendants' misconduct, he is a key witness in this case, and Plaintiff must be permitted to present his testimony to the jury in the most effective manner possible under the circumstances.

Plaintiff conducted a discovery deposition of Defendant Silverman on May 9 and May 10, 2019. However, at that time, Plaintiff's counsel had no reason to believe that Defendant Silverman would not be present at trial. The deposition was therefore conducted only for purposes of discovery, and was not "aimed specifically at preparing testimony for trial and presenting that testimony to a jury," *Hanson*, 2008 WL 4426909, at *2, as the requested trial deposition would be.

Since that time, Defendants' counsel has informed Plaintiff that Mr. Silverman will not be able to testify at trial. Although Plaintiff has requested further information, Defendants' counsel has declined to provide it. Due to this new information, which was received well after the close of the fact discovery period in this case, Plaintiff should be permitted to conduct a second deposition of Mr. Silverman, specifically aimed at preserving his testimony to present to the jury at trial.

<u>Third-Party Witnesses Who Will Testify Regarding Mr. Rosario's Whereabouts in Florida</u>

Richard Rosario is innocent of the murder of Jorge Collazo, and plans to demonstrate that to the jury through the testimony of multiple witnesses who remember his presence in Florida on and in the days around the murder, which took place in New York City. This testimony is key to Mr. Rosario's case: Defendants have made clear they intend to challenge Mr. Rosario's claim of innocence and argue that the reason witnesses identified him was because he was the shooter, not because of police suggestion.

Several witnesses who can testify to Mr. Rosario's whereabouts in Florida during the relevant time period still live there, and some have expressed uncertainty about their willingness to travel to New York for trial given the ongoing COVID-19 pandemic, including witness Fernando Torres, who is in his late seventies. Of course, when fact discovery closed in 2019, prior to the onset of the pandemic, Plaintiff had no way of anticipating that such a concern would

prevent third-party witnesses from giving live testimony at trial. Therefore, although all parties had a fair opportunity to depose these witnesses during the discovery period, Plaintiff's counsel did not choose to depose every witness, and did not question any of them for the purpose of presenting their testimony to the jury. Moreover, because these witnesses live outside the scope of the Court's subpoena power, Plaintiff lacks the ability to compel their physical attendance at trial. *See EEOC v. Beauty Enterprises*, *Inc.*, Civil No. 3:01CV378, 2008 WL 3892203, at *2 (D. Conn. July 9, 2008) ("The Second Circuit also has indicated that *de bene esse* depositions can be taken when a witness is simply outside the subpoena power of the court and cannot be compelled to testify at trial.").

 In particular, at this time Plaintiff requests permission to conduct a trial deposition of Fernando Torres. A discovery deposition of Mr. Torres took place on February 11, 2019, but as explained above, Plaintiff's counsel did not anticipate any reason Mr. Torres would not attend trial, and therefore did not conduct the deposition for purposes of presenting testimony to the jury.

 Depending on the path the pandemic continues to take and the resolution of certain disputes between the parties, Plaintiff may request additional trial depositions of similar witnesses before trial takes place in January 2022. In particular, although Jenine Torres was previously deposed regarding her knowledge of Mr. Rosario's whereabouts in Florida, at that time Plaintiff's counsel was not aware that Defendants' counsel would object to the authenticity of certain records in her possession, and therefore did not question her on that topic. If the parties are unable to reach agreement on that dispute, Plaintiff may request the ability to conduct a trial deposition of Jenine Torres to ensure that the relevant testimony as to authenticity is available for trial.

 For the foregoing reasons, Plaintiff requests that the Court grant him permission to conduct trial depositions of Irwin Silverman and Fernando Torres, or alternatively, schedule a pre-motion conference to consider the matter.

     Sincerely,

     */s Emma Freudenberger*
     Emma Freudenberger

     *Counsel for Plaintiff Richard Rosario*

Cc: all counsel (via ECF)