UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

RICHARD ROSARIO,

                                  Plaintiff,

           -against-

THE CITY OF NEW YORK; GARY WHITAKER; IRWIN
SILVERMAN; CHARLES CRUGER; JOSEPH
FORTUNATO, RICHARD MARTINEZ, EDWARD J.
MONKS,

                                Defendants.

------------------------------------------------------------------------x

**JOINT PROPOSED JURY CHARGE**

18 Civ. 4023 (LGS)

       The parties, by their attorneys, submit the following request to charge in accordance with the Court's Individual Rules and Practices. Where the parties disagree, plaintiff's proposed language has been *italicized* and defendants' proposed language has been **bolded**.[1]

### *Credibility – Police Officer Testimony*

       *You have heard the testimony of people who work or have worked in law enforcement. The testimony of a person who works in law enforcement should be considered by you just as any other evidence in this case, and in evaluating his or her credibility you should use the same guidelines which you apply to the testimony of any witness. You should not give either more or less weight to the testimony of a witness merely because he or she works or has worked in law enforcement.*[2]

---

[1] Plaintiff objects to all language that is bolded, but has also included in footnotes specific objections to some particular instructions. Defendants object to all language that is italicized but have also include specific objections to particular instructions in footnotes.

[2] *See United States v. Lawes*, 292 F.3d 123, 131 (2d Cir. 2002); Fifth Circuit Pattern Civil Jury Instruction 2.15 (2020).

Mr. Richard Rosario, the plaintiff in this case, brings three claims. First, **plaintiff** / *Mr. Rosario*[3] claims that the Defendants in this case, Detective Cruger, Detective Martinez, and Detective Whitaker violated his constitutional right to a fair trial and due process of law. Second, plaintiff claims that defendants Detective Charles Cruger, Detective Richard Martinez, Detective Irwin Silverman and Detective Gary Whitaker failed to intervene to prevent others from violating his constitutional right to a fair trial and due process of law. Third, plaintiff claims that defendants Detective Cruger, Detective Martinez, and Detective Whitaker maliciously prosecuted him*, and that the City of New York is also liable for his malicious prosecution.*[4]

I will now instruct you on the law applicable to each of plaintiff's three claims.

<u>**First Claim: Section 1983 - Denial of Right to a Fair Trial and Due Process of Law**</u>
*Against Defendants Cruger, Martinez, and Whitaker*

*Plaintiff Richard Rosario brings his first claim under a federal statute, § 1983, which protects the civil rights of all people within the United States. Specifically, § 1983 permits an individual to sue a government official who violates his or her constitutional rights. Mr. Rosario claims that while Defendants Whitaker, Cruger, and Martinez were acting as New York City police officers, they deprived him of his rights to a fair trial and to due process of law, as secured by the Constitution of the United States. Defendants deny these claims. I shall refer to claims under this federal civil rights statute as "Section 1983" Claims. (This refers to the section of the statute, not the year 1983).*

---

[3] For the sake of clarity, Plaintiff proposes using the parties' names rather than only the words "plaintiff" or "defendant" to identify them. This proposal applies throughout the entire document, but to make this document more readable, Plaintiff has only noted it here.

[4] Defendants object to the inclusion of this language as it is the subject of a motion *in limine*.

**The Statute, Its Function, and Elements of Claim for Relief**

Plaintiff brings his first claim pursuant to the federal civil rights law, 42 United States Code, Section 1983. Section 1983 provides a remedy for individuals who have been deprived of their federal constitutional rights by someone acting under color of state law.[5]

In order to prevail in this case pursuant to 42 U.S.C. § 1983, plaintiff must prove by a preponderance of the evidence that:

(1)    The defendant's conduct deprived the plaintiff of a right protected by the Constitution of the United States; and

(2)    The defendant's conduct was a proximate cause of the injuries and damages sustained by the plaintiff.

I will explain these elements to you.

*First Element: Deprivation of Constitutional Right*

First, plaintiff must show that he was intentionally or recklessly deprived of a constitutional right by the defendant. Specifically, plaintiff must show, by a preponderance of the evidence, that (a) the defendant committed the act alleged by plaintiff; (b) the alleged act caused the plaintiff to suffer the loss of a constitutional right; and (c) in performing the act alleged, the defendant acted intentionally or recklessly.

*Commission of Alleged Acts*

The first thing for you to determine is whether defendant committed the acts as alleged by plaintiff. If you find that plaintiff has failed to prove by a preponderance of the

---

[5] Plaintiff particularly objects to the inclusion of the phrase "by someone acting under color of state law" in Defendants' proposed instruction. Including the phrase without explanation will only confuse the jury, and there is no dispute that the Defendants in this case acted under color of state law.

evidence that the defendant committed the acts alleged by that plaintiff, you must find in favor of the defendant.

### *Loss of a Constitutional Right*

**If you determine that the defendant committed the acts as alleged by plaintiff, you must next determine whether that act caused plaintiff to suffer the loss of a constitutional right. I will now explain that claim to you.**

As you have heard, plaintiff alleges that defendants violated his constitutional right to a fair trial and due process of law in **two** / *three* ways: (1) first, committing violation of disclosure requirements by deliberately withholding favorable evidence; and (2) second, *fabricating evidence* / **fabricating reports about eyewitness interviews and identification and obtaining identifications through impermissible suggestion**; *and (3) third, using suggestive identification procedures*.[6] **If you determine that a defendant committed the acts as alleged by plaintiff, you must next determine whether that act caused plaintiff to suffer the loss of a constitutional right.**[7] I instruct you that plaintiff need successfully demonstrate only one of these theories to prevail on his Section 1983 claim.

## I. <u>Deliberately Withholding Favorable Evidence</u>

I will first address plaintiff's claim where he says he was denied a fair trial because defendants deliberately withheld certain evidence. *Specifically, Mr. Rosario asserts that Defendants Whitaker, Cruger, and Martinez deliberately withheld favorable evidence, including: (1) evidence of the unreliability of the identification made by witness Davis; (2) evidence of the*

---

[6] *Rosario v. City of New York*, No. 18 Civ. 4023 (LGS), 2021 U.S. Dist. LEXIS 10465, at *13-14 (S.D.N.Y. Jan. 20, 2021.)

[7] Plaintiff objects that this sentence is an incorrect statement of the law. The jury need not make any separate determination that a constitutional violation took place. The elements the jury must find for each type of violation alleged are laid out clearly below.

unreliability of the identification made by witness Sanchez; (3) the existence of a photo identification procedure in which witness Torres failed to identify Mr. Rosario; and/or (4) a statement by witness Torres that she heard the perpetrator say, "Hey George, this is for you." [8]

The Constitution requires police officers to disclose to the prosecutor any evidence in their possession that is both (1) favorable and (2) material to the defense.[9] If police officers fail to do this, they may be held liable under Section 1983.[10] The government has an affirmative duty to disclose favorable evidence known to it, even if no specific request is made by the defense attorney.[11] However, evidence is not withheld if the criminal defendant or his attorney knew or should have known of the essential facts permitting him to take advantage of that evidence.[12] *A prosecutor's decision to present the case to a grand jury and proceed to trial is not a defense to claims that defendants misled the prosecutor by withholding evidence.*[13] [14]

---

[8] Defendants object to the inclusion of this summary as it is more appropriate for an attorney's summation, and not an assessment of the law to be read by the Court.

[9] *Brady v. Maryland*, 373 U.S. 83, 87 (1963); *Bermudez v. City of New York*, 790 F.3d 368, 376 n.4 (2d Cir. 2015) ("Police officers can be held liable for *Brady* due process violations under § 1983 if they withhold exculpatory evidence from prosecutors.")

[10] *Bellamy v. City of New York*, 914 F.3d 727, 751 (2d Cir. 2019) (When police officers withhold exculpatory or impeaching evidence from prosecutors, they may be held liable under § 1983 for violating the disclosure requirements of *Brady v. Maryland* . . .).

[11] *United States v. Payne*, 63 F.3d 1200, 1208 (2d Cir. 1995) ("Under *Brady* and its progeny, the government has an affirmative duty to disclose favorable evidence known to it, even if no specific disclosure request is made by the defense.")

[12] *Payne*, 63 F.3d at 1203; *see also Leka v. Portundo*, 257 F.3d 89, 100 (2d Cir. 2001).

[13] *See Higazy v. Templeton*, 505 F.3d 161, 177 (2d Cir. 2007) (Explaining that defendants in constitutional torts actions "may be liable for consequences caused by reasonably foreseeable intervening forces" and that "the chain of causation need not be considered broken if [Defendant] deceived the subsequent decision maker.")

[14] This sentence does not accurately reflect the law in *Higazy.* To the extent the Court believes the prior sentence should be included, it should track the Second Circuit's language and read: "If you believe that defendants intentionally deceived the prosecutor, then despite a prosecutor's decision to pursue a case, defendants may still be liable."

To establish that defendants have violated this constitutional requirement, plaintiff must prove three things by a preponderance of the evidence.[15]

First, plaintiff must prove that the defendants were aware of information that was favorable to plaintiff. Information is favorable to plaintiff if it could be considered either exculpatory or impeachment evidence. Evidence is "exculpatory" if it would have tended to undermine the evidence of guilt or show innocence. *An example of exculpatory evidence is evidence tending to show that someone other than the accused committed the crime*.[16] Evidence is "impeachment" evidence if it calls into question the reliability or credibility of a prosecution witness.[17] *An example of impeachment evidence is evidence tending to show that a witness lied or engaged in misconduct*.[18]

Second, plaintiff must prove that the defendants deliberately withheld the **material**[19] information from the prosecutor.[20] *You need not find that every piece of evidence plaintiff claims was withheld was in fact withheld for this element to be satisfied, so long as you find that some*

---

[15] *Fappiano v. City of New York*, 640 F. App'x 115, 118 (2d Cir. 2016).

[16] *DiSimone v. Phillips*, 461 F.3d 181, 195 (2d. Cir. 2006) ("[E]vidence that another person had confessed to the stabbing was unmistakably exculpatory"); *Mendez v. Artuz*, No. 98 Civ. 2652 (LMM) (AJP), 2000 WL 722613, *13 (S.D.N.Y. June 6, 2000) (collecting cases).

[17] *United States v. Bagley*, 473 U.S. 667, 676 (1985) (Impeachment evidence . . . falls within the *Brady* rule"); *Friedman v. Rehal*, 618 F.3d 142, 153-54 (2d. Cir. 2010) (referring to the "general understanding of impeachment evidence" as "evidence that is offered to discredit a witness [and] explain[] why the jury should not put faith in her or his testimony) (cleaned up)).

[18] *United States v. Schwab*, 886 F.2d 509, 511 (2d Cir. 1989) ("misconduct may be relevant to impeachment of a witness").

[19] Plaintiff objects to the inclusion of the word "material" here as redundant because it is duplicative of the third element, which clearly states that the information must be material.

[20] *Bellamy*, 914 F.3d at 751; *Walker v. City of New York*, 974 F.2d 293, 299 (2d Cir. 1992).

*favorable evidence was deliberately withheld.* Defendants may be liable under this theory only when they commit such violations intentionally.[21]

*Third,* Mr. Rosario must prove that the favorable information deliberately withheld was *material.* / **Third, plaintiff must prove that prejudice resulted from the suppression of the evidence.**[22] [23] **To prove prejudice, plaintiff must show that the favorable information deliberately withheld was material.** Evidence is "material" if there is a reasonable likelihood that if the evidence had been disclosed, it would have affected the outcome of the criminal trial.[24] Evidence need not definitely prove innocence to be material, but *rather must undermine confidence in the outcome of the trial* / **but rather what would have been proven absent the violation.**[25] **Plaintiff must show that if the evidence had been disclosed the outcome of his criminal trial would be different; he would have been acquitted based on reasonable doubt**

---

[21] *Tankleff v. Cty. of Suffolk*, No. 09-CV-1207(JS)(AYS), 2017 U.S. Dist. LEXIS 97472, at *77 (E.D.N.Y. June 23, 2017) (citing *Fappiano v. City of New York*, 640 F. App'x 115, 118 (2d Cir. 2016)).

[22] *Fappiano v. City of New York*, 640 F. App'x 115, 118 (2d Cir. 2016) (quoting *United States v. Riva*s, 377 F.3d 195, 199 (2d Cir. 2004).

[23] Plaintiff objects that the introduction of the word "prejudice" here, in addition to the word "material," is confusing and misleading.

[24] *United States v. Rivas*, 377 F.3d 195, 199 (2d Cir. 2005) (citing *Bagley*, 473 U.S. at 682).

[25] *Poventud v. City of New York*, 750 F.3d 121, 134 (2d Cir. 2019) ("materiality does not depend on factual innocence, but rather what would have been proven absent the violation"); *see also Kyles v. Whitley*, 514 U.S. 419, 435 (1995) (materiality requirement met where "the favorable evidence could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict").

**or convicted on a lesser charge.** [26] [27] When considering whether suppressed evidence is material, you should consider the effect of all suppressed evidence collectively, not piece by piece.[28]

**Finally, I instruct you that although police officers cannot suppress exculpatory evidence, the police do not have a constitutional duty to generate exculpatory evidence.**[29] [30]

## II.  Fabricating Evidence

Under the Constitution, every person has the right to a fair trial.  In this case, plaintiff alleges that he was deprived of his right to a fair trial because defendants fabricated evidence against him.

*For example, Plaintiff contends that Defendants fabricated false statements in police reports, including statements that: (1) witness Davis made his initial identification of Mr. Rosario from hundreds of photos in a mugshot book, rather than two or three photos; (2) a photocopy of a mugshot book page was a copy of the page from which witnesses Davis, Sanchez, and Diaz selected Mr. Rosario's photo; (3) witness Sanchez identified Mr. Rosario first, rather than hours after witness Davis made his identification; (4) witness Sanchez identified Mr. Rosario from the same mugshot book as witness Davis, rather than from loose photos; (5) witness Sanchez gave a detailed description of the perpetrator including the perpetrator's hairstyle, rather than saying the*

---

[26] *Bellamy*, 914 F.3d at 751 (*quoting Poventud,* 750 F.3d at 134-35).

[27] Plaintiff objects to this sentence as an incorrect statement of the law. Plaintiff need not prove definitively that the outcome would have been different, but rather that there is a reasonable probability the outcome would have been different. *See Bellamy*, 914 F.3d at 751 ("the claimant must demonstrate a reasonable probability that, had the evidence been disclosed, the result of the proceeding would have been different" (internal quotation marks omitted)).

[28] *Kyles v. Whitley*, 514 U.S. 419, 436 (1995).

[29] *Fappiano v. City of New York*, 640 F. App'x 115, 120 (2d Cir. 2016) (citing *Arizona v. Youngblood*, 488 U.S. 51, 59, 109 S. Ct. 333, 102 L. Ed. 2d 281 (1988)).

[30] Plaintiff objects that this instruction is irrelevant to the facts of this case, and in this context likely to mislead the jury.

*perpetrator wore a hat; and (6) witness Torres did not witness the shooting. Plaintiff additionally contends that Defendants omitted a statement from witness Torres in their reports indicating that the perpetrator had said "Hey George, this is for you," as well as the existence of an identification procedure in which witness Torres failed to identify Mr. Rosario. You need not find that Defendants fabricated all of this evidence for Mr. Rosario to prevail on this claim, so long as you find that Defendants fabricated some evidence.*

To prove a violation of this right, plaintiff must prove, by a preponderance of the evidence, each of the following elements: (1) defendants **fabricated material**[31] **evidence**[32] / *deliberately created or made up false information*, (2) the **evidence** / *false information* was likely to influence a jury's **verdict** / *decision* ; (3) defendants **forwarded the evidence** / *passed the false information* to prosecutor,[33] (4) **plaintiff suffered a deprivation of liberty as a result** / *as a result of this false information, plaintiff was deprived of his liberty*.[34] **If you find that plaintiff has failed to prove any of these elements, then you must find in favor of the defendants.**[35]

---

[31] Plaintiff particularly objects to the use of the word "material" here as duplicative of the second element.

[32] *Garnett v. Undercover Officer C0039*, 838 F.3d 265, 279 (2d Cir. 2016). The legal standard in *Garnett* simply lists the factors for a denial of right to fair trial claim as one where an "(1) investigating official (2) fabricates information (3) that is likely to influence a jury's verdict, (4) forwards that information to prosecutors, and (5) the plaintiff suffers a deprivation of life, liberty, or property as a result. Plaintiff should not deviate from the Second Circuit's language.

[33] *See Jocks v. Tavernier*, 316 F.3d 128, 138 (2d Cir. 2003); *Ricciuti v. N.Y.C. Transit Auth.*, 124 F.3d 123, 130 (2d Cir. 1997) ("When a police officer creates false information likely to influence a jury's decision and forwards that information to prosecutors, he violates the accused's constitutional right to a fair trial"); *Frost v. New York City Police Department*, 980 F.3d 231, 250 n.13 (2d Cir. 2020)

[34] *Frost*, 980 F.3d at 250–51.

[35] Plaintiff objects to the inclusion of this unnecessary sentence as skewed in favor of Defendants. If the Court decides to include it, Plaintiff requests that the Court also add the following sentence: "On the other hand, if you find that Mr. Rosario has proved these elements by a preponderance of the evidence, then you must find in his favor."

Evidence is fabricated if it is false.[36]  **A document is false if it is untrue when made and was known to be untrue when made by the person making it or causing it to be made. Similarly, an officer's opinions, conclusions or qualitative assessments are not a basis for finding a constitutional violation. Even if the police paperwork or testimonies are not perfect, that does not, without more rise to the level of a constitutional violation.[37] The manufacture of false evidence in and of itself does not impair anyone's liberty.  To find for plaintiff, you must find that the alleged fabrication was both material (i.e. likely to influence a jury's decision), and the proximate cause of the injury to the plaintiff's liberty interest (i.e., that he suffered a deprivation of liberty as a result of the alleged fabrication of evidence).  In the context of a fair trial claim, a person may suffer a liberty deprivation when he faces trial, is convicted, or is imprisoned.[38]**

*It is equally unlawful for a law enforcement officer to fabricate evidence against a suspect he believes to be guilty of a crime as it is for him to fabricate evidence against a suspect he believes to be innocent. Each person who has been accused of a crime has the right to have his innocence or guilt determined on the basis of true evidence, not evidence that has been made up by the officers in charge of the investigation.[39]*

---

[36] *Savarese v. City of New York*, No. 18 Civ. 5956 (LJL), 2021 U.S. Dist. LEXIS 124390, at *81-82 (S.D.N.Y. July 2, 2021).

[37] *Waddlington v. City of New York*, 971 F. Supp. 2d 286, 297 (E.D.N.Y. 2013). S*ee also Hewitt v. City of New York*, No. 09 Civ. 214 (RJD) (MDG), 2012 U.S. Dist. LEXIS 141067, (E.D.N.Y. Sept. 28, 2012), *aff'd*, 544 F. App'x 24 (2d Cir. 2013). *See also Salazar v. City of New York*, No. 15 Civ. 1989 (KBF), 2016 U.S. Dist. LEXIS 89774, at *15 (S.D.N.Y. July 11, 2016) ("the Court notes that [] inconsistencies in an officer's arrest documentation do not—without more—rise to the level of fabrication.").

[38] Plaintiff objects to this paragraph as confusing, misleading, irrelevant, and unsupported by the cited case law.

[39] *Ricciuti*, 124 F.3d at 129-30 ("No arrest, no matter how lawful or objectively reasonable, gives an arresting officer or his fellow officers license to deliberately manufacture false evidence against an arrestee."); *Jones v. Chicago*, 856 F. 2d 985, 993 (7th Cir. 1988) (Posner, J.) (affirming verdict

You have heard some evidence relating to probable cause. I will define probable cause in a moment. For now, I instruct you that probable cause is not a defense to this fabrication of evidence claim.[40]

### III. Suggestive Identification

*Mr. Rosario also claims that Defendants Whitaker, Cruger, and Martinez violated his right to due process and a fair trial through the use of identification procedures that suggested witnesses should identify Mr. Rosario as the perpetrator.* **Plaintiff also claims he was denied the right because he says that defendants Detective Cruger, Detective Martinez and Detective Whitaker used identification procedures that suggested witnesses should identify plaintiff as the perpetrator.** *For example, Mr. Rosario contends that Defendants asked witnesses Davis and Sanchez to select the perpetrator from two to three photos that were either all different photos of Mr. Rosario, or were photos of Mr. Rosario and a man with a distinctly different skin tone than the perpetrator.*[41]

**I instruct you that a suggestive identification alone is not a constitutional violation.**[42] **Plaintiff does not have a constitutional right not to be subjected to an unconstitutionally**

---

for plaintiff against police defendants who "had a hunch he was guilty and were not going to let a mere absence of evidence stand in their way.").

[40] *Frost*, 980 F.3d at 248 ("probable cause is not a defense to a fair trial claim based on the fabrication of evidence").

[41] Defendants object inclusion of this summary as it is more appropriate for an attorney's summation, and not an assessment of the law to be read by the Court.

[42] *Rosario v. City of New York*, No. 18 Civ. 4023 (LGS), 2021 U.S. Dist. LEXIS 10465, at *18 (S.D.N.Y. Jan. 20, 2021); *Wray v. City of New York*, 490 F.3d 189, 193 (2d Cir. 2007).

**suggestive identification.**[43] [44] Rather, to prevail on this theory, plaintiff must prove the following

elements by a preponderance of the evidence:

First, plaintiff must prove that Defendants used a suggestive identification procedure that

created a very substantial likelihood of misidentification.[45] In considering this, I instruct you that

you should look at the procedures used in light of the particular facts of this case and the totality

of the surrounding circumstances.[46] **There is no bright-line rule that can be applied to**

**determine whether an identification procedure is unduly suggestive.**[47] **But** you can consider

the number of photos used, the manner of the presentation by defendants, and the contents of the

photos used.[48] You may also consider if defendants used any suggestive comments.[49] **You can**

**consider whether the picture of the accused, matching descriptions given by the witness, so**

**stood out from all of the other photographs as to, suggest to an identifying witness that that**

**person was more likely to be the culprit.**[50] **I instruct you that  when a photo identification**

---

[43] *Id.*

[44] Plaintiff objects to the inclusion of this instruction on the basis that it is misleading in the context of this case. The instruction is also redundant, confusing, and skewed in favor of Defendants.

[45] *United States v. Thai*, 29 F.3d 785, 807 (2d Cir. 1994) ("A defendant has a due process right not to be the object of suggestive police identification procedures that create a very substantial likelihood of irreparable misidentification." (cleaned up)).

[46] *United States v. Al-Farekh*, 956 F.3d 99, 110 (2d Cir. 2020) (citations and quotations omitted).

[47] United States v. Al-Farekh, 956 F.3d 99, 111 (2d Cir. 2020).

[48] United States v. Al-Farekh, 956 F.3d 99, 111-112 (2d Cir. 2020).

[49] *United States v. Concepcion*, 983 F.2d 369, 377 (2d Cir. 1992) (quotations and citations omitted).

[50] *Jones v. Fischer*, No. 05 Civ. 7774 (WHP), 2009 U.S. Dist. LEXIS 27848, at *10-11 (S.D.N.Y. Mar. 30, 2009) (quoting *United States v. Concepcion*, 983 F.2d 369, 377 (2d Cir. 1992).

procedure contains more than 50 photos, most of which are mug shots, of individuals in similar appearance, that procedure is not suggestive.[51] [52]

Second, plaintiff must prove that testimony regarding the unreliable identification was admitted at his trial.[53] **If the admission testimony concerning the identification was caused by the decision of the trial judge, the prosecutor, or the criminal defense attorney, then plaintiff has not met this element.**[54] [55]

Third, plaintiff must prove that the defendants misled the prosecution and the trial judge to believe that the identification was obtained legitimately, rather than as a result of suggestion.[56] *This element is satisfied if you find that Defendants failed to inform the prosecution and trial judge of the suggestive nature of the identification procedure.*[57]

---

[51] *See United States v. Thai*, 29 F.3d 785, 809 (2d Cir. 1994) ("The array used for most of the identifications in the present case contained more than 50 photographs, nearly all of which were of Asian males. All of the men pictured appeared to be of roughly the same age and had similar hair color. The photographs displayed a wide variety of hairstyles and a mixture of men with and without facial hair. Though the array consisted mostly of color 'mug shots,' there were several black-and-white photos, all of which were mug shots, and there were several informal color photographs, all of which were similar to each other. We conclude that the array was not unduly suggestive.").

[52] Plaintiff objects to the bolded language in this paragraph as confusing and heavily skewed in favor of Defendants.

[53] *See Wray v. City of New York*, 490 F.3d 189, 193 (2d Cir. 2007) ("we have not held that a suggestive identification alone is a constitutional violation; rather, the constitutional violation is that [the] right to a fair trial was impaired by the admission of testimony regarding the unreliable identification.").

[54] *Wray v. City of New York*, 490 F.3d 189, 192-93 (2d Cir. 2007); *Delamota v. City of New York.*, 683 F. App'x 65, 67 (2d Cir. 2017) (summary order).

[55] Plaintiff objects to this instruction as misleading, as it has no applicability to the facts of this case.

[56] *See Wray v. City of New York*, 490 F.3d 189, 193 (2d Cir. 2007) (requiring evidence that officer "misled or pressured the prosecution or trial judge" in order to find liability for suggestive identification); *Bermudez v. City of New York*, 790 F.3d 368, 374–75

[57] *See Bermudez v. City of New York*, 790 F.3d 368, 375 (2d Cir. 2015) ("even if it is undisputed that [prosecution] independently decided to present the . . evidence . . [plaintiff] can still pursue a claim against the investigating officers for depriving him of due process rights if the [prosecution] was not informed of constitutional errors in how the . . . evidence was obtained.").

## Second Claim: Section 1983 - Failure to Intercede
### *Against Defendants Cruger, Martinez, Silverman, and Whitaker*

Law enforcement officers have an affirmative duty to intervene to protect people's constitutional rights from violations by other law enforcement officers in their presence.[58] Therefore, under Section 1983, a police officer who fails to intervene to protect someone's rights can be liable for the preventable harm caused by the actions of other officers.[59]

If you find that defendants committed a violation of plaintiff's constitutional rights under the instructions I just gave, you must then consider whether any of the other police officer defendants in this case are liable for failure to intervene to prevent that violation.

In order to prove that a defendant is liable for failing to intervene, plaintiff must prove three things:

First, plaintiff must prove that the defendant had a realistic opportunity to intervene and prevent the violation of his constitutional rights.

Second, plaintiff must prove that a reasonable person in the defendant's position would know that plaintiff's constitutional rights were being violated.

Third, plaintiff must prove that the defendant did not take reasonable steps to intervene.[60]

---

[58] *Curley v. Village of Suffern*, 268 F.3d 65, 72 (2d Cir. 2001) ("we recognize that law enforcement officials have an affirmative duty to intervene to protect against the infringement of constitutional rights from conduct committed by other officers in their presence") (citing *Anderson v. Branen*, 17 F.3d 552, 557 (2d Cir. 1994))).

[59] *Terebesi v. Torreso*, 764 F.3d 217, 243 (2d Cir. 2014) (citing *Anderson v. Branen*, 17 F.3d 552, 557 (2d Cir. 1994)).

[60] *See Anderson v. Branen*, 17 F.3d 552, 557 (2d Cir. 1994); *Ismael v. Charles*, No. 18 Civ. 3597, 2020 WL 4003291, at *13 (S.D.N.Y. July 15, 2020).

## Third Claim: Malicious Prosecution
### *Against Defendants Whitaker, Cruger, Martinez, and the City of New York*

Plaintiff's third claim is that defendants maliciously prosecuted him under New York State law.

To establish his malicious prosecution claim, plaintiff must prove four elements by a preponderance of the evidence.[61]

First, plaintiff must prove that defendants commenced or continued a criminal proceeding against him.

Second, plaintiff must prove that the proceeding terminated in his favor.

Third, plaintiff must prove that *defendants lacked probable cause to initiate or continue the criminal proceeding against him* / **there was no probable cause for the criminal proceeding. I instruct you that the existence of probable cause is a complete defense to this claim.**[62] [63]

Fourth, plaintiff must prove that, *in doing so, defendants acted maliciously* / **the criminal proceeding was instituted with malice.**[64]

**The burden of proof is on the plaintiff to prove by a preponderance of evidence each of these elements**.[65] I shall now explain each of these four elements in greater detail.

---

[61] *Bermudez v. City of New York*, 790 F.3d 368, 376-77 (2d Cir. 2015).

[62] *Stansbury v. Wertman*, 721 F.3d 84, 94-95 (2d Cir. 2013).

[63] Plaintiff particularly objects to the inclusion of an instruction that probable cause is a complete defense as confusing and redundant of the previous instruction that Plaintiff must prove a lack of probable cause.

[64] *Frost v. New York City Police Department*, 980 F.3d 231, 242 (2d Cir. 2020) (citing *Manganiello v. City of New York*, 612 F.3d 149, 161 (2d Cir. 2010)).

[65] Plaintiff objects to this sentence as redundant of the previous instruction that Plaintiff must prove all four elements by a preponderance of the evidence.

## I.  **First Element: Initiation or Continuation of a Proceeding**

To have commenced or continued a proceeding against plaintiff, defendants must have played an active role in plaintiff's prosecution.[66] **A defendant must do more than report the crime or give testimony.[67] A defendant may be said to have initiated a criminal prosecution if the defendant (1) directed or required a prosecutor to prosecute,[68] (2) gave the prosecutor, directly or indirectly, such as through the filing of a criminal complaint, information which the defendant knew to be false,[69] or (3) withheld information that a reasonable person would realize might affect the prosecutor's determination whether to prosecute. A defendant cannot be said to have commenced a criminal proceeding simply because he fairly and truthfully disclosed to the prosecutor all matters within his knowledge that a reasonable person would believe would be important to the question of plaintiff's guilt or innocence. If, however, you find that the defendants gave the prosecutor information that the defendant knew to be false, the defendant is responsible for initiating the prosecution.[70] [71]**

---

[66] *Stampf v. Long Island R. Co.*, 761 F.3d 192, 199 (2d Cir. 2014); *DeFilippo v. Cnty. of Nassau*, 583 N.Y.S. 2d 283, 284 (N.Y. App. Div. 2d Dep't 1992).

[67] *Manganiello v. City of New York*, 612 F.3d 149, 163 (2d Cir. 2010).

[68] *Rohman v. N.Y.C. Transit Auth.*, 215 F.3d 208, 217 (2d Cir. 2000) ("[I]t must be shown that defendant played an active role in the prosecution, such as giving advice and encouragement or importuning the authorities to act.").

[69] *Flynn-Rodriguez v. City of New York*, No. 14-CV-2287 (JBW), 2016 U.S. Dist. LEXIS 113142, at *15 (E.D.N.Y. Aug. 24, 2016) (quoting *Cameron v. City of New York*, 598 F.3d 50, 63 (2d Cir. 2010)); *Ricciuti v. N.Y. City Transit Auth.*, 124 F.3d 123, 130 (2d Cir. 1997).

[70] *De Lourdes Torres v. Jones*, 2016 NY Slip Op 01254, ¶ 11, 26 N.Y.3d 742, 760, 27 N.Y.S.3d 468, 482, 47 N.E.3d 747, 761.

[71] Plaintiff objects to this proposed instruction as skewed in favor of Defendants, and as misleading in this context due to its inclusion of principles that are irrelevant to the facts of this case, such as the notion that directing or requiring a prosecutor to prosecute a case can satisfy this element.

*If you find that defendants fairly and truthfully disclosed to the District Attorney all matters within their knowledge that a reasonably prudent person would believe important on the question of the plaintiff's guilt or innocence, and that the decision to present the matter to the grand jury was made independently by the District Attorney, then defendants did not initiate or continue the prosecution.*

*If, however, you find that defendants gave the District Attorney information that Defendants knew to be false (such as fabricated evidence), or withheld information that a reasonable person would realize might affect the decision whether to prosecute (such as evidence indicating that identifications of plaintiff were not reliable), then you may conclude that Defendants did play an active role, and therefore initiated or continued the prosecution.[72]*

**To summarize, to prevail on his malicious prosecution claims, the plaintiff must prove by a preponderance of the evidence that the defendant you are considering commenced or initiated criminal proceedings against him.[73]**

## II.    Second Element: Favorable Termination

*I instruct you that the proceedings terminated in Mr. Rosario's favor because his conviction was vacated and the indictment against Mr. Rosario accusing him of the murder of Jorge Collazo was dismissed. You need not consider this element, because it has been met.[74]*

**The second element that plaintiff must prove by a preponderance of the evidence is that the underlying criminal proceeding was terminated in favor of the plaintiff.   Under New York State law,   a plaintiff can meet this element when they show that the termination is not**

---

[72] *Manganiello v. City of New York*, 612 F.3d 149, 161 (2d Cir. 2010); *Dufort v. City of New York*, 874 F.3d 338, 353 (2d Cir. 2017); *Ricciuti*, 124 F.3d at 130.

[73] Plaintiff objects to this sentence as redundant and unnecessary.

[74] As this Court stated in its summary judgment opinion, "there is no dispute that the state law favorable termination standard is met." Dkt No. 191 at 23.

inconsistent with their innocence. [75] **While a dismissal of criminal charges in the "interests of justice" may sometimes be considered not inconsistent with innocence—for example, when the charges are groundless—that is not always the case.[76] Sometimes, a dismissal in the interests of justice can be inconsistent with innocence when it represents mercy requested or accepted by the accused; or because of a compromise.[77] The answer to whether the dismissal was inconsistent with innocence requires you to look at the specific facts of the case and consider why the charges were dismissed.[78] If you find that the circumstances surrounding the termination are not inconsistent with the innocence of the accused, then plaintiff has proven that this element. But if you find that the circumstances surrounding the termination are not necessarily consistent with the innocence of the accused, plaintiff has not proven this element and you must find for defendants.[79]**

## III.    <u>Third Element: Probable Cause</u>

The third element plaintiff must prove is that defendants lacked probable cause to *initiate a prosecution against him* / **that there was no probable cause to believe that the plaintiff was guilty of any the crimes for which he was prosecuted, including murder in the second degree; manslaughter  with the intent to cause physical injury; criminal possession of a weapon in the second degree; criminal possession of a weapon in the third degree; and**

---

[75] *Cantalino v. Danner*, 96 N.Y.2d 391, 395, 729 N.Y.S.2d 405, 408, 754 N.E.2d 164, 167 (2001); *See also Lanning v. City of Glens Falls,* 908 F.3d 19, 24-25 (2d Cir. 2018)

[76] *Cantalino v. Danner*, 96 N.Y.2d 391, 395-96, 729 N.Y.S.2d 405, 408-09, 754 N.E.2d 164, 167-68 (2001).

[77] *Cantalino v. Danner*, 96 N.Y.2d 391, 395, 729 N.Y.S.2d 405, 408, 754 N.E.2d 164, 167 (2001).

[78] *Cantalino v. Danner*, 96 N.Y.2d 391, 396-97, 729 N.Y.S.2d 405, 409, 754 N.E.2d 164, 168 (2001).

[79] Plaintiff objects to Defendants' proposed instruction on favorable termination as unnecessary and confusing, as this element has been met as a matter of law.

**criminal possession of a weapon in the fourth degree**. As I mentioned earlier, the existence

of probable cause is a complete defense to a claim of malicious prosecution.[80]

To determine whether a defendant had probable cause to initiate the criminal

proceeding against plaintiff, you must consider the elements[81] of the crimes with which he

was charged, which I will now repeat:

*First,* murder in the second degree.

*Second,* manslaughter in the first degree.

*Third*, criminal possession of a weapon in the second degree.

*Fourth,* criminal possession of a weapon in the third degree.

*Fifth*, criminal possession of a weapon in the fourth degree.[82]

You have learned that plaintiff was indicted by a grand jury on the charge of murder

in the second degree, manslaughter in the first degree, criminal use of a firearm in the first

degree, criminal possession of a weapon in the second degree, and criminal possession of a

weapon in the third degree. *It is not disputed that plaintiff was indicted by a grand jury.* The

grand jury indictment against him creates what is called a **rebuttable** presumption of probable

cause,[83] **because it is presumed that a grand jury acts judiciously when it decides to indict a

defendant.[84] [85] To rebut this presumption, plaintiff must establish that** / *but this presumption*

---

[80] *Stansbury v. Wertman*, 721 F.3d 84, 94-95 (2d Cir. 2013).
[81] The jury should be instructed on the elements of each of these crimes.
[82] Plaintiff particularly objects to the unnecessary listing of every crime of which Mr. Rosario was accused and their elements, as there is no possibility on the facts of this case that the jury could find there was probable cause for one but not the others.
[83] *McClellan v. Smith*, 439 F.3d 137, 145 (2d Cir. 2006).
[84] *Woodley v. City of New York*, No. 09-cv-5709 (BMC), 2010 U.S. Dist. LEXIS 120390, at *23 (E.D.N.Y. Nov. 10, 2010) (quoting *Rothstein v. Carriere*, 373 F.3d 275, 283-84 (2d Cir. 2004)).
[85] Plaintiff objects that the clause "because it is presumed that a grand jury acts judiciously when it decides to indict a defendant" is confusing, redundant and skewed in favor of Defendants.

*may be overcome in several ways*, *including by a finding that* a defendant did not make a complete and full statement of the facts to the District Attorney, [86] misrepresented or falsified evidence, or withheld evidence[87] or otherwise acted in bad faith; [88] *or deviated so egregiously from acceptable police activity as to demonstrate an intentional or reckless disregard for proper procedures.*[89] **In other words, to rebut the presumption of probable cause, plaintiff must show the defendant committed an act of misconduct that influenced the grand jury's decision to indict him. If you find that plaintiff has failed to rebut this presumption, he cannot sustain his burden of proving that a defendant did not have probable cause to prosecute him.**[90] But if you find that defendants acted in any of these ways, you may find that the presumption of probable cause is rebutted.

*If you find the presumption rebutted, then you must consider whether probable cause existed.* Probable cause existed only if a reasonably prudent person would have believed, based on the facts and circumstances known to defendants *at the time* / **when they initiated the prosecution, or that they reasonably believed to be true**, that plaintiff was guilty of the crime**s, with which he was charged in the criminal complaint**.[91] **Probable cause is a fluid concept that**

---

[86] *Rothstein v. Carriere*, 373 F.3d 275, 283 (2d Cir. 2004); *Roberts*, 97 N.Y.S.3d 3, 11 (N.Y. App. Div 1st Dep't. 2019).

[87] *Rothstein,* 373 F.3d at 283; *see also Boyd v. City of New York*, 336 F.3d 72, 76 (2d Cir. 2003); *Colon*, 60 N.Y.2d 78, 82-83 (N.Y. 1983).

[88] *Rothstein,* 373 F.3d at 283; *Roberts*, 97 N.Y.S.3d at 11; *Colon*, 60 N.Y.2d at 82-83.

[89] *Hernandez v. State of New York*, 228 A.D.2d 902, 904 (N.Y. App. Div. 3d Dep't 1996).

[90] Plaintiff objects to this sentence and the prior sentence as redundant and skewed in favor of Defendants.

[91] *Colon*, 60 N.Y.2d at 82; *Boyd v. City of New York*, 336 F.3d 72, 77 & n.7 (2d Cir. 2003).

depends on the factual context[92] and the totality of the circumstances.[93] [94]  What Defendants personally believed is irrelevant unless a reasonably prudent person would also have believed the same thing.[95]  **Once a police officer has a reasonable basis to believe that there is probable cause, a police officer is not required to "explore and eliminate every theoretically plausible claim of innocence.[96] The fact that the criminal charges were ultimately dismissed is not evidence that the officers lacked probable cause at the time the prosecution was initiated**.[97]

**A positive photo identification by an eyewitness is normally sufficient to establish probable cause to arrest,[98] even where the identification may not be 100% reliable.[99]  When there is no suggestion, coercion, or evidence that a witness had a motive to lie, a photo identification can establish probable cause.[100]  An identification based on even a single photo can establish probable cause.[101] When an innocent bystander with no apparent motive to**

---

[92] Panetta v. Crowley, 460 F.3d 388, 395 (2d Cir. 2006).

[93] Dufort v. City of New York, 874 F.3d 338, 348 (2d Cir. 2017( ("Ultimately, whether probable cause exists depends on the totality of the circumstances of each case, and is not susceptible to precise definition or quantification into percentages.")

[94] Plaintiff objects to the inclusion of this sentence as unnecessary and confusing.

[95] *Annunziata v. City of New York*, 575 F. Supp. 2d 491, 495 (S.D.N.Y. 2008).

[96] Curley v. Vill. of Suffern, 268 F.3d 65, 70 (2d Cir. 2001) (quotation omitted).

[97] *Danford v. City of Syracuse*, No. 5:09-CV-0307 (GTS/ATB), 2012 U.S. Dist. LEXIS 130026, at *27 (N.D.N.Y. Sep. 12, 2012).

[98] *Burgess v. DeJoseph*, 725 F. App'x 36, 39 (2d Cir. 2018) (summary order) (quoting *Celestin v. City of New York*, 581 F. Supp. 2d 420, 431 (E.D.N.Y. 2008)).

[99] *Norwood v. Mason*, 524 Fed. App'x 762 (2d Cir. 2013) (summary order) (citation omitted). *See also Gaston v. City of New York*, 851 F. Supp. 2d 780, 790-91 (S.D.N.Y. 2012) (collecting cases).

[100] *Stansbury v. Wertman*, 721 F.3d 84, 91 n.7 (2d Cir. 2013); *Mara v. Rilling*, 921 F.3d 48, 74-75 (2d Cir. 2019).

[101] *Mara v. Rilling*, 921 F.3d 48, 75 (2d Cir. 2019); *Grace v. City of New York*, No. 16-cv-4244 (RRM) (LB), 2018 U.S. Dist. LEXIS 43913, at *6 (E.D.N.Y. Mar. 16, 2018) (citing *Brisco v. Ercole*, 565 F.3d 80, 91 (2d Cir. 2009)).

falsify makes a photo identification, that identification carries a peculiar likelihood of accuracy.[102]

Just like a photo identification can establish probable cause, When an eyewitness can identify a suspect from a line-up, that information is sufficient to warrant a person of reasonable caution in the belief the offense was committed by the arrestee and probable cause exists.[103]

Finally, I instruct you that the police have no obligation to investigate a plaintiff's alibi and any failure to do so would not have vitiated the existence of probable cause.[104] Once the evidence establishes probable cause, an officer is not required to continue investigating, sifting and weighing information, nor is an officer obligated to investigate the plaintiff's plausible claims of innocence.[105] It is not the role of police officers to sit as prosecutor, judge, or jury. Their function is to apprehend those suspected of wrongdoing.[106] [107]

---

[102] *McGrier v. City of New York*, No. 16-CV-5667 (VEC), 2019 U.S. Dist. LEXIS 38688, at *17-18 (S.D.N.Y. Mar. 11, 2019) (quoting *Panetta v. Crowley*, 460 F.3d 388 (2d Cir. 2006)).

[103] See Alvarado v. City of New York., 453 F. App'x 56, 58 (2d Cir. 2011) (summary order) (citing United States v. Ceballos, 812 F.2d 42, 50 (2d Cir. 1987)); *Ribot v. City of New York*, No. 14 Civ. 190 (RWS), 2017 U.S. Dist. LEXIS 15691, at *10 (S.D.N.Y. Feb. 3, 2017).

[104] *Gaston v. City of New York*, 851 F. Supp. 2d 780, 791 (S.D.N.Y. 2012) (quoting <u>Nelson v. Hernandez</u>, 524 F. Supp. 2d 212, 224 (E.D.N.Y. 2007) (citing cases).

[105] *Celestin v. City of New York*, 581 F. Supp. 2d 420, 432 (E.D.N.Y. 2008).

[106] *Celestin v. City of New York*, 581 F. Supp. 2d 420, 432 (E.D.N.Y. 2008). (citations omitted).

[107] Plaintiff objects that this paragraph and the two paragraphs prior are unnecessary, heavily skewed in favor of Defendants, and likely to mislead the jury into believing that the Court agrees with Defendants. Plaintiff also objects that some portions of these paragraphs misstate the relevant law.

*Evidence that is fabricated or coerced may not be used to establish a reasonable belief in*

*guilt. Therefore, you may not use any evidence that you find was fabricated, which I discussed*

*earlier, to establish probable cause.*[108] [109]

## IV.    Fourth Element: Malice

*If you find that Defendants did not have probable cause, then you must consider whether*

*Defendants acted with malice.  /* **The fourth element plaintiff must prove by a preponderance of**

**the evidence is that each of the defendants you are considering acted with actual malice in**

**commencing the criminal proceedings against him.**

*"*Malice," in this context, has a particular legal meaning. It does not have to be actual

spite or hatred.[110] **A prosecution is initiated maliciously if it is initiated for a purpose other**

**than bringing an offender to justice, for some ulterior purposes other than to secure**

**punishment for a crime, or in reckless disregard of the rights of the person accused.** [111]

*To demonstrate malice, Mr. Rosario need not demonstrate that Defendants intended to*

*do him personal harm.*[112] *In this context, malice may be proven by showing that Defendants*

*acted in any of the following ways:*

> i.     *pursued a lawful end by intentionally unlawful means, such as by taking an illegal*
>        *action in order to obtain a conviction of a person he believed to be guilty.*[113] *For*

---

[108]  *De Lourdes Torres v. Jones*, 26 N.Y.3d 742, 762, 47 N.E.3d 747, 762 (2016) ("Moreover, in the alternative, the plaintiff may show malice and overcome the presumption of probable cause with proof that the defendant falsified evidence in bad faith and that, without the falsified evidence, the authorities' suspicion of the plaintiff would not have fully ripened into probable cause.")

[109] Defendants object to this language by plaintiff as it does not track the language of *De Lourdes Torres.*

[110] *Dufort v. City of New York*, 874 F.3d 338, 353 (2d Cir. 2017) ("Under New York law, malice does not have to be actual spite or hatred . . .").

[111] *Roberts v. City of New York*,  2019 NY Slip Op 07713, ¶ 1, 34 N.Y.3d 991, 993, 114 N.Y.S.3d 42, 43, 137 N.E.3d 497, 498.

[112]  Defendants object to the inclusion of this statement as it is not supported by law.

[113] *Pinsky v. Duncan*, 79 F.3d 306, 313 (2d Cir. 1996).

*example, if you find that a defendant deliberately fabricated evidence or withheld helpful evidence, you may find he acted with malice.[114]*

ii.     *acted with reckless disregard of Plaintiff's rights.[115] Reckless disregard means more than mere negligence, but rather conduct that was highly unreasonable and created risks to Mr. Rosario's rights so obvious that Defendants must have been aware of the risks.[116]*

iii.    *acted pursuant to a wrong or improper motive, or in other words acted for some reason other than a desire to see the ends of justice served.[117]*

*Any one of these methods is sufficient to find malice. Moreover, although you are not required to, you may infer that Defendants acted maliciously based solely on the absence of probable cause.[118]*

**Malice may be inferred from a lack of probable cause, but only where probable cause was so totally lacking that no reasonable officer could have thought it existed.[119] [120]**

---

[114] *Manganiello*, 612 F.3d at 163-164.

[115] *Manganiello*, 612 F.3d at 163.

[116] *South Cherry Street, LLC v. Hennessee Group LLC*, 573 F.3d 98, 109 (2nd Cir. 2009).

[117] *Dufort*, 874 F.3d at 353; *Lowth*, 82 F.3d 563 at 573; *Nardelli v. Stamberg*, 44 N.Y.2d 500, 502–03 (N.Y. 1978).

[118] *Dufort*, 874 F.3d at 353; *Boyd*, 336 F.3d at 78 ("a lack of probable cause generally creates an inference of malice").

[119]  *Ricciuti v. N.Y.C. Transit Auth.*, 70 F. Supp. 2d 300, 323 (S.D.N.Y. 1999).

[120] Plaintiff objects to this sentence as an inaccurate statement of the law. *Ricciuti* simply does not hold that malice may be inferred *only* where probable cause is so totally lacking that no reasonable officer could have thought it existed. Indeed, the court explicitly stated that "a jury may infer malice from a lack of probable cause" without use of the qualifiers Defendants propose. 70 F. Supp. 2d at 323.

V.     **Respondeat Superior**[121]

*Plaintiff's Proposed Instruction.*

*If you find that any one of Defendants Whitaker, Martinez, or Cruger is liable for malicious prosecution, then I instruct that you must also find the City of New York liable for that malicious prosecution.*

## Intent

As set forth above, to find a deprivation of a constitutional right for purposes of section 1983, a plaintiff must establish not only (a) that the defendants committed the acts alleged and (b) that those acts caused plaintiff to suffer the loss of a constitutional right, but also (c) that in performing the alleged acts, the officers acted intentionally or recklessly.

An act is intentional if it is done voluntarily and deliberately and not because of a mistake, accident, negligence, or another innocent reason. An act is reckless if it is done in conscious disregard of its known probable consequences.[122]

In determining whether the defendants acted with the requisite knowledge or recklessness, you should remember that while witnesses may see and hear and so be able to give direct evidence of what a person does or fails to do, there is no way of looking into a person's mind. Therefore, you have to depend on what was done and what the people involved said was in their minds and your belief or disbelief with respect to those facts.

---

[121] Defendants object to the jury being charged on plaintiff's *respondeat superior* claim against the City of New York. *See* ECF No. 258 at 6. There is no dispute at this time that defendants were acting within the scope of their employment, and therefore is no need to charge the jury on this. Should the Court disagree, with we reserve the right to present the Court with instructions on this charge. Plaintiff responds that the jury should be charged on every claim it is required to decide, including this one.

[122] Adapted from jury charges in *Francisco Vargas v. Detective Joseph Marquez*, No. 14 Civ. 2511 (KBF) delivered on March 3, 2016 at Docket Entry No. 49 at 115.

Finally, it is not necessary to find that a defendant specifically intended to deprive a plaintiff of his civil rights in order to find in favor of that plaintiff. Again, plaintiff will have established a deprivation of a constitutional right for purposes of section 1983 if you find that in performing the acts that caused the loss of that plaintiff's constitutional right, the defendants acted intentionally or recklessly, as I have explained the meaning of those terms.

### Proximate Cause

Plaintiff must prove is that defendants' acts as alleged by plaintiff were a proximate cause of the injuries that plaintiff sustained. Proximate cause means that there must be a sufficient causal connection between the act or omission of a defendant and any injury or damage sustained by a plaintiff. If you find that any of the defendants' acts or omissions were a substantial factor in bringing about or actually causing a plaintiff's injury, that is, if the injury was a reasonably foreseeable consequence of any of the defendants' acts or omissions, then the defendants' acts or omissions were a proximate cause of that plaintiff's injuries. If an injury was a direct result or a reasonably probable consequence of defendants' acts or omissions, it was proximately caused by such acts or omissions. Stated another way, if defendants' acts or omissions had such an effect in producing the injury that reasonable persons would regard it as being a cause of the injury, then the act or omission is a proximate cause.

In order to recover damages for any injury, plaintiff must show, by a preponderance of evidence, that his injury would not have occurred without the acts or omissions of the defendants. If you find that the defendants have proven, by a preponderance of the evidence, that plaintiff complains about an injury that would have occurred even in the absence of

defendants' acts or omissions, you must find that the defendants did not proximately cause that plaintiff's injury.

A proximate cause need not always be the nearest cause either in time or space. In addition, there may be more than one proximate cause of an injury. Many factors or the conduct of two or more people may operate at the same time, either independently or together to cause an injury. Defendants are not liable if they did not cause plaintiff's injuries or if plaintiff's injuries were caused by a new or independent source that intervened between the defendants' acts or omissions and that plaintiff's injuries and produced a result that was not immediately foreseeable by defendants.

### Damages

I have a few cautionary instructions to give you before I discuss damages. First, even though I am going to instruct you on damages, it does not mean I have any opinion on whether or not defendants should be held liable. It is for you alone to decide whether defendants are liable to plaintiff. I am simply instructing you on this issue so that if you reach it, you will have the legal standard to make the appropriate determination.[123] Second, with respect to plaintiff's claims, you may only award them damages if he has proven liability according to the standards I have just set forth.

Damages must be based on evidence, not on speculation or sympathy, and you may only award damages for those injuries that plaintiff actually suffered as a result of the defendants' conduct. You cannot award a plaintiff for injuries he may have suffered at the hands of others. The damages that you award must be fair compensation, no more and no

---

[123] Adapted from jury charges in _Francisco Vargas v. Detective Joseph Marquez_, 14 Civ. 2511 (KBF) delivered on March 3, 2016 at Docket Entry No. 49 at 121.

**less.  It is the plaintiff who bears the burden of proving his damages by a preponderance of the credible evidence.**[124]

*If you find that Mr. Rosario has proven any one of his three claims, then you must next consider the amount of damages to which Mr. Rosario is entitled.*

*I will explain how you should assess the amount of damages in a moment, but first I instruct you that you may only award Mr. Rosario damages for his injuries if you conclude that the Defendants' actions or omissions caused those injuries. In particular, Mr. Rosario must show that the Defendants' actions or omissions were a "proximate cause" of his injuries.*

*A defendant's misconduct is a "proximate cause" of Mr. Rosario's injuries if those injuries were a natural or reasonably foreseeable consequence of that defendant's misconduct.*[125] *The misconduct does not need to be the sole cause of the injures in order to qualify as a "proximate cause;" there may be more than one cause of the harm.*[126] *However, to be a proximate cause,  a defendant's actions or omissions must be a substantial factor in bringing about the injuries.*[127] *You may find that the misconduct was a "proximate cause" of the injuries even if you find that it was a relatively small factor, but the misconduct must have been more than a slight or trivial factor in the injuries.*[128]

---

[124] Plaintiff objects to Defendants' introductory paragraphs regarding damages as unnecessary and skewed in favor of Defendants.
[125] *Hecht v. Commerce Clearing House, Inc.*, 897 F.2d 21, 23-4 (2nd. Cir. 1990).
[126] *Hydro Investors, Inc. v. Trafalgar Power Inc.*, 227 F.3d 8, 15 (2d Cir. 2000).
[127] *Hecht,* 897 F.2d at 23-4; *Hydro Investors,* 227 F.3d at 15 (2d Cir. 2000).
[128] New York Pattern Jury Instruction 2:70 (Proximate Cause – In General).

# I.     **Compensatory Damages**

*Plaintiff's Proposed Language*

If you find in favor of Mr. Rosario on any of his three claims, and also find that Defendants' misconduct proximately caused injuries to Mr. Rosario, then you must determine the amount of money that will fairly compensate Mr. Rosario for any injury that you find he sustained or is reasonably certain to sustain in the future as a direct result of Defendants' actions.

Mr. Rosario must prove his damages by a preponderance of the evidence, that is, more likely so than not so. Your award must be based on the evidence presented at trial, and only on that evidence, not speculation, guesswork, or sympathy.

Your calculation of damages should be based solely on the value of the injuries suffered by the plaintiff, including both those injuries actually suffered by Mr. Rosario in the past and those injuries he is reasonably certain to suffer in the future. This does not mean, however, that compensatory damages are restricted to the actual loss of money; compensatory damages include both the physical and mental aspects of injury, even if they are not easy to measure.

You should consider the following types of compensatory damages, and no others:

- *Loss of liberty, for the period spent in a wrongful confinement;*[129]
- *Emotional pain and suffering, including the fear, humiliation, or mental anguish Mr. Rosario has experienced, and the fear, humiliation, or mental anguish that Mr. Rosario is reasonably certain to experience in the future;*
- *Physical harm or discomfort;*
- *Loss of a normal life, for loss of family connections and family interactions, loss of relationships, and loss of companionship; and*

Although your damages verdict must be based on evidence, and not mere speculation, no evidence of the dollar value of physical harm, emotional pain and suffering, loss of a normal life,

---

[129] *Kerman v. City of New York*, 374 F.3d 93, 124-25 (2d Cir. 2004).

*or loss of liberty has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on these categories. You are to determine an amount that will fairly compensate Mr. Rosario for the injuries that he has sustained.*[130]

**Defendants' Proposed Language.**

**Your decision on whether to award damages and the amount must be unanimous. If plaintiff has proven all of the required elements of a claim, then you must award him a sum of money that you believe will fairly and justly compensate him for any injury you determine he actually sustained as a proximate result of defendants' misconduct.**[131] **You may award compensatory damages only for injuries that a plaintiff proves were proximately caused by defendants' allegedly wrongful conduct. The damages that you award must be fair compensation, no more and no less. You may not award compensatory damages for speculative injuries, but only for those injuries that a plaintiff has actually suffered or which he is reasonably likely to suffer in the future.**

**If you find in favor of plaintiff, then you must award that plaintiff such sum of money as you believe will fairly and justly compensate him for any injury you believe he actually sustained as a direct consequence of the conduct of the defendants.**

**You shall award actual damages only for those injuries which you find that a plaintiff has proven by a preponderance of the evidence. Moreover, you may not simply award actual damages for any injury suffered by plaintiff—you must award actual damages for those injuries that are a direct result of actions by a defendant whom you have found is liable to a**

---

[130] Adapted from Federal Civil Jury Instructions for the Seventh Circuit § 7.23; Third Circuit Model Civil Instruction § 4.8.1.

[131] Adapted from jury charges in <u>Francisco Vargas v. Detective Joseph Marquez</u>, 14 Civ. 2511 (KBF) delivered on March 3, 2016 at Docket Entry No. 49 at 123.

plaintiff, if you have found a defendant liable. You must distinguish between the existence of a violation of a plaintiff's right and the existence of injuries naturally and proximately resulting from that violation. Thus, even if you find that a defendant deprived a plaintiff of his right, you must ask whether that plaintiff has proven by a preponderance of the evidence that the deprivation actually and proximately caused each of the damages that he is claiming to have suffered.

In determining the amount of any damages that you decide to award, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. You must use sound discretion in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guesswork. They must be based on the evidence presented at trial. On the other hand, the law does not require that a plaintiff prove the amount of his "damages/losses" with mathematical precision, but only with as much definiteness and accuracy as circumstances permit. Your award must be fair and just. It should neither be excessive nor inadequate, but should be reasonable.[132]

Your decision on whether to award damages and the amount must be unanimous. If plaintiff has proven all of the required elements of a claim, then you must award him a sum of money that you believe will fairly and justly compensate him for any injury you determine he actually sustained as a proximate result of defendants' misconduct.[133] You may award

---

[132] Adapted from Instruction 18.0.1 Section 1983 Litigation, Jury Instructions, Martin A. Schwartz, George C. Pratt, 2003.

[133] Adapted from jury charges in <u>Francisco Vargas v. Detective Joseph Marquez</u>, 14 Civ. 2511 (KBF) delivered on March 3, 2016 at Docket Entry No. 49 at 123.

compensatory damages only for injuries that a plaintiff proves were proximately caused by defendants' allegedly wrongful conduct. The damages that you award must be fair compensation, no more and no less. You may not award compensatory damages for speculative injuries, but only for those injuries that a plaintiff has actually suffered or which he is reasonably likely to suffer in the future.

In determining the amount of any damages that you decide to award, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. You must use sound discretion in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guesswork. They must be based on the evidence presented at trial. On the other hand, the law does not require that a plaintiff prove the amount of his "damages/losses" with mathematical precision, but only with as much definiteness and accuracy as circumstances permit. Your award must be fair and just. It should neither be excessive nor inadequate, but should be reasonable.[134]

## II.   Punitive Damages[135]

Plaintiff also seeks punitive damages in this case. If a plaintiff has proven by the preponderance of the evidence that defendants are liable, then you may, but you are not required, to determine whether that plaintiff is entitled to punitive damages.

---

[134] Adapted from Instruction 18.0.1 Section 1983 Litigation, Jury Instructions, Martin A. Schwartz, George C. Pratt, 2003.
[135] Although defendants contends that, after hearing the evidence, the Court will determine that no rationale jury could find punitive damages against defendants in this case, defendants propose the following language on punitive damages should the Court find that the charge is necessary.

In order to be entitled to punitive damages, you must find that a plaintiff has clearly established that the acts of the defendants causing the proven injury were wanton or showed a callous or reckless disregard for the rights of others. The purpose of punitive damages[136] is to punish for shocking conduct and to set an example to deter others from the commission of similar offenses in the future.

However, punitive damages are not awarded as a matter of right but are awarded only if you believe the defendants acted so outrageously and evidenced such a degree of malice or callousness that an example and deterrent needs to be provided to assure that the defendants and others will be less likely to engage in such conduct in the future.

If you do decide to award punitive damages, the amount of punitive damages should be reasonable and should be proportionate only to the need to punish and deter.

## III.    Nominal Damages.[137]

**Now let's turn to nominal damages. If you return a verdict for a plaintiff but then find that he failed to prove by a preponderance of the credible evidence that he suffered any actual damages, then you may return an award of damages in some nominal or token amount not to exceed the sum of one dollar. This is called nominal damages.**

**Nominal damages are awarded when a plaintiff has been deprived by a defendant of a constitutional right, but has proved no compensatory damages as a natural consequence of**

---

[136] *Smith v. Wade*, 461 U.S. 30, 52-56 (1983).

[137] Plaintiff objects to the inclusion of any instruction on nominal damages. If Defendants have committed the constitutional violations alleged, as a matter of law the jury cannot award merely nominal damages in a case such as this one involving a decades-long deprivation of liberty. *See Kerman v. City of New York*, 374 F.3d 93, 124 (2d Cir. 2004) ("Similarly, where the plaintiff was indisputably deprived of his liberty, and the conduct of the defendant responsible for the deprivation was found to be unlawful, we have held that the plaintiff is entitled to compensatory, not merely nominal, damages.").

that deprivation. The mere fact that a constitutional deprivation occurred is an injury to the person entitled to be free from such action, even when no actual damages flow from the deprivation. Therefore, if you find that a plaintiff did not prove injuries as a result of the defendants' conduct other than the fact of a constitutional deprivation, you must award nominal damages not to exceed one dollar.

Date: October 7, 2021
     New York, NY

                                       Respectfully submitted,

                                       **/s/ Emma Freudenberger**
                                       Nick Brustin
                                       Emma Freudenberger
                                       Katherine Haas
                                       Neufeld Scheck & Brustin, LLP
                                       99 Hudson Street, 8th Floor
                                     New York, NY 10013
                                     Telephone: (212) 965-9081
                                     Facsimile: (212) 965-9084

                                     *Attorneys for Plaintiff*

                                       **/s/ Brachah Goykadosh**
                                     Brachah Goykadosh
                                     New York City Law Department
                                     100 Church Street, 3-170
                                     New York, NY 10007
                                     Telephone: (212) 356-3523

                                     *Attorney for Defendants*