```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                             :
RICHARD ROSARIO,                                             :
                            Plaintiff,                       :
                                                             :      18 Civ. 4023 (LGS)
              -against-                                      :
                                                             :      ORDER
CITY OF NEW YORK, et al.,                                    :
                                                             :
                            Defendants.                      :
-------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on June 24, 2021, and July 29, 2021, the parties filed motions in limine in anticipation of trial. The motions are resolved as follows:

A.     **Defense Motions in Limine**

1.     Defendants seek to preclude Plaintiff from referring to their counsel as "City Attorneys." This application is GRANTED as the reference may be prejudicial to the individual Defendants, and there is no probative value in permitting the reference. *See* FRE 403.

2.     Defendants seek to preclude Plaintiff from including the "City of New York" in the case caption. This application is DENIED as the City continues to be a party to this action.

3.     Defendants seek to preclude Plaintiff from suggesting individual Defendants will be indemnified. This application is DENIED AS MOOT.

4.     Defendants seek to preclude Plaintiff from offering evidence concerning the New York City Police Department Patrol Guide, training or policies. This application is DENIED for substantially the reasons argued by Plaintiff. Evidence of Defendants' potential departure from procedure is highly relevant to whether their actions "were merely negligent or were so severe or persistent as to support an inference of intentional or reckless conduct that violated [] [P]laintiff's constitutional rights." *Restivo v. Hessemann*, 846 F.3d 547, 580 (2d Cir. 2017). As to

Defendants' concern that this testimony will confuse the jury, Plaintiff has agreed not to argue that a violation of police policies equates to a violation of Plaintiff's constitutional rights. The jury will be so instructed, provided Defendants submit a proposed instruction, preferably one that is agreeable to all parties.

5. Defendants seek to preclude Plaintiff from inquiring about any disciplinary history and lawsuits filed against defendants, i.e., evidence about past bad acts. This application is DENIED AS MOOT because Plaintiff does not presently intend to offer evidence of Defendants' past bad acts. If Plaintiff's intention changes, Plaintiff shall advise the Court and opposing counsel.

6. Defendants seek to preclude Plaintiff from referring to unrelated instances of police misconduct. This application is DENIED AS MOOT because Plaintiff does not intend to offer evidence of specific instances referenced by Defendants.

7. Defendants seek to preclude Plaintiff from arguing that Defendants should have investigated his alibi based on lack of relevance. This application is DENIED for substantially the reasons argued by Plaintiff. Defendants' handling of Plaintiff's alibi is highly relevant to Plaintiff's effort to show "that the conduct of the police deviated so egregiously from acceptable police activity as to demonstrate an intentional or reckless disregard for proper procedures." *Vazquez v. City of N.Y.*, No. 10 Civ. 6277, 2014 WL 4388497, at *9 (S.D.N.Y. Sept. 5, 2014); *see McClellan v. Smith*, 439 F.3d 137, 145-46 (2d Cir. 2006) (recognizing that evidence of police misconduct or bad faith activity are relevant to rebutting the "presumption of probable cause created by [a] grand jury indictment" in proving a claim for malicious prosecution). Plaintiff has agreed not to argue that Defendants' failure to investigate is a constitutional violation.

8. Defendants seek to preclude Plaintiff from presenting evidence from his alibi witnesses. This application is DENIED. Testimony from alibi witnesses bears on Plaintiff's actual innocence and is relevant to Plaintiff's fair trial and malicious prosecution claims. *See Restivo*,

2

846 F.3d at 559.  To avoid the testimony being unnecessarily cumulative or a waste of time under Rule 403, such testimony shall be limited to thirty minutes or five alibi witnesses, whichever is less.

9.      Defendants seek to preclude Plaintiff from presenting evidence from his damages witnesses because of the witnesses' lack of personal knowledge about Plaintiff's damages.  This application is DENIED for substantially the reasons argued by Plaintiff.  Plaintiff's damages witnesses do not need to have known Plaintiff prior to his incarceration because they can either (1) testify to their observations of Plaintiff during or following his incarceration, which can be compared to other evidence about Plaintiff prior to his incarceration, or (2) testify to their observations of Plaintiff's changes during his incarceration.  Testimony of the damages witnesses is highly probative and outweighs the expenditure of time necessary for the testimony under Rule 403.  As the witnesses are expected to testify about their personal observations of different moments of Plaintiff's life, the testimony is not cumulative.

10.     Defendants seek to preclude Plaintiff from playing episodes from the NBC *Dateline* series during his case-in-chief.  Decision on Defendants' application is RESERVED.  Plaintiff shall submit to Defendants the *Dateline* excerpts Plaintiff proposes to play for the jury, and the parties shall attempt to reach agreement to address any defense objections.  To the extent the parties do not agree, no later than **two weeks before the trial commences**, Plaintiff shall submit the proposed excerpts reflecting the parties' negotiations, and the parties shall submit a joint letter stating their respective positions.

11.     Defendants seek to preclude Plaintiff from arguing that he was exonerated or that his conviction was vacated based on a finding of innocence.  This application is DENIED AS MOOT.

12.     Defendants seek to preclude Plaintiff from suggesting a specific dollar amount of

3

damages to the jury. This application is DENIED. *See Lightfoot v. Union Carbide Corp.*, 110 F.3d 898, 912-13 (2d Cir. 1997) (whether counsel can suggest specific amounts of damages to a jury "is best left to the discretion of the trial judge"); *Hable v. Metro-North Commuter R.R.*, No. 18 Civ. 1460, 2019 WL 4673564, at *6 (S.D.N.Y. Sept. 24, 2019). Defendant may seek an instruction, which Plaintiff does not oppose, that the jury "alone may assign a dollar value to Plaintiff's damages."

B.     **Plaintiff's Motions in Limine**

1.     Plaintiff seeks to preclude any witness from (1) offering testimony as to the credibility of Defendants or other witnesses or (2) testifying as to legal conclusions at trial. This application is DENIED AS MOOT. However, Defendants and defense witnesses may offer testimony about their subjective beliefs about probable cause, the demeanor of witnesses and the like.

2.     Plaintiff seeks to preclude Defendants from introducing evidence related to Plaintiff's arrest in Florida in 1996. Plaintiff does not object to evidence that Plaintiff was in jail in Daytona Beach, Florida, from March 13, 1996, to April 12, 1996, to show (1) that Silverman interviewed him in jail and what transpired during the interview and (2) that Plaintiff lied when he testified that he was staying with a woman when in fact he was in jail. Defendant seeks to elicit testimony only for the latter purpose. The application is GRANTED IN PART and DENIED IN PART. The parties may elicit that Plaintiff was in jail in Daytona Beach, Florida, from March 13, 1996, to April 12, 1996; Plaintiff may elicit what transpired there; Defendant may elicit that he lied about being in jail at his criminal trial, but the parties may not elicit the reason he was in jail or any other details about the arrest.

3.     Plaintiff seeks to preclude Defendants from introducing evidence of their good character, specifically their honesty or competence. This application is DENIED AS MOOT because Defendants do not intend to introduce such evidence.

4.      Plaintiff seeks to preclude Defendants from introducing evidence of his defense attorney's effectiveness in his underlying criminal trial.  Defendants oppose and request that the Court take judicial notice that Plaintiff's conviction was vacated because of ineffective assistance of counsel. The application is GRANTED IN PART and DENIED IN PART.  The jury will be advised of the vacatur of Plaintiff's conviction, and, without more, may assume that Plaintiff was exonerated. However, advising the jury that Plaintiff's criminal counsel was determined to be ineffective may unfairly elicit sympathy for Plaintiff.  Accordingly, the parties shall attempt to agree on how the jury will be advised that Plaintiff's conviction was vacated and his indictment dismissed, and the reason(s) therefor -- for example, they may wish to stipulate that Plaintiff's conviction was vacated "based on a technicality" or "for reasons unrelated to this case."  They shall advise the Court of their agreement, and any remaining differences, in a joint letter filed no later than **two weeks before the trial commences.**

5.      Plaintiff seeks to preclude Defendants from offering hearsay testimony about a purported statement made by Plaintiff to Jason Lebron.  This application is DENIED AS MOOT because Defendants do not intend to offer such testimony.

6.      Plaintiff seeks an order permitting his counsel to ask leading questions of certain adverse or hostile witnesses.  This application is GRANTED as unopposed as to Defendants (i.e., they may be treated as hostile witnesses), GRANTED as to Fortunato and Petrauskas and DENIED WITHOUT PREJUDICE as to Sanchez and Collazo.  Fortunato and Petrauskas are witnesses identified with an adverse party under Rule 611(c)(2).  Plaintiff may not ask leading questions of Sanchez and Collazo unless they prove themselves hostile on the stand in which case Plaintiff may seek permission at that time to lead ("May I lead") without stating in front of the jury the reason why.

7.      Plaintiff seeks to preclude Defendants from introducing evidence of Plaintiff's purported

bad acts.  This application is GRANTED IN PART and DENIED IN PART as follows:  (i) Defendants may not elicit evidence concerning Plaintiff's Facebook friend request.  Its probative value -- allegedly that it contradicts the PTSD diagnostic criterion of avoidance -- is slight at best and likely to confuse the jury; (ii) Defendants may not elicit evidence about Plaintiff's postings about his damages being comparable to a Holocaust survivor, unless Plaintiff first does so.  This evidence has little, if any, probative value and may be prejudicial (eliciting either sympathy or indignation); (iii) Defendants shall submit to Plaintiff the video excerpts of Plaintiff's life that Defendants propose to play for the jury, and the parties shall attempt to reach agreement to address any objections.  To the extent the parties do not agree, no later than **two weeks before the trial commences**, Defendants shall submit the proposed excerpts reflecting the parties' negotiations, and the parties shall submit a joint letter stating their respective positions; (iv) Defendants may not elicit evidence of Plaintiff's infidelity as it has no probative value and is prejudicial and (v) Evidence of Plaintiff's drug use or violent acts may be elicited only in connection with expert testimony about Plaintiff's neurocognitive disorder or ASPD and only to the extent previously disclosed in expert reports or expert depositions. *See generally* Fed. R. Evid. 403.

8.      Plaintiff states that he may call Guanica Collazo, the sister of the murder victim, to testify about another person's motive to kill her brother, but Plaintiff seeks to preclude Defendants from eliciting testimony from her about her opinion of Plaintiff's character and guilt for the underlying crime.  Defendant opposes but suggests that her testimony in its entirety should be precluded.  The application is GRANTED IN PART and DENIED IN PART.  Guanica Collazo shall not be called as a witness by any party as her testimony is tangential to the civil rights claims in the case, and is potentially confusing to the jury, a waste of time and prejudicial in eliciting sympathy over the loss of her brother.

9.     Plaintiff seeks to preclude Defendants from offering evidence related to his conviction for a 1996 robbery because the conviction was vacated in July 2021. This application is GRANTED. First, the guilty plea was withdrawn, and a withdrawn guilty plea is not admissible against the party who made the plea. FRE 410(a)(1). Second, Plaintiff's conviction resulted in a sentence that ended well over ten years ago, so Rule 609's higher standard applies rather than Rule 403's standard. Regardless, applying either the standard of Rule 609 or 403, the robbery conviction is not very probative because (i) it was based on a guilty plea induced by a promise of concurrent time with Plaintiff's sentence for murder and (ii) it was vacated. Evidence of the conviction, with the withdrawn guilty plea and vacatur, is likely to be confusing to the jury, prejudicial because the jury may misinterpret the guilty plea and a waste of time. Third, to the extent that Defendants seek to admit the indictment as evidence that Plaintiff committed the robbery or possessed a gun, as charged in the indictment, their argument is unfounded because the indictment is not evidence of those things. It has long been recognized in this district that an indictment "is not evidence of anything more than the finding of the grand jury." *In re Dana*, 68 F. 886, 895 (S.D.N.Y 1895); *accord In re WorldCom, Inc. Sec. Litig.*, No. 02 Civ. 3288, 2005 WL 375315, at *8-9 (S.D.N.Y. Feb. 17, 2005). Fourth, Defendants' argument that Plaintiff's application is not ripe is unavailing. Defendants argue that, because the decision vacating Plaintiff's conviction has been appealed, the application is not ripe. But Defendants do not provide any evidence that the vacatur has been stayed or that the sentence was not actually vacated. So there is no basis for disregarding the vacatur. In sum, it is

**ORDERED** that Defendants' application to (i) preclude Plaintiff from referring to their counsel as "City Attorneys" is GRANTED; (ii) preclude Plaintiff from including the "City of New York" in the case caption is DENIED; (iii) preclude Plaintiff from suggesting individual Defendants will be indemnified is DENIED AS MOOT; (iv) preclude Plaintiff from offering

7

evidence concerning the New York City Police Department Patrol Guide, training or policies is DENIED; (v) preclude Plaintiff from offering evidence about any past bad acts of Defendants is DENIED AS MOOT; (vi) preclude Plaintiff from referring to unrelated instances of police misconduct is DENIED AS MOOT; (vii) preclude Plaintiff from arguing that Defendants should have investigated his alibi is DENIED; (viii) preclude Plaintiff from presenting evidence from his alibi witnesses is DENIED; (ix) preclude Plaintiff from presenting evidence from his damages witnesses is DENIED; (x) preclude Plaintiff from playing episodes from the NBC *Dateline* series is RESERVED; (xi) preclude Plaintiff from arguing that he was exonerated or that his conviction was vacated based on a finding of innocence is DENIED AS MOOT and (xii) preclude Plaintiff from suggesting a specific dollar amount of damages to the jury is DENIED.  It is further

**ORDERED** that Plaintiff's application to (i) preclude witnesses from offering testimony as to credibility of Defendants or other witnesses and from testifying as to legal conclusions is DENIED AS MOOT; (ii) preclude Defendants from introducing evidence related to Plaintiff's arrest in Florida in 1996 is GRANTED IN PART and DENIED IN PART; (iii) preclude Defendants from introducing evidence of their good character is DENIED AS MOOT; (iv) preclude Defendants from introducing evidence of his defense attorney's effectiveness in his underlying criminal trial is GRANTED IN PART and DENIED IN PART; (v) preclude Defendants from offering hearsay testimony about a purported statement made by Plaintiff to Jason Lebron is DENIED AS MOOT; (vi) permit his counsel to ask leading questions of adverse or hostile witnesses is GRANTED IN PART and DENIED IN PART WITHOUT PREJUDICE; (vii) preclude Defendants from introducing evidence of Plaintiff's purported bad acts is GRANTED IN PART and DENIED IN PART; (viii) preclude Defendants from eliciting

testimony from Guanica Collazo about his character and guilty is GRANTED IN PART and DENIED IN PART and (ix) preclude Defendants from offering evidence related to his conviction for a 1996 robbery is GRANTED.

    The Clerk of Court is respectfully directed to close the motions at Dkt. Nos. 235, 237, 239, 241, 244, 247, 250, 253, 256 and 270.

Dated:  November 22, 2021
         New York, New York

                                                LORNA G. SCHOFIELD
                                         UNITED STATES DISTRICT JUDGE