

Neufeld Scheck & Brustin, LLP

Tel: [212] 965-9081  
Fax: [212] 965-9084  

99 Hudson Street, 8th Floor  
New York, New York 10013  
nsbcivilrights.com

December 20, 2021

**Via ECF**
Honorable Lorna G. Schofield
United States District Judge
U.S. District Court, Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square
New York, NY 10007

Re: *Rosario v. City of New York, et al.*, Case No. 18-cv-4023

Dear Judge Schofield:

  Pursuant to the Court's order of December 17, 2021 (ECF No. 329), Plaintiff respectfully requests that the Court remove the "if any" language from its preliminary jury instruction because any finding of liability will necessarily establish that Defendants' misconduct proximately caused Plaintiff's loss of liberty, which is independently compensable.

  In *Kerman v. City of New York*, the jury found that the plaintiff—who spent 10 hours wrongfully confined—was entitled only to an award of nominal damages on his claims for unlawful seizure and false imprisonment. 374 F.3d 93, 106 (2d Cir. 2004). The Second Circuit reversed because the district court failed to instruct the jury that it could award the plaintiff compensatory damages for his loss of liberty. *Id.* at 129. In reaching its holding, the Second Circuit explained that "[t]he damages recoverable for loss of liberty . . . are separable from damages recoverable for such injuries as physical harm, embarrassment, or emotional suffering." *Id.* at 125–26. Because the compensatory damages for the loss of liberty are distinct, the Second Circuit remarked that "[w]here the plaintiff was indisputably deprived of his liberty, and the conduct of the defendant responsible for the deprivation was found to be unlawful, we have held that the plaintiff is entitled to compensatory, not merely nominal, damages." *Id.* at 124.

  Following *Kerman*, courts in this circuit routinely do not instruct on nominal damages where, as here, a liability finding requires a finding that defendants caused a loss of liberty. *See, e.g., Morse v. Fusto*, No. 07-CV-4793 (CBA) (RML), 2013 WL 4647603, at *21–22 (E.D.N.Y. Aug. 29, 2013) (declining to give a nominal damages instruction on a fabrication claim: "*Kerman* stands for the proposition that once a deprivation of liberty is established, and there is no genuine dispute that defendants' unlawful conduct caused the deprivation, the plaintiff is entitled to compensatory damages for that loss of liberty, not just nominal damages"), *aff'd*, 804 F.3d 538 (2d Cir. 2015); *Vilato v. City of Yonkers*, No. 13-CV-5825 (NSR) (PED), 2016 WL 6269607, at *2 (S.D.N.Y. Oct. 26, 2016) ("A plaintiff in a § 1983 lawsuit is entitled to recover compensatory damages for injuries proximately caused by the constitutional violation . . .

includ[ing] an award for loss of liberty as a result of wrongful confinement" (internal citation omitted)); *Nibbs v. Goulart*, 822 F. Supp. 2d 339, 345 (S.D.N.Y. 2011) ("It is clear under Second Circuit law that damages associated with lost liberty are distinct and independent from those arising from such injuries as physical harm, embarrassment, or emotional suffering." (internal quotations omitted)).

Here, Plaintiff's fair trial, failure to intervene, and malicious prosecution claims all require a finding that Defendants' misconduct caused Plaintiff's 20 years of wrongful imprisonment. For example, the jury instructions on the fabrication claim explicitly require that the fabrication caused the liberty deprivation. Accordingly, any finding of liability will necessarily establish proximate cause between Defendants' misconduct and Plaintiff's loss of liberty and compensatory damages would therefore be required as a matter of law. *See Kerman*, 374 F.3d at 124 ("Where the jury has found a constitutional violation and there is no genuine dispute that the violation resulted in some injury to the plaintiff, the plaintiff is entitled to an award of compensatory damages as a matter of law."); *cf. Rentas v. Ruffin*, 816 F.3d 214, 223–24 (2d Cir. 2016) (finding that nominal damages were appropriate where, based on particular facts and jury instructions in that case—including that plaintiff was acquitted and independent probable cause supported prosecution—a liability finding did not require that defendant's fabrication of evidence caused plaintiff's loss of liberty).

Plaintiff therefore respectfully requests that the Court remove the "if any" language from its preliminary jury instruction.

    Respectfully submitted,

    */s Gerardo Romo*
    Gerardo Romo

    *Counsel for Plaintiff*

Cc: all counsel (via ECF)