```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                             :
RICHARD ROSARIO,                                             :
                                  Plaintiff,                 :
                                                             :   18 Civ. 4023 (LGS)
         -against-                                           :
                                                             :       ORDER
THE CITY OF NEW YORK, et al.,                                :
                                  Defendants.                :
-------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, final pre-trial conferences were held on December 16 and December 21, 2021.  It is hereby

**ORDERED** that, for the reasons stated at the conferences and having heard the parties' objections, the following exhibits will be admitted at trial, and no further foundation need be laid or presented:

```
P4
P13 (as P4A)
P22
P23
P27 (including P33, P35, P37, P39. P40, P41, P42, P43, P46, P53, P101, P104)
P28
P29
P30
P36
P52 (but not P52A)
P54
P92
P107, subject to connection
P110, subject to connection
P132, subject to connection
A
B
F
G
H
I
J
K
L, subject to agreement on redactions
```

    M
    N
    O
    P, subject to connection
    Q
    R
    S
    T
    U.  It is further

**ORDERED** that, for the reasons stated at the conferences and having heard the parties' objections, exhibits P60, P86, P87, P88 and D will be excluded at trial.  The exclusion of Exhibit D does not apply to facts therein.  Decision on the admissibility of the facts contained therein is reserved subject to Defendants making a showing as required under Federal Rule of Evidence 703.  It is further

**ORDERED** that, as stated at the conference and pursuant to Rule 403, any NBC or Dateline logos are potentially prejudicial and have no probative value and shall be removed from exhibits on which they appear.  It is further

**ORDERED** that Exhibit P93 is excluded in part and admitted in part.  The photo of the exterior of the prison building with the green truck in front and blue sky and a flag is admitted provided the Dateline logo is removed.  The remaining photos in Exhibit P93 are excluded under Rule 403.  Plaintiff seeks their admission to show what prison looked like.  The one admitted photo does that.  The remaining photos, as Defendants point out, are apparently staged photos by journalists and film editors, and they appear intended to elicit a sympathetic emotional response, and in that respect are prejudicial.  They have little if any probative value.  It is further

**ORDERED** that exhibit P94 is excluded under Rule 403 because its prejudice outweighs its probative value and under Rules 802 and 803 as hearsay.  The exhibit comprises a selection of letters by Plaintiff to his loved ones from prison.  They are offered by Plaintiff and contain his

own hearsay statements, and are a selection of presumably many more letters and may not present a representative view. They are also cumulative of testimony Plaintiff will likely offer at trial. They are prejudicial in that they present Plaintiff's experience in the highly emotional setting of Plaintiff's intimate written communications with his spouse and children. This ruling does not preclude offering particular letters or parts of letters under FRE 801(d)(1)(B)(i), if and when appropriate, "to rebut an express or implied charge that the declarant recently fabricated his testimony." It is further

**ORDERED** that the time allocated to the parties shall be reduced for each side's respective deposition designations. The parties shall agree on the total time of designations to be presented to the jury and the percentage of that time to be deducted from each side's total trial time. It is further

**ORDERED** that Defendants shall file a letter by **December 29, 2021**, proposing a deadline to email to the Court counter-designations for Fernando Torres and Lymari Leon. It is further

**ORDERED** that, as to the Silverman Deposition, the references to Silverman's robbery investigation are probative to the defense in that they provide a basis for why Silverman may have identified Rosario as a suspect in the Collazo shooting. The Court previously held that Rosario's robbery conviction is not admissible. That ruling is refined and modified as follows: Rosario's guilty plea, conviction and sentence for robbery are not admissible, including as an alternative contributing factor on the issues of causation and damages as they are more prejudicial then probative for the reasons already stated. However, the robbery investigation and Rosario's status as a suspect are admissible because of their possible probative value on the issue of probable cause. To the extent there were rulings on the admissibility of exhibits based on the

prior robbery ruling, counsel may request reconsideration by letter.  Portions of the Silverman Deposition are admitted and excluded as indicated in the following table:

| ADMITTED (except lawyers' objections and statements) | EXCLUDED |
|---|---|
| **VOLUME I** (PDF Page numbers) ||
| B29:2-13 | B36:2 – 38:7 |
| Y43:25 – 44:19 | B41:8-19 |
| P74:11 – Y75:15 | B41:23 – 42:12 |
| B82:20 – 83:16 | Y45:17 – 46:12 |
| Y97:13-16 | Y48:2 – 49:2 |
| Y101:2 – 101:24 (except 101:14-15) | Y:53:10-21 |
| Y114:12-21 | Y:56:10 – 57:6 |
| YP125:4 – 126:5 (except 125:24-25) | B57:7 – 59:7 |
| Y129:4-16 | Y:61:5-18 |
| Y130:24 – B132:14 | B:61:19-23 |
| Y148:10 – 149:13 | B62:2 – 63:18 |
| Y169:9-10, :19-24 | Y:68:3 – 68:15 |
| YB169:19 – 170:21 | YP128:5-22 |
| B171:6-20 | Y141:7 – 143:4 |
| B182:13 – 183:13 | B173:2 – 174:3 |
| Y185:20 – B188:25 | B163:14 – 167:13 |
| Y196:13-22 | B168:3-6 |
| Y202:24 – 203:10 | B173:2 – 174:3 |
| B209:6 – 210:5 (except 209:22-25) | Y188:17 – B190:15 |
| B213:10 – Y215:4 | B193:6-15 |
| Y216:14 – 217:13 | G194:13 – Y195:5 |
| B206:9 – Y207:13 | Y:228:17-23 |
| Y219:6 – 220:16 | |
| **VOLUME II** (PDF page numbers) ||
| B8:4-14 | B7:23 – 8:3 |
| B17:9-17 | BY23:23 – 24:5 |
| Y24:6-10 | B24:14 – 28:12 |
| B57:10-18 | Y28:13-22 |

| | |
|---|---|
| B58:5 – 59:7 | BY28:23 – 30:12 |
| YB84:5 – 87:19 | B52:23 – 57:9 |
| Y89:11 – 90:4 | Y59:8 – 63:13 |
| BY98:21 – 102:14 | Y69:4-9 |
| Y111:25 – 112:9 | YB72:6 - 74:15 |
| Y114:7 – 115:6 | B76:8 – 84:4 |
| Y116:15 – 117:7 | Y113:5-19 |
| YB117:19 – 118:25 | Y188:5 - 189:12 |
| Y122:8 – 123:3 | Y195:2 – 196:3 |
| Y138:2-6 | Y201:3 – 202:18 |
| Y164:7-18 | P218:9 – 219:25 |
| Y193:9-17 | Y228:21 – 229:15 |
| Y196:4-21 | Y235:25 – 236:12 |
| YPG202:19 – 204:2 | Y239:7-20 |
| G205:3-10 | |
| G209:7 – 210:7 | |
| Y213:18-22 | |
| Y225:10 – 226:20 | |
| Y:239:21-25 | |

It is further

**ORDERED** that the parties shall review the attached COVID-19 protocols and advise the Court as soon as practicable if any essential trial participant becomes unavailable pursuant to the Court's COVID-19 protocols.

Dated: December 27, 2021
New York, New York

_____
LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

                                                              Chief Judge
                                                              Laura Taylor Swain

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| IN RE: CORONAVIRUS/COVID-19 PANDEMIC | M10-468 |
|---|---|
| THIS MATTER RELATES TO: Restrictions on Entry to the Courthouses | TENTH AMENDED STANDING ORDER |

       In the interest of public health and safety, and after consideration of public health guidelines issued by the Centers for Disease Control and Prevention, New York State, New York City, Westchester County, and other public health authorities, the United States District Court for the Southern District of New York hereby orders that, effective immediately and until this order is rescinded,

       IT IS HEREBY ORDERED that any person who has tested positive for COVID-19, or been told by a health-care provider to assume they have COVID-19 due to symptoms or other factors, in the past 10 days is not permitted to enter the courthouses.

       IT IS HEREBY ORDERED that any person who has experienced symptoms of COVID-19 in the past 10 days, including fever, cough, shortness of breath or difficulty breathing, extreme fatigue, nausea or vomiting, congestion or runny nose, muscle or body aches, headache, sore throat, new loss of taste or smell, and diarrhea, must consult the memorandum titled COVID-19 Protocols Following Symptoms or Exposure to COVID-19, which can be found on the Court's website at https://www.nysd.uscourts.gov/covid-19-coronavirus, to determine whether they can enter the courthouses.

       IT IS HEREBY ORDERED that any person who has been in close contact with anyone with COVID-19 in the past 14 days must consult the memorandum titled COVID-19 Protocols Following Symptoms or Exposure to COVID-19, which can be found on the Court's website at https://www.nysd.uscourts.gov/covid-19-coronavirus, to determine whether they can enter the courthouses.

IT IS HEREBY ORDERED that any person who has been in close contact with anyone with symptoms of COVID-19 in the past 14 days must consult the memorandum titled COVID-19 Protocols Following Symptoms or Exposure to COVID-19, which can be found on the Court's website at https://www.nysd.uscourts.gov/covid-19-coronavirus, to determine whether they can enter the courthouses.

IT IS HEREBY ORDERED that any person who has traveled in the past 10 days must follow the protocols that are set forth in the memorandum titled COVID-19 Protocols Following Travel, which can be found on the Court's website at https://www.nysd.uscourts.gov/covid-19-coronavirus, to determine whether they can enter the courthouses.

IT IS HEREBY ORDERED that the following persons may not enter any courthouse in the Southern District of New York:

- Unvaccinated persons who have been on a cruise ship or river voyage in the past 10 days.

- Unvaccinated persons who have attended an indoor gathering of more than 50 people at a private residence in the past 14 days, including but not limited to parties, celebrations or other social events.

- Unvaccinated persons who have been released from a federal, state or local jail, prison or other correctional institution within the last 14 days, except those who are reporting to be fit with a location monitoring device.

- Persons who do not meet the criteria for entry as determined by the SDNY COVID-19 entry questionnaire, which can be accessed at https://www.nysd.uscourts.gov/covid-19-coronavirus.

*Fully vaccinated is defined as being 2 or more weeks after the final dose (e.g., first for Janssen/Johnson & Johnson, second for Pfizer and Moderna) of the vaccine approved by the FDA or authorized by the FDA for emergency use.  Vaccines that are not authorized by the U.S. Federal Drug Administration (FDA) for emergency use or approved by the FDA do not satisfy this definition.

**Anyone attempting to enter in violation of these protocols will be denied entry by a Court Security Officer**.

Anyone who has business in one of the courthouses of the Southern District of New York, but who cannot enter because of this order, should do the following:

- Persons who are represented by an attorney should contact their attorney;

- Attorneys or pro se litigants who are scheduled to appear in court before a judge should contact the judge's chambers directly (contact information may be found in the Judges' Individual Practices on the court's public web page);

- Persons who are scheduled to meet with a Pretrial Services Officer should contact the Office of Pretrial Services at (212) 805-4300;

- Persons who are scheduled to meet with a Probation Officer should contact the Probation Office at (212) 805-0040;

- Jurors should contact the Jury Department at (212) 805-0179;

- Employees reporting to work at the courthouse should contact their supervisor;

- Persons having any other business with the United States District Court for the Southern District of New York should contact the Clerk of Court at (212) 805-0140;

- Persons having business with the United States Court of Appeals for the Second Circuit should contact Catherine Wolfe, Clerk of Court, at (646) 584-2696;

- Persons having business with the United States Bankruptcy Court for the Southern District of New York should contact Bankruptcy Court Services at (212) 284-4040;

- For all other matters, please contact the District Executive's Office at (212) 805-0500.

IT IS FURTHER ORDERED that each person who comes to one of the courthouses of the Southern District of New York for any reason must pass through the following entry screening process:

- Answer screening questions about COVID-19 vaccination status, COVID-19 symptoms and potential exposure. A person whose answers indicate that they are at increased risk of being contagious with COVID-19 will not be permitted to enter the courthouse.[1]

- If unvaccinated (or not yet fully vaccinated), have their temperature taken, using a contactless thermometer. A person with a temperature of 100.4 degrees or higher will not be permitted to enter the courthouse.

---

[1] Authorized employees and other persons who have received a Court sticker confirming their vaccination status must review and comply with the entry criteria at https://www.nysd.uscourts.gov/covid-19-coronavirus.

3

- Wear a N95, KN95 or KF94 mask that covers the person's nose and mouth. Bandannas, gaiters, masks with valves, surgical masks and cloth masks are not permitted. If a person does not have an approved mask, a screener will provide one.

- Apply hand sanitizer, which will be available at all courthouse entrances.

IT IS FURTHER ORDERED that while in the courthouse, all persons must comply with the following rules:

- **Face Coverings:** For masking rules specific to participants in courtroom proceedings, please see the document titled COVID-19 Courtroom Protocols on the Court's website in the section titled SDNY Response to COVID-19. In all other public areas of the courthouse (including courtroom galleries, hallways, public counters, elevators) all persons must wear a N95, KN95 or KF94 mask that covers their nose and mouth. All persons must also wear a N95, KN95 or KF94 mask in all non-public shared space/common areas where more than one person is assigned to work. These rules apply unless a specific exception has been requested and approved by the Court's COVID-Response Team prior to an individual's entry to the courthouse.

- **Social Distancing:** For distancing rules specific to participants in courtroom proceedings, please see the document titled COVID-19 Courtroom Protocols on the Court's website in the section titled SDNY Response to COVID-19. All persons must adhere to safe social distancing rules as indicated by markings on floors and benches, or as directed by court staff. . If you are standing in line, you must keep six feet away from the person in front of you and behind you, unless you are taking care of a small child or assisting someone with special needs. Elevator capacity will be limited as posted. ..

- **Instructional Signage:** You must abide by all health and hygiene signage throughout the courthouses, including signage regarding masks, social distancing, occupancy restrictions, and hand washing.

Anyone who fails or refuses to abide by these rules will be required to leave the courthouse immediately.

This order supersedes and replaces the Ninth Amended Standing Order on Restrictions to Entry to Courthouses that was entered on August 6, 2021, and will remain in place until further notice.

People who think they may have been exposed to COVID-19 should contact their healthcare provider immediately.

ENTERED this 22nd day of December, 2021, at New York, New York.

_____
LAURA TAYLOR SWAIN
Chief United States District Judge



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

*Office of the District Court Executive*

LAURA TAYLOR SWAIN  
*Chief Judge*

EDWARD A. FRIEDLAND  
*District Court Executive*

MEMORANDUM

TO: All Persons

FROM: The SDNY COVID Response Team

DATE: December 22, 2021

SUBJECT: COVID-19 PROTOCOLS FOLLOWING SYMPTOMS OR EXPOSURE TO COVID-19

---

Effective today, the following COVID-19 Protocols apply:

If you have had symptoms of COVID-19 in the past 10 days that are not explained by allergies or another underlying condition, including fever, cough, shortness of breath or difficulty breathing, extreme fatigue, nausea or vomiting, congestion or runny nose, muscle or body aches, headache, sore throat, new loss of taste or smell, and diarrhea:

- If you are **unvaccinated**, you are not permitted to enter the courthouse.

- If you are **fully vaccinated**, you may enter the courthouse provided your symptoms have resolved and you received a negative result on a molecular diagnostic test (e.g., PCR).

If you have been in **close contact*** with someone with COVID-19 in the past 14 days:

- If you are **unvaccinated**, you are not permitted to enter the courthouse.

- If you are **fully vaccinated and have ongoing exposure to the infected person** (e.g., they reside with you), you must wait until the infected person's 10-day isolation period has ended before you may enter the courthouse.  You must take a molecular diagnostic test (e.g., PCR) no sooner than

      5 days after the infected person's isolation period has ended.  You may enter the courthouse prior to taking your test, and while your test results are pending.

- If you are **fully vaccinated and do not have ongoing exposure to the infected person**, you may enter the courthouse, but you must take a molecular diagnostic test (e.g., PCR) no sooner than 5 days following your exposure.  You may enter the courthouse prior to taking your test, and while your test results are pending.

If you have been in **close contact\*** in the past 14 days with someone who has exhibited symptoms of COVID-19 that are not explained by allergies or an underlying condition, but has not been diagnosed with COVID-19:

- If you are **unvaccinated**, you are not permitted to enter the courthouse.

- If you are **fully vaccinated**, you are permitted to enter the courthouse.

If you live with someone who is currently under quarantine due to close contact with an individual who tested positive for COVID-19:

- If you are **unvaccinated**, you are not permitted to enter the courthouse.

- If you are **fully vaccinated**, you are permitted to enter the courthouse.

\*Close contact is defined as being less than 6 feet away from the infected person for a cumulative total of 10 minutes or more over a 24-hour period (e.g., two individual 5-minute exposures for a total of 10 minutes).

**Any questions regarding the Court's COVID-19 Protocols should be directed to the COVID-19 Response Team at Covid_Response@nysd.uscourts.gov.**