UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                             :

RICHARD ROSARIO,                       :

                      Plaintiff,     :                   18 Civ. 4023 (LGS)

                                        :

-against-                             :

                                        :                   <u>ORDER</u>

THE CITY OF NEW YORK, et al.,      :

                      Defendants.   :
-------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

WHEREAS, the parties filed letters on December 23 and 24, 2021, regarding disputes related to evidence at the upcoming trial;

WHEREAS, the parties state they do not intend to introduce exhibits P136 and P137 at this time, so the Court makes no ruling.  It is hereby

**ORDERED** that, regarding the disputed twenty-two minute video of Plaintiff and the NBC Dateline videos, the parties shall submit to the Court the portions of the videos on which they seek a ruling and that they may actually play.  The parties need not share these excerpts with each other at this time, as the opposing parties have the videos in their entirety and object in their entirety.  The parties shall coordinate with Mr. Street as soon as possible to arrange digital delivery of the videos.  It is further

**ORDERED** that, regarding Plaintiff's vacatur, the Court adopts Plaintiff's language:  "On March 23, 2016, with the prosecution's consent, the New York Supreme Court vacated Rosario's conviction for reasons unrelated to this case, and he was released."  The Court will further instruct, "You the jury must not speculate about the reason for his release as it is not relevant to your deliberations."  Plaintiff shall prepare the instruction and provide it to the Court when Plaintiff requests that the instruction be given.  All references to the vacatur during trial must use the above language.  It is further

**ORDERED** that to the extent Defendants' expert has relied on and previously disclosed and identified specific prior bad acts as a basis for her opinion, then Defendants may elicit those previously identified facts during her testimony as a basis for her opinion.  To the extent that Defendants seek to elicit other prior bad acts, the parties are referred to the prior ruling on Plaintiff's MIL #7 in Dkt. No. 337.  To the extent that Defendants seek to present evidence or elicit testimony regarding bad acts not previously ruled upon, Defendants shall raise the issue no later than during the conference immediately following the trial day preceding the day such evidence is to be presented.  It is further

**ORDERED** that Mr. Gonzalez's testimony concerning an alternate theory for the murder and the loss of Ms. Collazo's brother are precluded.  Plaintiff shall file a letter by **December 28, 2021**, describing any remaining testimony proposed to be elicited and its probative value and Defendant shall respond by **December 29, 2021**.  It is further

**ORDERED** that, regarding Plaintiff's application for access to the Juror List on the day before the trial, the application is denied as Plaintiff cites no authority to warrant production of the names in the venire for the purpose of counsel conducting juror research prior to the trial, and apparently such a production has never been made in the Southern District of New York for such purpose, according to a knowledgeable and decades-long employee in the SDNY jury department.

Dated: December 27, 2021
      New York, New York

                                        LORNA G. SCHOFIELD
                                  UNITED STATES DISTRICT JUDGE

2