```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
RICHARD ROSARIO,                                              :
                                      Plaintiff,              :
                                                              :         18 Civ. 4023 (LGS)
                  -against-                                   :
                                                              :              ORDER
CITY OF NEW YORK, et al.,                                     :
                                      Defendants.             :
------------------------------------------------------------- X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, the jury trial scheduled in this case is scheduled to commence on January 25, 2022, at 9:45 a.m.

WHEREAS, a conference was held on January 12, 2022, to discuss issues in advance of the trial. It is hereby

**ORDERED** that no participant in the trial shall reference a dismissed rape charge contained within Plaintiff's rap sheet because such testimony would be unduly prejudicial and have little to no probative value. It is further

**ORDERED** that the parties shall be prepared to present their opening statements and Plaintiff shall be prepared to call a witness on the first day of trial, if time permits. It is further

**ORDERED** that any video used in cross-examination shall be limited to statements by the witness narrowly tailored to the purpose for which they are used. The cross-examining party shall provide a transcript of the full recorded and unedited statement to the adverse party prior to the trial, and to the Court immediately prior to the cross-examination, and shall identify on the record before playing the video the portion of the transcript being played (e.g., by page and line number or time stamp as indicated on the transcript). It is further

**ORDERED** that when deposition excerpts are presented to the jury (except on live cross

examination), they may be arranged out of order for a single witness to facilitate jury comprehension by the party "calling" the witness, provided that all counter-designations are presented at the same time and in logical order.  The parties shall confer and seek to agree on the presentation, bring any disputes to the Court's attention at least two trial days in advance of the presentation and advise the Court how much time should be allocated to each party for the presentation.  It is further

**ORDERED** that Plaintiff shall file a letter seeking clarification of the Court's ruling on Detective Silverman's deposition designations by **January 14, 2022**.  It is further

**ORDERED** that the parties shall confer about limiting or other interim instructions they intend to propose and file a joint letter by **January 19, 2022**, stating the proposed instructions, whether the parties agree, any issues in dispute and the legal basis for the disputes.  The parties may include any instruction explaining the absence of any person from all or part of the trial.  It is further

**ORDERED** that the parties shall confer regarding demonstrative aids.  If there are any issues, the parties shall file a joint letter by **January 20, 2022**, stating the issue and each party's position on the issue and providing a copy of the demonstrative aid.  It is further

**ORDERED** that Plaintiff shall file the additional photographs that they seek to use during Plaintiff's direct testimony and a joint letter specifying the parties' positions on the admissibility of each photograph where there is any disagreement by **January 19, 2022**.  It further

**ORDERED** that the parties shall confer about potential testimony regarding why Plaintiff's photo was in the mugshot book.  If the parties cannot reach agreement about how to handle any issues, they shall file a joint letter stating the issue, the proposed solution, including

any proposed limiting instruction, and the legal basis for the dispute by **January 18, 2022**.  It is further

**ORDERED** that Plaintiff shall file a letter regarding the availability of Dr. Agharkar by **January 21, 2022**.  It is further

**ORDERED** that Defendants' objection to the order in which Plaintiff's witness Dr. Dysart is presented is overruled.  Dr. Dysart may be called when Plaintiff chooses because her testimony does not depend on anything that will not yet have happened.  It is further

**ORDERED** that if Defendants would like rulings on any exhibits reconsidered in relation to Plaintiff's status as a robbery suspect, then Defendants shall file a letter by **January 18, 2022**.  It is further

**ORDERED** that if Defendants still have concerns about trial participants who have recently tested positive for COVID-19 and those participants are still symptomatic five days after their diagnosis, then Defendants shall email the Court ex parte for the limited purpose of requesting a reference to a Court official overseeing the Court's COVID-19 protocols.  It is further

**ORDERED** that any submissions that are too voluminous to be filed digitally on the docket shall not be emailed, but instead shall be submitted via upload in coordination with Courtroom Deputy James Street.

Dated:  January 13, 2022
       New York, New York

                                      LORNA G. SCHOFIELD
                                   UNITED STATES DISTRICT JUDGE