UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
RICHARD ROSARIO,
                          Plaintiff,

                          18 Civ. 4023 (LGS)
         -against-

                          **ORDER**
CITY OF NEW YORK, et al.,
                        Defendants.
------------------------------------------------------------ X

LORNA G. SCHOFIELD, District Judge:

      WHEREAS, the jury trial scheduled in this case is scheduled to commence on January 25, 2022, at 9:45 a.m.

      WHEREAS, on December 15, 2021, Defendants filed an objection to the Court excusing for cause potential jurors who are not vaccinated.  It is hereby

      **ORDERED** that the objection is OVERRULED.  Given the current conditions of the COVID-19 pandemic in New York, the presence of unvaccinated jurors presents an undue risk of the spread of COVID-19 for vaccinated jurors and an undue risk of disruption to the trial.  The CDC currently reports that the risk of community transmission in New York County is high and that the current case rate is 3,027.68 per 100,000.  Ctrs. for Disease Control and Prevention, *COVID-19 Integrated County View*, https://covid.cdc.gov/covid-data-tracker/#county-view?list_select_state=New+York&data-type=Risk&list_select_county=36061 (Jan. 12, 2022, 8:00 PM).  As another Court in this District found, "Jury service is a civic duty and, while it can be inconvenient, it need not increase the risk of being exposed to a deadly disease." *Joffe v. King & Spalding LLP*, No. 17 Civ. 3392, 2021 WL 5864427, at *1 (S.D.N.Y. Dec. 10, 2021).

      Defendants' first argument is that a jury without unvaccinated individuals would undercut diversity.  Defendants do not offer any data in support of this argument.  The latest data

from the State of New York suggests that there are not significant disparities of vaccination rates by race or gender.  For example, 76.5% of males are vaccinated and 80.0% of females are vaccinated.  N.Y. State Dep't of Health, *Demographic Vaccination Data*, https://coronavirus.health.ny.gov/demographic-vaccination-data (Jan. 12, 2022, 11:00 AM).  As to race, African American New Yorkers make up about 1.5 percent more of the total population compared to the vaccinated population and White New Yorkers make up 2.7 percent more -- meaning an all-vaccinated jury might very slightly underrepresent African American and White individuals.  *Id.*  On the other hand, Asian and Hispanic New Yorkers are overrepresented in the vaccinated population.  *Id.*  Nonetheless, race is not expected to play a significant role in the trial and the witnesses and parties themselves have diverse backgrounds, so there is no reason to believe the racial composition of the jury would prejudice the outcome of the trial.  There are some variations of vaccination rates by age.  *Id.*  Younger New Yorkers are much less likely than older New Yorkers to be vaccinated, but there is no reason to expect this variation to influence the jury's impartiality.

Defendants' second argument is that foreclosing jury service to unvaccinated individuals implies that only certain people can participate in jury duty, and that those people should be able to fulfill their civic responsibilities as impartial jurors.  There is no doubt that unvaccinated individuals can serve as impartial jurors.  The concern warranting the exclusion of unvaccinated jurors currently is one of safety of all participants in the trial and, ultimately, a desire to reduce the risk of disruption.  *See Joffe*, 2021 WL 5864427, at *4-5.  Further, the decision to exclude unvaccinated jurors from this trial in this moment, while the Omicron variant is taking hold, is not meant to foreclose unvaccinated individuals from fulfilling their civic duty at some point in the future when the risks of catching and spreading COVID-19 are not so high.

Defendants' third argument is that there are safety protocols in place in the courthouse so unvaccinated jurors will not pose any issues. While there are protocols in place within the courthouse, the risk of unvaccinated jurors is that they may disrupt the procedures because they are more likely to catch COVID-19 outside of the courthouse. *See id.* at *5.

Defendants' fourth argument is that jurors are typically only excluded for cause where they cannot decide a case fairly and impartially. This argument overlooks the Jury Selection and Service Act of 1968, which provides courts with the authority to exclude any person summoned for jury service "on the ground that . . . his service as a juror would be likely to disrupt the proceedings." 28 U.S.C. § 1866(c); *see also Joffe*, 2021 WL 5864427, at *4-5 (discussing the higher risk of disruption posed by unvaccinated jurors).

To the extent Defendants are concerned that this Order forecloses unvaccinated witnesses or parties from participating in the trial, their concern is misplaced. The issue Defendants object to is the excusing of unvaccinated jurors for cause, not the participation of unvaccinated witnesses or parties.

Dated:  January 13, 2022
       New York, New York

                                                LORNA G. SCHOFIELD
                                           UNITED STATES DISTRICT JUDGE