## PRELIMINARY INSTRUCTIONS

The purpose of this questionnaire is to provide information to the Court and the attorneys in this case, so that they can determine whether you can be a fair and impartial juror. Please read the following instructions carefully before completing any portion of this questionnaire. Please print your juror number in the space provided at the top of each page.

**YOU ARE SWORN TO GIVE TRUE AND COMPLETE ANSWERS TO ALL QUESTIONS IN THIS QUESTIONNAIRE**. The questions are not intended to inquire unnecessarily into personal matters. Although some of the questions may appear to be of a personal nature, please understand that the Court and the parties must learn enough information about each juror's background and experiences to select a fair and impartial jury.

Please answer every question. If you do not understand a particular question or do not know the answer, please write either "I do not understand" or "I do not know." If you feel a question does not apply to you write "N/A." Please answer each question fully. Some questions have more than one part. There are no "right" or "wrong" answers, only truthful answers. Remember, you are sworn to give true and complete answers to all questions.

If you need extra space for any answer, please use the blank sheets of paper included at the end of the questionnaire. Be sure to indicate on the blank page the number of the question you are answering. Do not write anything on the back of any page.

If you believe that any of your answers contain private information that could embarrass you or otherwise seriously compromise your privacy and wish to request that the Court keep them confidential and not distribute them beyond the judge and the attorneys in the case, you may indicate that on one of the blank pages at the end of this form. (Please identify the specific answer or answers that you believe should remain confidential.) After a jury has been selected, all copies of your responses to the questionnaire will be destroyed, except one copy which the judge will keep.

**DO NOT DISCUSS YOUR QUESTIONS AND ANSWERS OR THE CASE WITH ANYONE, NOW OR UNTIL FURTHER INSTRUCTED BY THE COURT.** You should not discuss the questions or answers with fellow jurors. It is very important that your answers be your own individual answers. More broadly, do not discuss the case with anyone, including the lawyers, your fellow jurors, your family, your friends, or anyone else. Do not communicate about the case in any way, including by text, telephone, e-mail, or social media (like Facebook or Twitter). You must also avoid reading or hearing about the case (or anyone participating in the case) in newspapers, in magazines, on the radio or television, or on the Internet.

**DO NOT READ, WATCH, OR LISTEN TO ANY INFORMATION ABOUT THIS CASE OR CONDUCT YOUR OWN RESEARCH ON THE CASE.** Do not conduct any research into the case (or anyone participating in the case) at any time before your entire jury service has been completed. That includes performing Internet searches, asking other people about the case, reading news stories, books, or reports about the case, or watching films or television programs that relate to the case.

## <u>SUMMARY OF THE CASE</u>

**The Court is selecting a jury for an approximately three-week trial beginning July 25, 2022. The trial should end by around Friday, August 12, but may last a few days less or more. We generally will not sit on Fridays.**

      Richard Rosario was arrested on July 1, 1996, for the Bronx murder of Jorge Collazo. In 1998, a jury convicted Rosario of the murder and he was sentenced to prison. In 2016, Rosario's conviction was vacated, and he was freed from prison. In this lawsuit, Rosario claims that the Defendants violated his constitutional rights, or failed to intervene in a violation of his rights, and caused him to be wrongly prosecuted for murder. Each of the Defendants denies any wrongdoing and asserts that they acted lawfully in connection with the prosecution of the plaintiff.[1]

---

[1] Defendants are respectfully requesting the Court modify the previously approved case description, as set forth herein.

**I.**  **<u>Background</u>[2]**

1. Name: _____
   First                                        Middle/Maiden                                   Last

2. What borough or county do you live in? _____

   Do you live in Queens, Brooklyn or Staten Island?          ❑Yes   ❑No

3. What is your age?  _____

4. Are you fully vaccinated from COVID-19 (People are fully vaccinated if more than two weeks have passed since their second dose of the Pfizer or Moderna vaccine or their single dose of Johnson and Johnson's Janssen vaccine?[3]
   ❑Yes   ❑No

5. Are you more than 6 months out from your second mRNA dose or more than 2 months from the J&J vaccine?
   ❑Yes   ❑No

6. Did you receive your booster?
   ❑Yes   ❑No

7. What is your current employment status?  (*Please check all that apply*)

   ❑ Employed Full-time  ❑ Employed Part-time  ❑ Homemaker  ❑ Looking for work (for how long? _____ )

   ❑ Student   ❑ Disabled   ❑ Retired      ❑ Self-employed   ❑ Unemployed (for how long?_____ )

8. What is your current occupation?  (If you are retired, unemployed, looking for work, or a homemaker, please describe the last job you held outside the home)

   Employer: _____

   Job title: _____ How long you have you held this position: _____

   Job duties/responsibilities: _____

9. List other jobs you have held in the past 5 years, including self-employment, beginning with the most recent.  Please also briefly describe the job duties you had, including whether you were a supervisor.

| Employer | Approx. Dates of Employment | Jobs Held | Duties |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

---

[2] Defendants object to the questions set forth in this section as they were not included in the Court's previously approved *voir dire*. Defendants have no objection to this information being elicited during jury selection, except as otherwise noted.  Defendants note that the Court previously denied plaintiff's request to be provided with a list of prospective jurors in advance of jury selection.  Defendants respectfully submit that the questions in this section would enable counsel to identify and research prospective jurors before jury selection, increasing the likelihood that the jury selection process might be infected by information of which the Court and opposing counsel are unaware.

[3] Defendants object to the inclusion of questions relating to vaccination status in light of the Court's vacatur of its prior Order regarding the exclusion of unvaccinated jurors for cause. (ECF Nos. 366 and 375).

| | | | |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

10. What level of school did you reach?

☐ Less than high school ☐ High school graduate ☐ Some college ☐ Trade school

☐ Associates Degree ☐ College graduate ☐ Post-grad/Masters ☐ Ph.D./M.D./Ed.D./J.D.

Degrees: _____ Major areas of study: _____

11. Who lives with you? (*Please check all that apply*):
☐ Spouse or Domestic Partner ☐ Child or Children ages: _____ ☐ Roommate(s) ☐ Live Alone

12. What kind of work do the members of your household do; or if retired, what did they do? __

_____

_____

13. What social, civic, professional, labor (including unions), religious, or other organizations do you participate in?

_____

14. Are you a leader in any of these organizations? ☐ Yes ☐ No

15. Please name where you get your news, i.e., the name of the newspapers, magazines, websites or news apps:

_____

16. What topics do you enjoy reading about in newspapers, books, or magazines? _____

_____

17. What sort of things do you do in your spare time? _____

_____

## II.    Introductory Questions

18. Have you read or heard anything about this lawsuit or the events leading up to it?

❑ Yes  ❑ No ❑ Unsure

Please describe what you have read or heard: _____

_____

19. Do you believe you cannot be fair an impartial in a case involving the allegations described above?

❑ Yes   ❑ No

If **YES** , please explain: _____

20. Do you believe you cannot be fair and impartial in a case involving Richard Rosario, Gary Whitaker, Irwin Silverman, Charles Cruger, Joseph Fortunato, Richard Martinez, Edward Monks, and the City of New York? [4]

❑ Yes        ❑ No

If **YES**, please explain:_____

21. Do you believe that you will be able to apply the law as the Court explains it, including about how much—if any—money any party may recover, even if you disagree with it?[5] ❑ Yes   ❑ No ❑ Unsure

If **NO** or **UNSURE**, please explain: _____

22. Do you have any physical or personal problems that would prevent you from serving in this case, which may last up to three weeks?

❑ Yes   ❑ No

If **YES**, please explain: _____

23. Do you have any difficulty with your sight or hearing that could affect your perception of the proceedings?

❑ Yes   ❑ No  ❑ Unsure

If **YES** or **UNSURE**, please explain: _____

24. Do you take any medication that would prevent you from giving your full attention to all the evidence?

❑ Yes   ❑ No

If **YES**, please explain: _____

25. Do you have any difficulty in reading or understanding English?  ❑ Yes   ❑ No  ❑ Unsure

If **YES** or **UNSURE**, please explain: _____

26. Do you NOT live in Manhattan, the Bronx, or one of the following counties: Westchester, Rockland, Putnam, Orange, Dutchess, or Sullivan?

❑ Yes   ❑ No

Do you live in Queens, Brooklyn, or Staten Island?

❑ Yes   ❑ No

---

[4] The defendants object to the inclusion of Silverman, Fortunato, and Monks, who are no longer defendants in this matter. The defendants reiterate their objection to identifying the City of New York as a defendant, as the City is only a defendant on a theory of *respondeat superior*, rather than direct liability.  The *voir dire* contains sufficient other questions regarding any potential connections between prospective jurors and the City, its agencies, and its employees that this reference is unnecessary.

[5] Plaintiff consents to this question if it were altered to change "if any" to "if any defendant is found liable" and change "any party" to the Plaintiff to be consistent with the law.

**III.    Case Specific and Other Questions**

27. Have you, a family member, or anyone close to you ever been employed by any of the following (*check all that apply*)?  If **YES**, please explain below.

| | | | | |
|---|---|---|---|---|
| Local, State, or Federal Government Agency | ❑ Self | ❑ Family member | ❑ Someone close | ❑ No |
| New York City Agency or other city agency (e.g., dept. of corrections, police dept., fire dept., sanitation dept) | ❑ Self | ❑ Family member | ❑ Someone close | ❑ No |
| Law Enforcement | ❑ Self | ❑ Family member | ❑ Someone close | ❑ No |

If **YES**, please identify the person and explain: _____

How many years of employment: _____    Name of employer: _____

28. Have you, a family member, or anyone close to you ever attended any protests or demonstrations related to police activity, whether for or against?

❑ Yes, I have ❑ Yes, a family member has ❑ Yes, someone close has            ❑ No

If **YES**, is there anything about that experience that would affect your ability to be fair and impartial in this case?:____

_____

29. Have you, a family member, or anyone close to you ever been the victim of or eyewitness to a violent crime?

❑ Yes, I have         ❑ Yes, a family member has         ❑ Yes, someone close has         ❑ No

If **YES**, please identify the person and explain:_____

30. Have you or has anyone close to you ever had an interaction with a law enforcement officer that would affect your ability to be fair and impartial in this case?

❑ Yes, I have         ❑ Yes, a family member has         ❑ Yes, someone close has         ❑ No

If **YES**, please identify the person and explain:_____

31. Have you, a family member, or anyone close to you ever been detained in a jail, prison, or other correctional facility?

❑ Yes, I have         ❑ Yes, a family member has         ❑ Yes, someone close has         ❑ No

If **YES**, please identify the person and explain:_____

32. Have you, a family member, or anyone close to you ever been charged for a crime you or they did not commit?

❑ Yes, I have         ❑ Yes, a family member has         ❑ Yes, someone close has         ❑ No

If **YES**, please identify the person and explain:_____

33. Do you believe that a police officer is more likely to tell the truth simply because he or she is a police officer?
❑ Yes        ❑ No
If **YES**, please explain:_____

34. Would you tend to give more or less weight to the testimony of a witness who is a law enforcement officer or prosecutor than other witnesses?
❑ Yes        ❑ No

If **YES**, please explain:_____

35. Have you, a family member, or someone close to you ever been a party to a lawsuit?

❑ Yes    ❑ No

If **YES,** please explain who was involved, their role in the lawsuit, and how the lawsuit or claim was resolved:

_____

_____

36. Did anything happen during the lawsuit or claim that might affect your ability to be fair and impartial in this case? [6]
❑   Yes    ❑ No    ❑ Not applicable

If **YES**, please explain: _____

_____

37. Have you ever served on a grand jury?    ❑ Yes   ❑ No

If **YES**, when and where?: _____

If **YES**, did anything happen during your time as a grand juror that might affect your ability to be fair and impartial in this case?   ❑ Yes  ❑ No

If **YES**, please explain: _____

_____

Were you the grand jury foreperson?   ❑ Yes   ❑ No

38. Have you ever served on a trial jury?    ❑ Yes   ❑ No

Please describe each case (do not reveal the nature of the verdict):

| Civil or Criminal | Type of Case (e.g. personal injury, homicide, etc.) | Did you reach a verdict, did the jury hang, or was the case settled? | Were you the jury foreperson? (Y/N) |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

39. Do you, a family member, or someone close to you have any legal training?

❑ Yes, I have         ❑ Yes, a family member         ❑ Yes, someone close         ❑ No

If **YES**, please identify the person and explain:_____

If **YES**, would this prevent you from applying the law as I instruct you?: _____

40. Will you accept the Court's instruction that you are not to discuss the case with anyone, including attorneys you may know, until you are excused as a juror?  ❑ Yes   ❑ No

41. Do you, a family member, or anyone close to you have experience, education, or training involving any of the

_____

[6] Defendants object to this question to the extent it was not included in the Court's approved *voir dire*.

following? [7]

| | | | | |
|---|---|---|---|---|
| Law | ❑ Self | ❑ Family member | ❑ Someone close | ❑ No |
| Law Enforcement | ❑ Self | ❑ Family member | ❑ Someone close | ❑ No |
| Criminal Justice | ❑ Self | ❑ Family member | ❑ Someone close | ❑ No |
| Mental Health | ❑ Self | ❑ Family member | ❑ Someone close | ❑ No |

If **YES**, please identify the person and explain: _____

Please describe the training or experience in any areas checked above for you, a family member, or someone close

to you: _____

_____

_____

42. Is there anything about the nature of the arguments summarized on the first page or the parties involved that will make it difficult for you to consider the evidence, the arguments of the attorneys, and the Court's instructions on the law, with an open mind? [8]   ❑ Yes  ❑ No

If **YES**, please explain: _____

43. Are you the primary caretaker for someone in need of daily care or assistance? [9]  ❑ Yes   ❑ No

If **YES**, please explain: _____

44. Will you be paid your regular salary while serving as a juror? [10]  ❑ Yes   ❑ No    ❑ Not applicable

45. This trial is expected to last approximately three weeks beginning Monday, July 25, 2022, and continuing Monday to Thursday thereafter.  Do you have a <u>severe</u> hardship that would prevent you from serving as a juror in this case? [11]

❑ Yes   ❑ No   ❑ Unsure

If **YES** or **UNSURE**, please explain: _____

_____

_____

46. Is there any reason (e.g., religious or philosophical) you would you find it difficult to serve as fair and impartial juror in this case? [12]  ❑ Yes  ❑ No  ❑ Unsure

---

[7] Defendants object to this question to the extent it was not included in the Court's approved *voir dire* and is subsumed by other questions.

[8] Defendants object to this question to the extent it was not included in the Court's approved *voir dire* and is subsumed by other questions.

[9] Defendants object to this question to the extent it was not included in the Court's approved *voir dire* and is subsumed by other questions.

[10] Defendants object to this question to the extent it was not included in the Court's approved *voir dire* and is subsumed by other questions.

[11] Defendants object to this question to the extent it was not included in the Court's approved *voir dire* and is subsumed by other questions.

[12] Defendants object to this question to the extent it was not included in the Court's approved *voir dire*, and on the grounds that it is suggestive and subsumed in other more general questions. If the Court is inclined to include this question, defendants respectfully request

==Please explain:== _____

==47. Do you have concerns about the financial impact of the COVID-19 crisis that might impact in any way your ability to award damages in this case?[13] ❑ Yes ❑ No==

==If **YES**, please explain:== _____

==48. In general, I think damages awards from civil lawsuits are?[14] ❑ Too High ❑ Too Low ❑ Just Right ❑ Unsure/No Opinion==

==Please explain:== _____

==49. Is there anything else that you think the Court or the parties should know about you? [15] ❑ Yes ❑ No ❑ Unsure==

==If **YES** or **UNSURE**, please explain:== _____

**IV.  Parties and Counsel**

50. The Plaintiff is Richard Rosario. Do you know, or have you had any dealings with him? ❑ Yes ❑ No

   If **YES**, please explain: _____

51. Mr. Rosario is represented by attorneys Nick Brustin, Emma Freudenberger, Anna Benvenutti Hoffmann, Amelia Green, Katherine Haas, and Gerardo Romo from the firm Neufeld Scheck & Brustin, LLP. Do any of you know any of them or have you had any dealings with them or their firms? ❑ Yes ❑ No

   If **YES**, please explain: _____

==52. The Defendants are Gary Whitaker, Richard Martinez, Charles Cruger and the City of New York.[16] Do you know, or have you had any dealings with them? ❑ Yes ❑ No==

==If **YES**, please explain:== _____

53. The Defendants are represented by Hannah Faddis from the New York City Law Department. Do you know her or have you had any dealings with her or the New York City Law Department?[17] ❑ Yes ❑ No

   If **YES**, please explain: _____

54. Have any of you or anyone close to you ever been employed by or applied for employment with these law firms or the New York City Law Department? ❑ Yes ❑ No

   If **YES**, please explain: _____

---

the opportunity to propose more neutral language.

[13] Defendants object to this question to the extent it was not included in the Court's approved *voir dire* and on the grounds it is suggestive and confusing. If the Court is inclined to include this question, defendants respectfully request the opportunity to propose more neutral language.

[14] Defendants object to this question to the extent it was not included in the Court's approved *voir dire* and on the grounds it is suggestive and confusing. If the Court is inclined to include this question, defendants respectfully request the opportunity to propose more neutral language.

[15] Defendants object to this question to the extent it was not included in the Court's approved *voir dire* and on the grounds it is suggestive and confusing. If the Court is inclined to include this question, defendants respectfully request the opportunity to propose more neutral language.

[16] The defendants reiterate their objection to identifying the City of New York as a defendant, as the City is only a defendant on a theory of *respondeat superior*, rather than direct liability. The *voir dire* contains sufficient other questions regarding any potential connections between prospective jurors and the City, its agencies, and its employees that this reference is unnecessary.

[17] Additional trial counsel will be assigned closer to trial.

55. Have you or has anyone close to you ever had a dispute with these parties or their lawyers? ❑ Yes   ❑ No

    If **YES**, please explain: _____

56. Do you personally know or have you had any dealings with the following people?:

    If **YES**, please circle the name and explain the nature of the relationship in the lines provided below.

| | |
|---|---|
| Bhushan Agharkar, M.D., D.F.A.P.A. | Minerva Rosario |
| Charles Cruger | Richard Rosario |
| Robert Davis | Chenoa Ruiz |
| Jennifer Dysart, Ph.D. | Michael Sanchez |
| Steven Fayer, M.D. | Michael Serrano |
| Detective Joseph Fortunato | Irwin Silverman |
| Joyce Hartsfield | Dan Slepian |
| Steven Kaiser | Fernando Torres |
| Lymari Leon | Jenine Torres |
| Carl Loewenson, Jr. | John Torres |
| Carlos Maldonado, Jr. | Nicole Torres |
| Richard Martinez | Gary Whitaker |
| Vivene Martinez | |
| Detective Edward Monks | |
| DeAnsin Parker, Ph.D | |
| Jeanne Petrauskas | |

   ***Explain nature of relationship:***

## DECLARATION

I, _____ declare under penalty of perjury that the foregoing answers set forth
        *(print name)*

in this Jury Questionnaire are true and correct to the best of my knowledge and belief.  I have not discussed my
answers with others, or received assistance in completing the questionnaire.

Signed this ____ day of July, 2022

_____
                                    *(signature)*

You may use this space to finish any answers which you could not fit in the spaces provided above (include Q number):

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____