UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                             :
RICHARD ROSARIO,                                             :
                                    Plaintiff,               :
                                                             :           18 Civ. 4023 (LGS)
               -against-                                     :
                                                             :                 ORDER
CITY OF NEW YORK, et al.,                                    :
                                    Defendants.              :
                                                             :
-------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on June 3, 2022, the parties filed a joint letter raising a number of pre-trial disputes (Dkt. No. 383). It is hereby

**ORDERED** that for substantially the reasons stated by Plaintiff, Plaintiff's proposed modification to the instruction regarding the NYPD Patrol Guide is adopted. The Court's instruction will be as follows: "Portions of the New York City Police Department Patrol Guide have been received in evidence. A violation of the Patrol Guide is not itself a violation of federal law. Evidence of the Patrol Guide was admitted for your consideration of whether the conduct of the Defendants deviated so egregiously from acceptable police activity as to demonstrate an intentional or reckless disregard for proper procedures. It is important to understand that the issue in this lawsuit is not whether the Defendants violated the Patrol Guide. It is whether the Defendants violated the Plaintiff's Constitutional rights or state law. A particular action might violate a provision of the Patrol Guide without violating the Constitution or state law. Similarly, a particular action might violate the Constitution or state law without violating any provision of the Patrol Guide." It is further

**ORDERED** that Plaintiff is precluded from introducing the additional photographs in Exhibit A (Dkt. No. 383-1) pursuant to Federal Rule of Evidence 403. The photographs have

little, if any probative value, with respect to damages and would be cumulative to testimony Plaintiff is likely to present regarding damages.  The photographs are prejudicial as they tend to elicit a sympathetic emotional response, and the photographs of Plaintiff with Messrs. Loewenson and Maldonado are additionally prejudicial for the reasons stated by Defendant.  It is further

**ORDERED** that Defendants' objection to Plaintiff's proposed instruction with respect to Plaintiff's photograph in the mugshot book is SUSTAINED.  Defendants represent that the mugshot was taken following Plaintiff's arrest for a 1992 robbery with a firearm and possession of stolen property and that he subsequently pleaded guilty to possession of stolen property.  The unqualified statement proposed by Plaintiff might suggest that the photograph was included in the book mistakenly or for an improper reason, which would be prejudicial to Defendants.  Defendants have stated that they do not intend to offer evidence related to that arrest, conviction or the underlying facts and will not suggest to the jury that the photograph evidences a propensity for criminal conduct, which evidence and argument are hereby expressly precluded.  Accordingly, the instruction will be as follows: "You have heard evidence that Richard Rosario's photo was in a mugshot book in 1996.  I instruct you that the presence of Mr. Rosario's photo in this book is not evidence of any wrongdoing in this matter, and you are not to consider it as such or to draw any inference against Mr. Rosario based on the presence of his photo in this book."  It is further

**ORDERED** that the parties are reminded to inform the Court at the time they wish a particular limiting instruction to be delivered.  On the first day of trial, Plaintiff shall provide the Court with previously ordered or agreed upon limiting instructions identified by number to be delivered during the Plaintiff's case in chief to facilitate such requests.  On the morning Defendants begin their case in chief, they shall provide a similar list.  It is further

**ORDERED** that with respect to the presentation of additional alibi witnesses, the parties shall meet and confer to discuss Defendants' conditions and a proposed schedule for the witnesses and file a joint letter by **June 15, 2022**.

Dated: June 8, 2022
       New York, New York

                                              **LORNA G. SCHOFIELD**
                                            **UNITED STATES DISTRICT JUDGE**