UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                              :

RICHARD ROSARIO,                    :

               Plaintiff,    :

                              :        18 Civ. 4023 (LGS)

          -against-         :

                              :          ORDER

CITY OF NEW YORK, et al.,        :

               Defendants. :

                              :
-----------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

WHEREAS, by Order dated December 27, 2021 (Dkt. No. 340), the Court modified its ruling on the admissibility of Plaintiff's 1996 robbery conviction as follows: "Rosario's guilty plea, conviction and sentence for robbery are not admissible, including as an alternative contributing factor on the issues of causation and damages as they are more prejudicial then probative for the reasons already stated. However, the robbery investigation and Rosario's status as a suspect are admissible because of their possible probative value on the issue of probable cause" (the "Modified Ruling").

WHEREAS, on June 3, 2022, Defendants filed a letter (Dkt. No. 384) requesting reconsideration of the Court's prior orders regarding redactions of certain exhibits and cross-examination of Plaintiff in light of the Modified Ruling.

WHEREAS, Plaintiff filed a response on June 7, 2022 (Dkt. No. 385).  It is hereby

**ORDERED** that for substantially the reasons stated by Plaintiff, Defendants' requests to admit Exhibit L (Dkt. No. 388-2) without redactions and to admit Exhibit W (Dkt. No. 388-3) are DENIED pursuant to Federal Rule of Evidence 403.  The redacted portion of Exhibit L states that Plaintiff is "known to this department . . .[and] wanted . . . for Robbery and assault, with an active arrest warrant issued."  Exhibit W is a wanted poster for the robbery and states that Plaintiff is

"CONSIDERED ARMED AND DANGEROUS" and "known to resist arrest."  While Plaintiff's status as a suspect is potentially relevant to the issue of probable cause, these exhibits go beyond merely identifying Plaintiff as a suspect in the robbery and are highly prejudicial by implicating Plaintiff's involvement in an assault and stating that Plaintiff is "armed and dangerous" and known to resist arrest.  It is further

**ORDERED** that Defendants are precluded from cross-examining or otherwise introducing statements made in connection with Plaintiff's allocution to the 1996 robbery pursuant to Federal Rules of Evidence 410(a), 609(b) and 403.  First, Plaintiff's guilty plea was withdrawn and is therefore inadmissible under Rule 410(a).  Second, any statements Defendants would seek to use for impeachment purposes are inadmissible under Rules 609(b)(1) and 403, as the probative value of any such statements does not substantially outweigh the prejudicial effect.  Statements from the allocution are highly prejudicial because they may, in substance, amount to a confession to a crime and are likely to confuse to the jury, particularly in light of the Court's instruction that Plaintiff denies he committed the robbery and no court has found him guilty of the robbery (Dkt. No. 355).  It is further

**ORDERED** that to the extent Defendants believe that certain references to the 1996 robbery in Plaintiff's exhibits no longer warrant redaction in light of the Modified Ruling, prior to **June 24, 2022**, the parties shall meet and confer in an effort to resolve this issue.  As to any unresolved redactions, Defendants shall file a letter by **June 24, 2022,** identifying those exhibits and requesting the redactions be modified or removed.

Dated: June 13, 2022
   New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**