

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

JENNIFER GOLTCHE
*Senior Counsel*
Phone: (212) 356-2469
Fax: (212) 356-3509
jgoltche@law.nyc.gov

June 24, 2022

**BY ECF**
Honorable Lorna. G. Schofield
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    Rosario v. City of New York, et al.,
                  18 CV 4023 (LGS)

Your Honor:

      I am one of the attorneys assigned to represent the Defendants in the above-referenced matter. Pursuant to the Court's June 15, 2022, Order, the parties respectfully write jointly to update the Court as to the status of the presentation of alibi witnesses. (ECF No. 393).

      The parties had a telephone conference on June 16, 2022, to discuss the issue of the presentation of additional alibi witnesses at the upcoming trial. The current ruling on the matter allows Plaintiff to elicit testimony from five alibi witnesses, and that "Plaintiff may allocate any amount of time for alibi witnesses within his twenty-five hour limit." *See* ECF No. 329 at 1.

      Plaintiff reserves the right to elicit testimony from an additional four alibi witnesses. Specifically, Plaintiff may seek to introduce the testimony of Ricky Ruiz, Margarita Torres, Lizette Rivera, and Denise Hernandez. While Ricky Ruiz may be able to testify in-person, Plaintiff's understanding is that Margarita Torres's age and medical conditions would prevent her travel to New York for an in-person appearance. As to Lizette Rivera and Denise Hernandez, Plaintiff will seek to introduce their prior post-conviction testimony in lieu of live testimony.

      **I.**    **Defendants' Position**

      Defendants do not consent to the testimony of the additional four witnesses as their testimony would be irrelevant, cumulative, and unnecessary. Of course, Plaintiff is not required to prove his innocence to succeed on his claims at trial. *Restivo v. Hessemann*, 846 F.3d 547, 559 (2d Cir. 2017). Plaintiff's alleged innocence may be elicited through the five witnesses already

permitted to testify at trial.  This lawsuit is an inappropriate vehicle for plaintiff to relitigate the criminal matter or his purported claims of innocence.

Further, Defendants object to the characterization of these witnesses as "alibi witnesses." Not a single one of them would testify—live or through their prior testimony--as to Plaintiff's whereabouts at the time of the homicide on June 19, 1996.  Rather, they would only offer testimony of Plaintiff's whereabouts in the days, weeks, or even months before and/or after the homicide. Indeed, the previous testimony of Denise Hernandez and Lisette Rivera failed to specify Plaintiff's whereabouts at the time of the crime, and only generally pinpointed that they recalled he was in Florida during some unidentified weeks of June 1996.

Should the Court allow the testimony of the additional witnesses, Defendants request that they all be required to testify in person, not virtually.  Rule 43(a) of the Federal Rules of Civil Procedure provides that witness testimony must generally "be taken in open court."  The Advisory Committee Notes to Rule 43(a) emphasize that live testimony remains the default and preferred method of presenting testimony at trial to gauge the credibility of witnesses, and that "[t]he importance of presenting live testimony in court cannot be forgotten.  The very ceremony of trial and the presence of the factfinder may exert a powerful force for truthtelling.  The opportunity to judge the demeanor of a witness face-to-face is accorded great value in our tradition."  Although Rule 43(a) contemplates that virtual testimony may be permitted where "good cause in compelling circumstances" is shown, no such good cause has been put forth by Plaintiff.  In addition, the Federal Rules indicate a "strong policy favoring live testimony" over deposition testimony. *Kolb v. Cty. of Suffolk*, 109 F.R.D. 125 (E.D.N.Y. 1985).  *See also*, *Banks v. Yokemick*, 144 F. Supp. 2d 272, 274 (S.D.N.Y. 2001).

Federal Rules of Civil Procedure Rule 32 governs the use of deposition transcript in place of live testimony, and as a baseline prerequisite, "the deposition may only be used insofar as it is admissible under the rules of evidence and that the party against whom it is offered was present at or had notice of the deposition."  Fed. R. Civ. P. 32(a)(1).  Rule 32(a)(4) describes the circumstances in which a witness may be deemed unavailable and deposition testimony may be utilized.  These circumstances include when a witness is dead, more than 100 miles from the place of hearing or trial, or the witness cannot attend because of age, illness, infirmity, or imprisonment.

Plaintiff has not satisfied his burden under the Federal Rules.  Plaintiff indicated that Ricky Ruiz is available to testify in person, Margarita Torres is exclusively available virtually, and Plaintiff would seek to use prior testimony of Denise Hernandez and Lisette Rivera.  During our conversation, Plaintiff indicated that Margarita Torres is elderly and suffers from medical conditions that would prevent her attendance for in-person testimony.  However, Plaintiff has offered no reasoning why Denise Hernandez and Lisette Rivera cannot testify in person at trial or justification otherwise to admit their prior testimony in lieu of live testimony.  Plaintiff has failed to meet this prerequisite as Defendants were not present, nor had notice of the depositions taken during the Plaintiff's post-conviction 440 hearing.  Without the baseline prerequisite met, Plaintiff should not be allowed to use the prior testimony of Lisette Rivera and Denise Hernandez. Additionally, with regard to all four witnesses, plaintiff has not proffered sufficient evidence of their unavailability.  As a result, defendants would object to the use of their prior testimony.  If the Court finds the testimony of these witnesses relevant, defendants request that they appear in open court.

As an alternative, Plaintiff now proposes a limiting instruction—nearly identical to one they proposed and this Court previously rejected—conveying to the jury that the court has limited the time and number of witnesses that may be called to testify. *See* ECF No. 374. Defendants object to the proposed alternative charge for the same reasons set forth in *Joint Request to Charge* (ECF No. 372 at 1) which will not be repeated for the sake of brevity.

## II.     Plaintiff's Response

Defendants' suggestion that evidence of Plaintiff's innocence is irrelevant is ludicrous, and this Court already rejected it. *See* ECF No. 308 at 2. The Court could not have been more clear when it stated that "testimony from alibi witnesses bears on Plaintiff's actual innocence and is relevant to Plaintiff's fair trial and malicious prosecution claims." *See id*. at 2-3 (citing *Restivo v. Hessemann*, 846 F.3d 547, 559 (2d Cir. 2017)). Moreover, Defendants have refused to concede Plaintiff's innocence, and will be arguing to the jury that he is guilty, thus clearly putting the question of innocence at issue themselves. The Court should pay no heed to Defendants' argument that additional alibi witnesses are unnecessary because Plaintiff is not required to prove his innocence.

Defendants' incorrect suggestion that these additional four alibi witnesses are not "true" alibi witnesses is equally uncompelling. Ricky Ruiz testified at his deposition that he saw Richard Rosario in Florida on the day John Torres's son was born, which was June 20, 1996, the day after the murder of Jorge Collazo took place. Testimony from another alibi witness, Fernando Torres, indicates that he and his wife Margarita Torres both saw Richard Rosario on June 19 in Florida, the day of the murder. Even if not every witness can testify as to where Richard Rosario was at the exact moment that Jorge Collazo was killed, given the time it takes to travel from Florida to New York, all of the witnesses will demonstrate, at the very least, the extreme improbability of Richard Rosario having been able to commit the murder of Jorge Collazo.

Defendants' argument that virtual testimony or prior testimony from post-conviction hearings should not be admitted is also unavailing. Plaintiff's best knowledge is that all of the proposed witnesses live more than one hundred miles from this District, therefore cannot be subpoenaed, and are thus by definition unavailable. *See, e.g.*, *AmTrust N. Am., Inc. v. KF&B, Inc.*, No. 17-CV-5340 (LJL), 2020 WL 5552522, at *3 (S.D.N.Y. Sept. 16, 2020) ("The Court will admit the deposition testimony . . . on the basis that they are more than 100 miles from the place of trial in the Southern District of New York and thus cannot be commanded to attend trial pursuant to Fed. R. Civ. P. 45(c).").

As Plaintiff has indicated to Defendants, he is willing to eliminate the need for this dispute if the parties can agree upon (or the Court chooses to order) a reasonable instruction regarding the reason the jury will not hear from additional alibi witnesses. Plaintiff proposes the following: "To ensure that this trial is as efficient as possible, the Court has placed time limits on both parties' presentations of evidence, and limited the number of witnesses that may testify about certain topics." Should the Court decline to allow Plaintiff to present additional alibi witnesses, he requests that this or a similar instruction be issued instead.

With regard to schedule, Plaintiff anticipates that all alibi evidence will be presented within the first two days of testimony.

The parties thank the Court for its time and attention to this matter.

                        Respectfully Submitted,

                        /s/ *Jennifer Goltche*
                        Jennifer Goltche
                        *Senior Counsel*

cc: **Via ECF**
    *All Counsel of Record*