

Neufeld Scheck & Brustin, LLP

Tel: [212] 965-9081
Fax: [212] 965-9084

99 Hudson Street, 8th Floor
New York, New York 10013

nsbcivilrights.com

July 20, 2022

**Via ECF**
Honorable Lorna G. Schofield
United States District Judge
U.S. District Court, Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square
New York, NY 10007

Re: *Rosario v. City of New York, et al.*, Case No. 18-cv-4023

Dear Judge Schofield:

      Plaintiff writes this letter seeking clarification on the Court's prior rulings on the admissibility of Plaintiff's alleged bad acts through Defendants' expert.

      The Court has previously ruled that the following evidence is **not** admissible: (1) Plaintiff's Facebook friend request (Dkt. No. 308 at 6); (2) references to the Holocaust (*id.*); (3) evidence regarding infidelity (*id.*); (4) any details about the arrest or reasons Plaintiff was in jail in Florida in March 1996 (*id.* at 4); (5) the 22-minute video of Plaintiff (Dkt. No. 371 at 2); (6) the 1994 dismissed felony charge (Dkt. No. 364 at 1); (7) the vacated 1996 robbery conviction and plea (Dkt. No. 340 at 3, Dkt. No. 355 at 2); and (8) evidence or underlying facts related to the 1992 arrest for robbery (Dkt No. 386 at 2). The Court excluded Fayer's opinion on ASPD as unreliable (Dkt. No. 229 at 4–5), but permitted Parker to offer her ASPD opinion (*id.* at 6–8). The Court ruled that evidence of Plaintiff's drug use or violent acts could be offered only in connection with expert testimony regarding a neurocognitive disorder or ASPD. Dkt. No. 308 at 6. More specifically, the Court clarified "[t]o the extent Defendants' expert has relied on and previously disclosed and identified specific prior bad acts as a basis for her opinion, then Defendants may elicit those previously identified facts during her testimony as a basis for her opinion." Dkt. No. 341 at 2.[1] However, the Court has never had an opportunity to more specifically address precisely which bad acts are admissible under that ruling.[2]

---

[1] Because the only grounds for admission of these bad acts is as a basis for the ASPD diagnosis, and Fayer's opinion on that subject was precluded, Plaintiff understands the Court's ruling as permitting only Parker to testify about prior bad acts, not Fayer.

[2] Importantly, the Court also ruled that "[t]o the extent that Defendants seek to present evidence or elicit testimony regarding bad acts not previously ruled upon, Defendants shall raise the issue no later than during the conference immediately following the trial day preceding the day such evidence is to be presented." Dkt. No. 341 at 2. Defendants committed at the July 19 conference not to raise any prior bad acts during opening statements.

Given the Court's rulings and Parker's prior report and deposition testimony, Plaintiff understands that Parker is allowed to testify to the following as a basis for her ASPD opinion: (1) the fact that Plaintiff dropped out of school (Exhibit A, Parker Dep. at 336:3–8); (2) Plaintiff's involvement in physical altercations at school as a teenager (Dkt. No. 207-3, Parker Report, at 19); (3) Plaintiff's history of being physically abused by his step-father (Parker Dep. at 328:2-10); (4) Plaintiff's use and sale of small amounts of marijuana as a teenager (Parker Dep. at 333:13–23); (5) Plaintiff's convictions, as a teenager, for trespassing, one incident of possession of stolen property, and disorderly conduct; (Parker Rep. at 3–4); (6) Plaintiff growing up in "tough" neighborhood (*id.* at 3); (7) the fact that Plaintiff was at Rikers Island for 8 months before his wrongful conviction (*id.* at 4); and (8) Plaintiff's history of being an inconsistent parent when he was in early 20s (*id.* at 9). Plaintiff further understands that Parker is limited to describing "the previously identified facts" disclosed as of the time of her deposition; for example, Parker admitted the only information she had about the individual circumstances of any prior offenses was from Mr. Rosario's deposition. Parker Dep. at 340:11–16.

It is also Plaintiff's understanding that based on the Court's rulings and the rationales underpinning them, the following bad acts, which are referenced in Defendants' experts' reports and depositions, are **not** admissible: (1) Plaintiff's alleged "predatory" behavior including Facebook posts and videos regarding Defendant officers;[3] (2) Plaintiff's infidelity or other sexual activity (Parker Rep. at 3); (3) the charges listed above which the Court has specifically excluded (*id*. at 3–4); (4) Plaintiff's alleged lack of remorse for crimes he was not convicted of (Dkt No 207-2, Fayer Report, at 10). In addition, and consistent with the Court's prior rulings, Plaintiff believes the remainder of Plaintiff's criminal history, which consists of arrests that did not lead to convictions, is inadmissible. *See, e.g., Smith v. Baltimore City Police Dep't*, 840 F.3d 193 (4th Cir. 2016) (remanding § 1983 case for a new trial because district court had improperly admitted evidence of plaintiff's arrest record); *Nelson v. City of Chicago*, 810 F.3d 1061 (7th Cir. 2016) (same).

As discussed at the July 19 conference, Plaintiff respectfully requests confirmation that his understanding of the Court's rulings is correct.

Respectfully submitted,

*/s/ Emma Freudenberger*
Emma Freudenberger

*Counsel for Plaintiff*

Cc: all counsel (via ECF)

---

[3] In addition to most of the referenced evidence already having been specifically excluded by the Court's prior rulings, Parker admits that she did not disclose any opinions about "predatory" behavior in her report, Parker Dep. at 427:9–16, and that it is not part of the DSM-5 criteria of ASPD, *id.* at 428:13–19.