UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

RICHARD ROSARIO,

          Plaintiff,

-against-                            18-cv-4023 (LGS)

THE CITY OF NEW YORK, *et al.*,

          Defendants.

**PLAINTIFF'S LIMITING INSTRUCTIONS**

Pursuant to the Court's order at ECF No. 386, Plaintiff writes to provide the Court with a numbered list of limiting instructions previously approved by the Court which are to be delivered during Plaintiff's case in chief.

The limiting instructions previously ordered by the Court are as follows:

1. On March 23, 2016, with the prosecution's consent, the New York Supreme Court vacated Rosario's conviction for reasons unrelated to this case, and he was released. You the jury must not speculate about the reason for his release as it is not relevant to your deliberations. *See* ECF No. 341 at 1.[1]

2. Mr. Rosario denies that he committed the robbery and no court or jury has found him guilty of the robbery. *See* ECF No. 355 at 2.

---

[1] Plaintiff has requested a revision to this instruction, which he believes is misleading in its current form. A joint letter regarding Plaintiff's proposal will be filed later today, July 22, 2022. Should the Court grant Plaintiff's request, Plaintiff will provide a revised version of this filing on the first day of trial.

3. The testimony of some witnesses may be presented by use of their prior testimony or via video conference. I have permitted testimony to be presented in these ways based on the needs and/or availability of these witnesses. You are not to draw any inference for or against either party based on the type of testimony presented. Additionally, some of the parties may not be present in the courtroom for the entire duration of the trial. You are again not to draw any inference for or against any party based on their presence or absence in the courtroom during the trial. *See* ECF No. 374 at 3-4.

4. Portions of the New York City Police Department Patrol Guide have been received in evidence. A violation of the Patrol Guide is not itself a violation of federal law. Evidence of the Patrol Guide was admitted for your consideration of whether the conduct of the Defendants deviated so egregiously from acceptable police activity as to demonstrate an intentional or reckless disregard for proper procedures. It is important to understand that the issue in this lawsuit is not whether the Defendants violated the Patrol Guide. It is whether the Defendants violated the Plaintiff's Constitutional rights or state law. A particular action might violate a provision of the Patrol Guide without violating the Constitution or state law. Similarly, a particular action might violate the Constitution or state law without violating any provision of the Patrol Guide. *See* ECF No. 386 at 1.

5. You have heard evidence that Richard Rosario's photo was in a mugshot book in 1996. I instruct you that the presence of Mr. Rosario's photo in this book is not evidence of any wrongdoing in this matter, and you are not to consider it as such or to draw any inference against Mr. Rosario based on the presence of his photo in this book. *See* ECF No. 386 at 2.

This 22nd Day of July, 2022.

**NEUFELD SCHECK & BRUSTIN, LLP**

By: <u>/s/ Emma Freudenberger</u>
Emma Freudenberger, NY Bar No.2844405
emma@nsbcivilrights.com
Nick Brustin, NY Bar No. 2844405
nick@nsbcivilrights.com
Anna Benvenutti Hoffmann, NY Bar No. 4412011
anna@nsbcivilrights.com
Amelia Green, NY Bar No. 5428412
amelia@nsbcivilrights.com
Katie Haas, NY Bar No. 5576764
katiehaas@nsbcivilrights.com
Gerardo Romo, NY Bar No. 5772900
gerardo@nsbcivilrights.com
99 Hudson Street, 8th Floor
New York, NY 10013
(212) 965-9081

*Attorneys for Plaintiff*