

**Neufeld Scheck & Brustin, LLP**

Tel: [212] 965-9081
Fax: [212] 965-9084

99 Hudson Street, 8th Floor
New York, New York 10013
nsbcivilrights.com

July 22, 2022

**Via ECF**

Honorable Lorna G. Schofield
United States District Judge
U.S. District Court, Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square
New York, NY 10007

Re: *Rosario v. City of New York, et al.*, Case No. 18-cv-4023

Dear Judge Schofield:

Pursuant to the Court's order at ECF No. 411, the parties write regarding Plaintiff's proposed revision to the limiting instruction regarding the vacatur of Plaintiff's conviction. The limiting instruction as currently approved is as follows:

> "On March 23, 2016, with the prosecution's consent, the New York Supreme Court vacated Rosario's conviction for reasons unrelated to this case, and he was released. You the jury must not speculate about the reason for his release as it is not relevant to your deliberations."

ECF No. 341 at 1. The parties conferred regarding potential revisions to this instruction on July 21, 2022, but were unable to reach agreement.

**Plaintiff's Position**

As Your Honor is aware, Plaintiff is concerned that this instruction will mislead the jury. Mr. Rosario's conviction was vacated due to ineffective assistance of counsel, largely due to defense counsel's failure to present Mr. Rosario's alibi evidence, and that evidence is a significant part of Plaintiff's case here. Thus, the current instruction that the conviction was vacated "for reasons unrelated to this case" is inaccurate. Plaintiff proposed several alternative instructions that would address this concern, but Defendants would not agree to any. Plaintiff believes any of the three below instructions would address his concerns:

1) On March 23, 2016, with the prosecution's consent, the New York Supreme Court vacated Rosario's conviction for reasons unrelated to the allegations of misconduct in this civil case, and he was released. You the jury must not speculate about the reason for his release as it is not relevant to your deliberations.

1

2) On March 23, 2016, with the prosecution's consent, the New York Supreme Court vacated Rosario's conviction and he was released. The grounds for that vacatur are not related to Plaintiff's allegations against the Defendants in this civil case. You the jury are instructed that the grounds for the vacatur are not relevant to your deliberations.

3) On March 23, 2016, with the prosecution's consent, the New York Supreme Court vacated Rosario's conviction and he was released. You the jury are instructed that the grounds for the vacatur are not relevant to your deliberations.

Defendants' concern (articulated below) that these proposed revisions would allow the jury to draw an "improper inference . . . that the plaintiff's conviction was vacated based on some misconduct by the defendants" is simply not logical. Plaintiff's first two proposals explicitly state that the allegations against Defendants in this case are *not* why the conviction was vacated. The third makes no mention of the allegations in this case or of misconduct. Indeed, Plaintiff's proposed revisions arguably do a better job of making clear that the vacatur was unrelated to any misconduct by Defendants than the original instruction would.

Because Plaintiff's proposed revisions would avoid misleading the jury to believe that there is no relationship between the vacatur proceedings and this case whatsoever, while also making clear that there is no relationship between the vacatur and Defendants' alleged misconduct, the Court should adopt one of Plaintiff's three proposed revisions above.

**Defendants' Position**

On December 27, 2021, the Court adopted the above instruction, which was proposed verbatim by the plaintiff, over defendants' objection. (ECF No. 341). Revising this language on the eve of trial would upend the substantial trial preparations have already been completed. Defendants would unquestionably be prejudice if the Court were to alter this important language two days before trial is scheduled to commence.

Plaintiff's argument that the current instruction is confusing is unavailing. His argument that the "unrelated to this case" phrasing—which he originally proposed—is inaccurate only underscores the concerns defendants have been espousing. Namely, defendants are concerned that plaintiff is attempting to suggest to the jury that the failure to present additional alibi evidence contributed to plaintiff's conviction and somehow the fault for not presenting that evidence lies with the defendants. It does not. And, any risk that a jury might be misled into thinking it does should be studiously avoided. The Court has made abundantly clear that the handling of plaintiff's alibi is only relevant to "Plaintiff's effort to show 'that the conduct of the police deviated so egregiously from acceptable police activity as to demonstrate an intentional or reckless disregard for proper procedures.'" (ECF No. 308). The alleged failure to investigate plaintiff's purported alibi does not support an independent constitutional claim. This is so because failure to investigate is not actionable, nor do investigators have any obligation to investigate a criminal defendant's claims of innocence.

In this case, the plaintiff has the burden of proof on all elements of his claims. With regard to his claim for denial of the right to a fair trial, the plaintiff must establish that the alleged misconduct of the defendants affected the outcome of his prosecution. Defendants should be permitted to argue, and a jury certainly must be allowed to conclude—if the evidence supports it—that the outcome of the trial was due to other factors—including plaintiff's own unpersuasive defense. Defendants understand the Court's concerns with informing the jury that the plaintiff's conviction was vacated on ineffective assistance of counsel grounds. However, because causation is an element of plaintiff's case to prove, defendants must be allowed to present evidence on the issue.

The "unrelated to this case" language is necessary to avoid any improper inference from the jury that the plaintiff's conviction was vacated based on some misconduct by the defendants. This is particularly so since the jury is going to be told that the prosecution consented to the vacatur of the conviction—which might incorrectly suggest to the jury that there was some determination of wrongdoing. Plaintiff's first two proposals unnecessarily highly certain explanations for the vacatur, inviting the jury to speculate as to other grounds. Indeed, neither adequately guards against a conclusion by the jury that there was a finding of some police miscondcut related to this case which resulted in the vacatur. Accordingly, the current instruction is not misleading or confusing, and appropriately guards against the very real risk that jurors may draw improper inferences from the fact that plaintiff's conviction was vacated.

Respectfully submitted,

*/s/ Emma Freudenberger*
Emma Freudenberger
*Counsel for Plaintiff*

Cc: all counsel (via ECF)