

HON. SYLVIA O. HINDS-RADIX
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, N.Y. 10007

ANDREA OSGOOD
*Assistant Corporation Counsel*
phone: (212) 356-2424
fax: (212) 356-3509
aosgood@law.nyc.gov

July 26, 2022

**BY ECF**
Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

    Re:   Richard Rosario v. City of New York, et al.,
           18 Civ. 4023 (LGS)

Your Honor:

    I am one of the attorneys assigned to the defense of the above-referenced matter. Defendants write in response to Your Honor's Order dated July 22, 2022, ECF 415, which directed defendants to address "whether the bad acts, referenced in experts' reports and depositions that Plaintiff argues are inadmissible, served as a basis of any Parker's opinions." Defendants also write to raise two additional issues with the Court in advance of the trial in this matter.

    Plaintiffs argue that certain bad acts, which are referenced in Defendants' expert reports and depositions are not admissible insofar as they believe that Dr. Parker did not rely on these bad acts in forming her expert opinion that plaintiff suffers from APSD. Specifically, plaintiffs argue that Dr. Parker, therefore, should not be permitted to testify about any of the following: "(1) Plaintiff's alleged "predatory" behavior including Facebook posts and videos regarding Defendant officers; (2) Plaintiff's infidelity or other sexual activity; (3) the charges listed above which the Court has specifically excluded; (4) Plaintiff's alleged lack of remorse for crimes he was not convicted of. In addition, and consistent with the Court's prior rulings, Plaintiff believes the remainder of Plaintiff's criminal history, which consists of arrests that did not lead to convictions, is inadmissible" (internal citation omitted).

    Dr. Parker intends to testify that the above items informed her ASPD diagnosis of plaintiff. Although Dr. Parker did not use the word "predatory" in her report and does not

intend to use that word at trial, she will testify that she reviewed three Facebook posts and two videos of plaintiff and found them to be useful in reaching her conclusion about plaintiff as having ASPD. Specifically, Dr. Parker should be permitted to describe to jury what she saw in the videos and Facebook posts and how this information further cements her testing data, subject to any limitations the Court seeks to imposed based on its Order at ECF 371. She will also testify, inter alia, that plaintiff's inability to form meaningful relationships as evidenced by his infidelity and sexual activity inform the ASPD diagnosis. Indeed, these behaviors were confirmed by plaintiff via his self-reported history and based on Dr. Parker's interview with the plaintiff himself. As it relates to (3), plaintiff's 1994 felony charge for rape, the vacated 1996 conviction for robbery and the 1992 robbery arrest which culminated in a guilty plea, Dr. Parker does not intend to testify about the 1994 rape charge. However, both the 1992 (referred to as a 1991 robbery in her report) and 1996 robbery arrests appear in her report and therefore, there is no question that she knew about these arrests when forming her expert opinion. Therefore, Dr. Parker should be permitted to testify about the 1996 robbery insofar as it was reported to her by plaintiff and, as it relates, to the 1991 robbery, this is equally admissible since (a) it resulted in a guilty plea and (b) to the extent it was reported it her by the plaintiff.

Finally, with respect to (4), plaintiff's lack of remorse, in general, is highly relevant as it is a "hallmark" of an APSD diagnosis and certainly informed Dr. Parker's expert opinion. However, as it relates specifically to plaintiff's remorse for crimes which did not result in a conviction, Dr. Parker will only testify to crimes to which plaintiff pled guilty, was convicted, or those which were self-reported by the plaintiff to Dr. Parker where he indicated that he felt no remorse. Insofar as plaintiff cites to Dr. Fayer's report where he discusses other bad acts of plaintiff, Dr. Parker did not rely on those prior bad acts in reaching her expert opinion.

As such, Dr. Parker should be permitted to testify that the items above informed her ASPD diagnosis for Plaintiff.

Defendants thank the Court for its consideration.

Respectfully submitted,

/s/ *Andrea Osgood*
Andrea Osgood
*Assistant Corporation Counsel*

cc: **VIA ECF**
All Counsel of Record

2