

**Neufeld Scheck & Brustin, LLP**

Tel: [212] 965-9081  
Fax: [212] 965-9084  

99 Hudson Street, 8th Floor  
New York, New York 10013  
nsbcivilrights.com

July 27, 2022

**Via ECF**

Honorable Lorna G. Schofield  
United States District Judge  
U.S. District Court, Southern District of New York  
Thurgood Marshall Courthouse  
40 Foley Square  
New York, NY 10007  

Re: *Rosario v. City of New York, et al.*, Case No. 18-cv-4023

Dear Judge Schofield:

      Pursuant to the Court's order on July 25, 2022, Plaintiff writes to explain why Defendants' letter at ECF No. 420 and accompanying exhibits (as well as any other documents with similar content that have been emailed to the Court or will be filed in the future) should be afforded confidential treatment. In particular, Plaintiff submits that the attachments to ECF No. 420 that are images of Plaintiff's text messages with non-parties (as well as any other such images that may be filed in the future) must remain entirely under seal, while letters or other filings referencing the messages may be publicly filed, but only after redacted of: 1) quotations from the messages; 2) summaries or paraphrasing of the messages; and 3) contact information of third parties.

### I. The Parties Have Already Agreed and the Court Has Already Ordered That Communications Between Plaintiff and His Friends or Family Are Confidential and Should be Filed Under Seal

      The Court's Protective Order, agreed to by Defendants on October 5, 2018 and signed by Your Honor on October 9, 2018, deems "copies of any correspondence between Plaintiff and Plaintiff's friends or families" to be Confidential Materials. ECF No. 47 at 2. The communications at issue here are text message exchanges between Plaintiff and non-party witnesses in this case, with whom Plaintiff maintains personal relationships. These are clearly Confidential Materials under the Protective Order. The Protective Order further requires that "[i]f the Receiving Party seeks to file papers with the Court that incorporate Confidential Materials or reveal the contents thereof, that party shall follow the Court rules applicable to filing under seal." *Id*. at 5. Thus, the Protective Order clearly states that the information in question should be filed under seal, not publicly. Defendants should be ordered to adhere to their prior agreement and the Court's prior Order.

1

### II. Public Disclosure of These Communications Would Be Unnecessarily Invasive of the Privacy of Non-Parties, and Would Prejudice Plaintiff

The Protective Order on its own clearly requires that the information in question should be designated confidential. To the extent the Court wishes to consider other factors, there are also additional reasons why the information in question should not be filed on the public docket.

First, it is well-established that privacy interests are one reason why even documents that should otherwise be public may be filed under seal. *See Lugosch v. Pyramid Co. of Onondoga*, 435 F.2d 110, 120 (2d Cir. 2006). As Plaintiff has previously written, the communications at issue primarily involve a private dispute within the family of a non-party witness, and that dispute has no relevance to this case. The messages also include references the criminal history of an individual who is not being called as a witness at trial, as well as other private or potentially embarrassing matters. Publicly disclosing this information would draw unnecessary public attention and scrutiny to the lives of the non-party witness's family that goes far beyond their role in this case. The same goes for other third-party witnesses in this matter, who voluntarily agreed to travel to New York to testify in this matter on a limited topic, and who could now as a result have their private communications exposed for the world to see should the materials in question be filed on the public docket.

Furthermore, allowing the text messages in question to be filed on the public docket at this moment would be unduly prejudicial to Plaintiff Rosario due to the inflammatory language used, among other reasons. With the trial already underway, public disclosure of such communications creates unnecessary risk that jurors, despite being instructed to avoid information about the case outside the courtroom, could nonetheless read or hear about the language Mr. Rosario used in them and become prejudiced against him. This could happen either because a juror searches for public information about Mr. Rosario despite the Court's order, or because they inadvertently come across it, either in press coverage or in conversations with friends and family who may have seen press coverage.

For the foregoing reasons, Plaintiff respectfully requests that the Court maintain the attachments to ECF No. 420 and similar images of text messages under seal, and additionally order that letters or other documents referencing Plaintiff's text messages with non-party witnesses may be filed publicly only with the following information redacted: (1) quotations of the text messages; (2) summaries or paraphrasing of the text messages; and (3) contact information of third parties. Plaintiff also respectfully requests that any information currently publicly filed that meets this description be removed from the docket and re-filed under seal or with redactions, including Defendants' letter at ECF No. 408 and the attachments to the Court's order at ECF No. 427.

Respectfully submitted,

*/s/Emma Freudenberger*
Emma Freudenberger

*Counsel for Plaintiff*

Cc: all counsel of record (via ECF)