

**Neufeld Scheck & Brustin, LLP**

Tel: [212] 965-9081  
Fax: [212] 965-9084

99 Hudson Street, 8th Floor  
New York, New York 10013  
nsbcivilrights.com

July 31, 2022

<u>**Via ECF**</u>

Honorable Lorna G. Schofield  
United States District Judge  
U.S. District Court, Southern District of New York  
Thurgood Marshall Courthouse  
40 Foley Square  
New York, NY 10007

Re: *Rosario v. City of New York, et al.*, Case No. 18-cv-4023

Dear Judge Schofield:

      In its submission to the Court regarding Lymari Leon's deposition designations, Plaintiff designated several pages of testimony regarding an unconstitutionally suppressed photo identification procedure conducted with Ms. Leon during the investigation of the murder of George Collazo. *See* Dkt. No. 402-4 at 61-66. This procedure is the subject of a *Brady* claim by Plaintiff, who alleges that Defendants buried the existence of this failed attempt at a suggestive procedure. Plaintiff described this claim in his summary judgment submissions, *see* Dkt. No. 176 at 12–14, and the Court recognized in its summary judgment ruling that this was a part of Plaintiff's *Brady* claim, *see* Dkt. No. 191 at 3–4, 14–16 & n.7. In its rulings on Ms. Leon's deposition designations, the Court indicated that this testimony would be "permitted subject to connection, i.e., only if and when Plaintiff presents evidence that (1) the defendants interviewed this witness and showed her a photo array and (2) that Plaintiff's photo was in the array." Plaintiff writes to present that evidence and clarify certain aspects of Ms. Leon's designated testimony.

      First, there can be no reasonable dispute that the Defendants in this case interviewed Ms. Leon. There is a DD5 documenting an interview of Ms. Leon conducted by Defendants Whitaker and Martinez at Ms. Leon's home on June 23, 1996, which was submitted to the Court on summary judgment. *See* ECF No. 177-10 at 17. Martinez and Whitaker each recognized at their depositions that they had interviewed Ms. Leon.[1] Martinez Dep. Excerpt, Exhibit A, 211:12-16; Whitaker Dep. Excerpt, Exhibit B, 415:3-7.

---

[1] Indeed, although the Court has precluded this evidence from trial, Whitaker and Martinez's investigation into Lymari Leon, her possible connection to the shooter, and how that related to a possible motive for the crime was a significant focus of the police investigation into the Collazo shooting. Although Plaintiff believes the record of Whitaker's involvement in this suggestive identification procedure amply supports the admissibility of Ms. Leon's testimony, should the Court want a further proffer outside the presence of the jury about Lymari Leon's role in the investigation Plaintiff would be happy to make it.

In her deposition, Ms. Leon testified that she recalled this meeting, and that she remembered that the detectives who interviewed her were one "Spanish" detective (i.e. Martinez) and one detective who wasn't Spanish (i.e. Whitaker). Leon Dep., Dkt. No. 402-4, 47:25-48:19. She also recalled additional interactions with the detective from the first meeting who was not Hispanic (i.e. Whitaker). In particular, Ms. Leon remembers this detective along with another detective being in a room at the precinct, showing her a page of photos in a binder, and asking if she recognized anyone.[2] *Id*. at 62:11-22, 63:25-64:5. When she said she did not, she recalls the police pointing at one particular photo several times and repeatedly asking her if she knew the person; Ms. Leon repeated she did not. *Id*. at 62:23-63:2, 64:6-19. Ms. Leon made clear that the officers present during this interaction were the non-Hispanic detective she had spoken to in the earlier interview, who would be Defendant Whitaker, and another officer. *Id*. at 63:25-64:5. Ms. Leon further testified that despite being directed to one specific photo repeatedly, she could not make any identification. *Id*. at 64:12-19.

There is no contemporaneous documentation in the file of what photos Ms. Leon was shown at the precinct, which officers showed them, or to which photo Ms. Leon's attention was repeatedly directed. In this way, it is similar to the lack of documentation for any identification procedures with witnesses Vivene Martinez and Nicole Torres, other witnesses for whom the Court has expressly recognized the jury could find Defendants conducted identification procedures and failed to report the results. *See, e.g.,* Dkt. No. 191 at 14–16 & n.7. Indeed, that is why this is a part of the basis for Plaintiff's *Brady* claim—Plaintiff's allegation is that Defendants illegally suppressed all evidence of this suggestive, failed identification procedure. Although Defendants deny showing Ms. Leon any photos, they admit if they did what she describes it was improperly suggestive. Martinez Dep., Dkt No. 177-5, 522:5-8. And they admit they were required to document any identification procedures, if they occurred. Martinez Dep., Dkt No. 177-5, 517:16-23. Nonetheless, even without contemporaneous documentation, Plaintiff has established that the jury can reasonably infer that the photo Ms. Leon was directed to was Mr. Rosario's, as there is no doubt that the police's interactions with Ms. Leon were in relation to the investigation of the Collazo murder, and there is clear evidence that Mr. Rosario was the suspect in that investigation well before Ms. Leon's first meeting with Whitaker and Martinez on June 23.

Plaintiff respectfully requests the Court rule this proffer is sufficient and that the designated testimony is admissible, so that the parties may confer on an order of presentation.

                                                Respectfully submitted,

                                                */s/ Anna Benvenutti Hoffmann*
                                                Anna Benvenutti Hoffmann
                                                *Counsel for Plaintiff*

Cc: all counsel (via ECF)

---

[2] There is no indication that this was a photo array, as opposed to a page out of a mugbook. There is no evidence any photo arrays were created in this case.