sUNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                              :
RICHARD ROSARIO,                                              :
                                       Plaintiff,             :
                                                              :       18 Civ. 4023 (LGS)
                 -against-                                    :
                                                              :       ORDER
CITY OF NEW YORK, et al.,                                     :
                                       Defendants.            :
                                                              :
-------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on July 29, 2022, Defendants filed a letter requesting (1) a curative instruction to the jury stating that the vacatur of Plaintiff's conviction was not based on a finding of innocence or any actions of investigators or the prosecution, including the Defendants; (2) permission to present evidence of investigation of Plaintiff's alibi by his own criminal defense counsel, including evidence and cross-examining Plaintiff and his alibi witnesses regarding Plaintiff's criminal defense attorneys' decision to call only two alibi witnesses, and offering additional testimony from Fernando Torres that was precluded and (3) a ruling precluding any further references to the Bronx District Attorney's re-investigation of the murder (Dkt. No. 436).

WHEREAS, Plaintiff filed a letter in opposition on July 29, 2022 (Dkt. No. 440). It is hereby

**ORDERED** that Defendants' request for a curative instruction regarding the vacatur of Plaintiff's conviction is DENIED. Defendants opposed Plaintiff's application to revise this instruction last week on the grounds that it would be prejudicial to alter the instruction on the eve of trial, and that the current instruction "is not misleading or confusing, and appropriately guards against the very real risk that jurors may draw improper inferences from the fact that plaintiff's conviction was vacated." (Dkt. No. 418) With trial well underway, it would be prejudicial to

revise the instruction now, particularly in light of Defendants' recent support of the current language.  The Court's further basis for this ruling will be placed on the record at a later date.  It is further

**ORDERED** that Defendants' application to present evidence of the investigation of Plaintiff's alibi by his own criminal defense counsel, including evidence and cross-examining Plaintiff and his alibi witnesses regarding Plaintiff's criminal defense attorney's decision to call only two alibi witnesses is GRANTED IN PART.  Defendants may cross-examine Plaintiff about informing his lawyer of alibi witnesses and how many alibi witnesses testified at his criminal trial and the reason (e.g., his attorney's decision) but may not elicit any out of court statements offered for the truth, unless they are subject to a hearsay exception.  Similarly, Defendants may cross-examine alibi witnesses about whether they were contacted by Plaintiff's criminal defense attorney or were called as a witness at Plaintiff's criminal trial, but may not elicit hearsay statements.  Defendants may present the following additional testimony of Fernando Torres from the 440 Hearing: 332:13 – 333:9 and 353:12-22.  To the extent that Defendants wish to present additional non-hearsay evidence of the investigation by Plaintiff's criminal defense attorney, they shall identify such evidence and make further application.  It is further

**ORDERED** that Defendants' application to preclude further reference to the Bronx District Attorney's re-investigation of the murder is GRANTED.  Plaintiff shall not reference, offer evidence or argue that the District Attorney conducted a re-investigation of the murder, as such evidence or argument creates the false inference that Plaintiff was exonerated, and runs counter to the Court's prior rulings that the jury's knowledge about the vacatur be limited to the limiting instruction referenced above; and Plaintiff shall not elicit information about the substance of the prior interviews by the District Attorney as they are not admissible under Rule

801(d)(1)(B), as the prior statements were not made before the motive to fabricate arose and the statements are not alleged to be a recent fabrication or the product of a recent improper influence or motive.

Dated:  July 30, 2022
       New York, New York

                                          LORNA G. SCHOFIELD
                                          UNITED STATES DISTRICT JUDGE