

**Neufeld Scheck & Brustin, LLP**

Tel: [212] 965-9081  
Fax: [212] 965-9084  

99 Hudson Street, 8th Floor  
New York, New York 10013  
nsbcivilrights.com

August 1, 2022

**Via ECF**

Honorable Lorna G. Schofield  
United States District Judge  
U.S. District Court, Southern District of New York  
Thurgood Marshall Courthouse  
40 Foley Square  
New York, NY 10007  

Re: *Rosario v. City of New York, et al.*, Case No. 18-cv-4023

Dear Judge Schofield:

  Defendants disclosed today, at the Court's direction, that they intend to impeach John Torres with a short video depicting Plaintiff Rosario using drugs during an informal conversation between Mr. Rosario and Mr. Torres. The Court should rule that Defendants cannot play this proposed video as it is entirely irrelevant to anything Mr. Torres will testify to in this trial. Even if it did have some extremely limited relevance, this video is obviously prejudicial to Mr. Rosario, and to play it for the jury would clearly violate Rule 403.

  The video depicts a conversation between Mr. Rosario and Mr. Torres which took place in a car sometime over the last several years, after Mr. Rosario was released from prison. There is no discussion whatsoever in the video of the topic about which John Torres will testify: Mr. Rosario's presence in Florida on June 19, 1996. Rather, the video primarily depicts Mr. Rosario smoking and making jokes regarding what substance he is smoking. The only plausible reason Defendants could want to introduce this footage of Mr. Rosario using drugs to the jury is to improperly prejudice them against Plaintiff Rosario, which is clearly impermissible. *See United States v. Ong*, 541 F.2d 331, 339 (2d Cir. 1976) (noting "there are few subjects more potentially inflammatory than narcotics and thus such evidence should usually be excluded in a non-narcotics trial").

  The video also depicts a brief conversation where Mr. Rosario and Mr. Torres debate whether Mr. Torres should be referred to as Mr. Rosario's "friend," his "son," or his "boy." Again, none of this information is relevant, nor could it be used as proper impeachment. The only remote relevance it could conceivably have is to the fact that Mr. Rosario and Mr. Torres were friends in 1996, and have also maintained a personal relationship since Mr. Rosario was released from prison. But there is no dispute about that fact, and there is also sworn deposition testimony regarding Mr. Torres's and Mr. Rosario's friendship. Thus, there is no conceivable reason to play this video to impeach on that topic, other than to put footage of Mr. Rosario smoking in front of the jury.

Finally, the video also shows Mr. Rosario very briefly mentioning that he has PTSD due to the abuse he experienced in prison, and Mr. Torres responding that "it must have been severe," possibly in a sarcastic tone. Mr. Torres does not even make a clear statement about his knowledge or opinion of what Mr. Rosario experienced in prison in the video, and even if he did, he is not a damages witness or an expert. His thoughts regarding Mr. Rosario's suffering in prison and his PTSD diagnosis are irrelevant to this trial and are certainly not proper impeachment.

For the foregoing reasons, Plaintiff respectfully requests that the Court order that Defendants may not impeach John Torres using their proposed video footage.

Respectfully submitted,

*/s/ Emma Freudenberger*
Emma Freudenberger
*Counsel for Plaintiff*

Cc: all counsel (via ECF)