UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                             :
RICHARD ROSARIO,                                             :
                                        Plaintiff,           :
                                                             :      18 Civ. 4023 (LGS)
               -against-                                     :
                                                             :            ORDER
CITY OF NEW YORK, et al.,                                    :
                                        Defendants.          :
                                                             :
-------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on July 20, 2022, and July 27, 2022, Plaintiff filed letters seeking clarification on the Court's prior rulings on the admissibility of Plaintiff's alleged bad acts through Defendant's expert, Dr. Parker (Dkt. Nos. 410, 431).

WHEREAS, on July 26, 2022, and July 29, 2022, Defendants filed letters in response identifying the alleged bad acts about which Dr. Parker intends to testify and providing citations to Dr. Parker's report and/or deposition showing that she relied on each of the bad acts (Dkt. Nos. 426, 447).  It is hereby

**ORDERED** that Dr. Parker is precluded from testifying about Plaintiff's social media posts.  The Court previously ruled that certain of Plaintiff's Facebook activities were excluded (Dkt. No. 308).  It is not clear if the referenced social media posts are the same as the ones that were previously excluded.  Defendants argue that social media posts are relevant because they are referenced in the "Materials Reviewed" section of Dr. Parker's report, but the mere fact the Dr. Parker reviewed the materials is not, on its own, sufficient to demonstrate probative value with respect to Dr. Parker's opinions.  To the extent the referenced social media posts are similar to or the same as the ones previously excluded by the Court -- i.e., Plaintiff's postings about his damages being comparable to a Holocaust survivor and Plaintiff's Facebook friend request -- any

probative value is outweighed by the potential for prejudice under Federal Rule of Evidence 403, as such posts may elicit sympathy or indignation from the jury.  It is further

**ORDERED** that Dr. Parker is precluded from testifying about the content of the videos described in Defendants' submissions.  Dr. Parker stated in her supplemental report that videos of Plaintiff demonstrated "[Plaintiff's] pride in macho and tough behavior" (Dkt. No. 207-9). Defendants cite a portion of Dr. Parker's deposition where she discusses observations she made after reviewing three videos of Plaintiff: (1) a video of Plaintiff driving in a car; (2) a video of Plaintiff accepting an award and (3) a video of Plaintiff in his living room.  The cited portion of the deposition does not describe the videos in detail, but the referenced video of Plaintiff driving in the car was previously excluded under Federal Rule of Evidence 403 (Dkt. No. 371).  Based on the cited portion of the deposition, it appears that Dr. Parker primarily relied on that previously excluded video, which is excluded as prejudicial under Federal Rule of Evidence 403 because the probative value is substantially outweighed by the potential for prejudice, as the video may suggest that Plaintiff is a threatening person, including to Defendants in this action.  In the cited testimony offered by Defendants, Dr. Parker does not make any observations regarding the referenced video of Plaintiff in his living room.  Though it is unclear if the content of that video is prejudicial, it does not appear to have been particularly relevant to Dr. Parker's analysis.  With respect to the video where it appears Plaintiff is accepting an award, the content of the video is not described, nor is it clear whether Dr. Parker based any opinion on that specific video, apart from maybe observing that Plaintiff used curse words.  Dr. Parker may describe her conclusions with respect to the behavior she observed in the videos to the extent they are relevant.  It is further

**ORDERED** that Dr. Parker is precluded from testifying about Plaintiff's infidelity.

2

Evidence of Plaintiff's infidelity was previously excluded (Dkt. No. 308). Though Dr. Parker's report concluded there was evidence of "impulsivity in sex" and "unstable relationships," the prejudicial effect of eliciting Plaintiff's infidelity is substantially outweighed by the limited probative value of identifying infidelity as a basis for Dr. Parker's conclusion. Dr. Parker may reference the fact that she concluded in her report that there was "evidence of impulsivity in sex" and "unstable relationships," but shall not describe Plaintiff's infidelity. If Plaintiff opens the door by suggesting there is no basis for Dr. Parker's conclusion regarding evidence of impulsivity in sex and unstable relationships, then Dr. Parker may provide the basis for her opinion. It is further

    **ORDERED** that Dr. Parker is precluded from testifying about Plaintiff's criminal history, including the vacated 1996 conviction for robbery and 1992 arrest for robbery. Argument and evidence regarding the 1992 robbery arrest and 1996 vacated conviction were previously excluded (Dkt. Nos. 308, 386), subject to a limited exception that Plaintiff's status as a suspect in the 1996 robbery investigation was admissible (Dkt. Nos. 340, 386). Defendants previously represented that they did not intend to offer evidence related to the 1992 robbery arrest (Dkt. No. 386). Dr. Parker's report includes a "Prior Arrest Record" section and Defendants cite a portion of the report where, in describing Plaintiff's personality functioning, Dr. Parker notes that Plaintiff "may have been involved in illegal occupations or engaged in criminal acts involving theft, destruction of property, or physical aggression towards others." Dr. Parker may reference this conclusion to the extent her testimony establishes that it formed a basis for her opinion regarding Plaintiff's ASPD diagnosis, but may not reference or discuss any of the underlying criminal conduct as the probative value of providing specific examples to support her conclusion is substantially outweighed by the prejudicial effect of the jury hearing Plaintiff's criminal

history.  It is highly prejudicial to reveal the specifics of Plaintiff's criminal history, which includes uncharged conduct and vacated convictions, particularly in light of the fact that Plaintiff's innocence has become a focal point of the trial.  It is further

**ORDERED** that Dr. Parker may testify about Plaintiff's lack of remorse regarding events in his life and the extent to which he feels wrongly persecuted, but Dr. Parker may not reference or discuss any criminal conduct in doing so.  Defendants contend that Plaintiff's lack of remorse is a hallmark of an ASPD diagnosis but cite only one portion of Dr. Parker's report where she described Plaintiff's feelings of persecution and, more generally, that he does not "talk about responsibility in any of the events that occurred in his life."  This statement does not suggest that Plaintiff exhibited a lack of remorse with respect to any criminal conduct, and eliciting information regarding specific crimes would be prejudicial under Federal Rule of Evidence 403, for the reasons stated above.

Dated:  August 4, 2022
         New York, New York

_____
LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE