

**Neufeld Scheck & Brustin, LLP**

Tel: [212] 965-9081  
Fax: [212] 965-9084  

99 Hudson Street, 8th Floor  
New York, New York 10013  
nsbcivilrights.com

August 7, 2022

<u>Via ECF</u>

Honorable Lorna G. Schofield  
United States District Judge  
U.S. District Court, Southern District of New York  
Thurgood Marshall Courthouse  
40 Foley Square  
New York, NY 10007

Re: *Rosario v. City of New York, et al.*, Case No. 18-cv-4023

Dear Judge Schofield:

    Plaintiff writes in advance of the charging conference scheduled for Monday, August 8, to request that two particular instructions be added to those the jury will receive.

<u>*Irrelevance of the Actions or Inaction of Plaintiff's Prior Defense Counsel*</u>

    First, Plaintiff requests that the Court instruct the jury that:

> The actions or inaction of people other than Defendants Whitaker, Martinez, or Cruger – including the lawyers that represented Mr. Rosario during his 1998 trial for the murder of George Collazo – are no defense to any violations of law you may determine that Whitaker, Martinez, or Cruger committed.

    This instruction is necessary due to Defendants' insistence on questioning Plaintiff's alibi witnesses about whether or not Plaintiff's defense counsel during his 1998 criminal trial ever called them and asked them to testify. These lines of questioning are obviously designed to lead the jury to believe that even if Defendants did commit misconduct, Mr. Rosario was convicted due to his defense counsel's poor representation of him, rather than because of the police's illegal actions. But as a matter of law, if Plaintiff proves that any of the misconduct he has alleged in this case took place, no intervening action or inaction by his defense attorney (or, for that matter, the prosecutor or the criminal trial court) could break the chain of causation leading to liability for any of his claims. Therefore, the jury must receive an instruction that will make clear that defense counsel's inadequacy cannot impact their decision in this matter.

    Although a plaintiff must show proximate cause to prevail in a Section 1983 action, the Second Circuit has decided that Section 1983 defendants cannot avoid liability by pointing to an intervening cause when either of two conditions are met. First, the causal chain is not broken when a Section 1983 defendant "deceived the subsequent decision maker." *Higazy*, 505 F.3d at 177 (citing *Townes v. New York*, 176 F.3d 138, 147 (2d Cir. 1999)). Second, and more generally, the chain of causation is also not broken when the intervening act was "reasonably foreseeable"

1

to the defendant. *Id.*; *accord Richardson v. Pratcher*, 48 F.Supp.3d 651, 671 (S.D.N.Y. 2014) ("[A] reasonably foreseeable independent decision that harms the victim does not break the chain of causation."). Applied to civil rights claims that law enforcement officers committed misconduct, this rule means that "the chain of causation need not be considered broken if [the officer]…could 'reasonably foresee that his misconduct would contribute to an 'independent' decision that results in a deprivation of liberty.'" *Higazy*, 505 F.3d at 177 (quoting *Zahrey*, 221 F.3d at 352) (internal modification omitted).

      As a matter of law, both of these conditions will be met if the jury finds that Defendants committed any of the misconduct that Plaintiff has alleged in this case. Proving any of Mr. Rosario's *Brady*, fabrication, or suggestive identification allegations will necessarily require proving that Defendants misled subsequent decisionmakers—the prosecutor, the trial court, and the jury—by concealing evidence and/or presenting false, fabricated evidence.[1] Any suggestion that Mr. Rosario's defense attorney's ineffectiveness may have broken the causal chain would only be relevant once that causal chain has been established—and thus once Rosario has necessarily proven that Defendants "deceived the subsequent decisionmaker," *Higazy*, 505 F.3d at 177—because, until he does so, there will be no causal chain to break. And, because an intervening cause cannot break the causal chain when a police officer has "deceived a subsequent decisionmaker," once Mr. Rosario has proven that any of the misconduct he alleges took place, it will be true, as a matter of law, that Rosario's trial counsel's effectiveness can have no bearing on causation. *See id.* Any evidence of that attorney's effectiveness is thus irrelevant to causation. *See id.*; *Rodriguez v. City of Houston*, No. 06-cv-2650, 2009 WL 10679669, at *20 (S.D. Tex. June 8, 2009) ("[T]he City's assertion of [ineffective assistance of counsel] cannot shield the City for policies or customs that are found to have been the moving force behind a violation of Plaintiff's constitutional right."); *Cameron v. City of New York*, 598 F.3d 50, 63–64 (2d Cir. 2010); *Limone v. United States*, 497 F. Supp. 2d 143, 219 (D. Mass. 2007), *aff'd on other grounds*, 579 F.3d 79 (1st Cir. 2009); *Amado v. Gonzalez*, 758 F.3d 1119, 1135 (9th Cir. 2014).

      Similarly, Mr. Rosario's malicious prosecution claim requires him to rebut the presumption of probable cause created by his indictment. In order to do that, Mr. Rosario must show that Defendants withheld evidence from or misrepresented evidence to the District Attorney, or otherwise deviated so egregiously from acceptable police conduct as to demonstrate intentional or reckless disregard for proper procedure. Any of these things would make irrelevant any ineffectiveness by defense counsel, for the reasons explained above.

      In addition, even if Rosario's trial counsel could share in the liability for Rosario's wrongful conviction, that would not alter Defendants' liability for that wrongful conviction. In § 1983 actions, "[i]ntentional tortfeasors, such as the officers here, are jointly and severally liable for the damages they cause…" *Rodick v. City of Schenectady*, 1 F.3d 1341, 1348 (2d Cir. 1993). "If the tortfeasors are jointly and severally liable, one tortfeasor is not relieved from liability

---

[1] In fact, in order for Plaintiff to prove his fabrication or *Brady* claims, he necessarily must prove Defendants acted intentionally—or at least with deliberate indifference to Plaintiff's constitutional rights—in engaging in that misconduct. *Cf. Bellamy v. City of New York*, 914 F.3d 727, 751 n.23 (2d Cir. 2019); *Darnell v. Pineiro*, 849 F.3d 17, 36 n.16 (2d Cir. 2017). For those acts to meet that standard, Defendants must have intended or been indifferent to the risk that Rosario would be wrongfully convicted because of their misconduct, and thus Defendants necessarily foresaw that risk. Rosario's wrongful conviction due to Defendants' misconduct was thus definitionally foreseeable to Defendants. *See Higazy*, 505 F.3d at 177.

simply because the other tortfeasor also committed liability-causing actions, nor are the damages against either tortfeasor diminished to his or her proportion of fault." *Manganiello v. Agostini*, 2009 WL 151724 *2, No. 07-cv-3644 (HB) (S.D.N.Y. 2009). Similarly, "a defendant has no right to contribution from another for any damages that he incurs under Section[] 1983…" *Greene v. City of New York*, 2010 WL 1936224 (E.D.N.Y. 2010); *accord Crews v. County of Nassau*, 612 F.Supp.2d 199 (E.D.N.Y. 2009) (rejecting "as a matter of law" defendants' argument in § 1983 action for contribution against plaintiff's criminal trial defense attorney"); *see also* Restatement (Second) of Torts § 879 (1979). In consequence, even if Rosario's trial attorney were ineffective, that would not have any effect on any question before the jury: Defendants would still be liable for the full damages that they have inflicted on Rosario.

Thus, as a matter of law, the inadequacy of Plaintiff's prior defense counsel is irrelevant. As the sole entity with the ability to instruct the jury on the law, the Court must ensure that the jury is aware that witnesses' testimony on this topic cannot impact their decision making.

*Inability to Compel Attendance of Certain Witnesses*

Second, Plaintiff requests that when the Court instructs the jury that they should not consider testimony read into the record through deposition designations any differently than live testimony, that it also give the following instruction:

> Witnesses who live outside of New York State or more than 100 miles from the courthouse cannot be legally compelled to attend trial. Because neither party can compel the attendance of such witnesses, their testimony may have been presented remotely or through the reading of prior deposition testimony.

This instruction will address Plaintiff's concern about Defendants' questioning of John and Jenine Torres, specifically with regard to Defendants' unfounded allegation that Mr. Torres's job as a law enforcement officer left him with no choice but to testify at this trial consistent with his testimony in 1998, regardless of whether it was true. (In fact, because he could not be compelled to testify, by far the easiest thing for Mr. Torres to do would have been to simply not attend trial). Given in this particular way, the instruction will also address the Court's stated concern that it does not want the jury to incorrectly believe it is impossible to present testimony from witnesses who live far way, when in fact their deposition testimony can (and has) been presented in this case through the reading of designations. *See* Trial Transcript at 823.

Respectfully submitted,

*/s/ Anna Benvenutti Hoffmann*
Anna Benvenutti Hoffmann
*Counsel for Plaintiff*

Cc: all counsel (via ECF)