UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------X
:
RICHARD ROSARIO, :
                       Plaintiff, :
:         18 Civ. 4023 (LGS)
      -against- :
:          ORDER
CITY OF NEW YORK, et al., :
               Defendants. :
:
--------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

      WHEREAS, on August 6, 2022, Plaintiff filed a letter (i) requesting confirmation that the

Court's rulings precluding references to certain alleged bad acts apply to Defendants'

examination of all witnesses and (ii) requesting a ruling precluding Defendants from questioning

or eliciting evidence regarding certain topics that are closely related to previously excluded bad

acts from any witness (Dkt. No. 461).  It is hereby

      **ORDERED** that the Court's rulings precluding references to certain bad acts also

preclude Defendants from eliciting such evidence through any other witness, including Dr.

Agharkar and Dr. Fayer.  If Defendants intend to elicit such evidence, they shall seek prior

permission from the Court in advance, and explain the basis for the request, other than simply

reiterating their prior arguments.  It is further

      **ORDERED** that Plaintiff's application to preclude Defendants from questioning any

witness about the retainer agreement or attorneys' fees arrangement in this case as between

Neufeld Scheck & Brustin, LLP and Plaintiff is GRANTED on the grounds of relevance and

Federal Rule of Evidence 403.  Plaintiff's fee arrangement with counsel is not relevant and may

confuse or prejudice the jury, particularly with respect to any consideration of damages.  Plaintiff

shall disclose, orally to Defendants and to the Court prior to the beginning of trial on August 8,

2022, any fee arrangement such that Mr. Loewenson, Morrison Foerster, or any other person or entity would share in any recovery in this case.  It is further

ORDERED that Plaintiff's application to preclude questioning about Plaintiff's "litigation strategy" is denied without prejudice pending further clarification.  The Court has already allowed Plaintiff to withhold from Defendants text messages between Plaintiff and Mr. Loewenson concerning trial or settlement strategy on the basis of work product doctrine.  Neither party shall inquire about any settlement discussions or settlement strategy in this case.  It is further

ORDERED that Plaintiff's application to preclude questioning about the specific accounts of Plaintiff's book is DENIED.  Plaintiff may explain the extent to which the book is fictionalized.  It is further

ORDERED that Plaintiff's application to preclude questioning about money and Plaintiff's financial status is DENIED, as Plaintiff seeks substantial financial damages in this action and such testimony pertains to his bias and credibility.  It is further

ORDERED that Plaintiff's application to preclude evidence about Plaintiff's desire or attempts to make a documentary or create a media company is DENIED, as such testimony is relevant to his bias and credibility.  It is further

ORDERED that Plaintiff's application to exclude references to Plaintiff's drug use is GRANTED IN PART.  References to Plaintiff's drug use are excluded except (1) to elicit that the infraction for which Plaintiff was placed in solitary confinement included drug use and (2) to elicit that Plaintiff traded drugs for clothing and commissary items while in prison.  Both of these exceptions pertain to Plaintiff's experience in prison for which he seeks damages.  References to Plaintiff's use of opiates, *i.e.*, references to the specific drug or to opiates, is excluded under

Federal Rule of Evidence 403.  The particular drug is not significantly more probative than

references to drug use generally or marijuana, and could be prejudicial in suggesting that Plaintiff

is a bad person for using opiates.

Dated: August 7, 2022
      New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE