# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RICHARD ROSARIO,<br><br>                Plaintiff,<br><br>  -against-<br><br>THE CITY OF NEW YORK, *et al.*,<br><br>                Defendants. | 18-cv-4023 (LGS) |

**DECLARATION OF ANDREW G. CELLI, JR.,
IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES**

ANDREW G. CELLI, JR., an attorney admitted to practice in the State of New York, declares under penalty of perjury as follows:

1. I am a co-founding partner in the law firm of Emery Celli Brinckerhoff Abady Ward & Maazel, LLP ("ECBAWM"). I write in support of the attorneys' fee application submitted in the above-captioned matter by plaintiffs' counsel Neufeld Scheck & Brustin, LLP ("NSB"), a firm whose principals I have known, worked with, and admired as leaders in the field of complex federal civil rights litigation for many years. Based upon my experience for the last thirty-one years as a lawyer practicing in this field in New York City, my many observations and interactions with NSB's lawyers during most of this time, and my personal knowledge of prevailing rates for attorneys of their high caliber and outstanding reputation in New York City, I fully support NSB's application under 42 U.S.C. Section 1988 in all respects.

2. In order to assist the Court in evaluating my declaration, I wish to describe briefly my professional background. Federal civil rights litigation and the representation of plaintiffs (and, for a time, the Office of the Attorney General of the State of New York) in police misconduct, employment, and voting rights litigation has been a core area of my practice for virtually my entire legal career. I have litigated dozens of civil rights cases in New York, in the federal and state courts at both the trial and appellate levels.

3. From 1999 through 2003, I served as Chief of the Civil Rights Bureau in the Office of New York State Attorney General Eliot Spitzer, where I was responsible for developing and implementing the States' civil rights enforcement agenda through investigations, litigation, and policy initiatives. I am a 1990 *cum laude* graduate of New York University School of Law and, in the early years of my practice, I clerked for the Hon. Charles P. Sifton of the United States District Court for the Eastern District of New York, and I was a litigation associate at the firm Cravath, Swaine & Moore LLP.

4. I have published and lectured widely on civil rights and civil liberties issues, appearing at the National Association of Attorneys General, Harvard Law School, New York University School of Law, Albany Law School, and the Association of the Bar of the City of New York, and publishing in the New York University Law Review, the New York Law Journal, the National Law Journal, the Albany Law Review, the Cardozo Arts and Entertainment Law Journal, and the New Republic.

5. I also served as a commissioner and vice-chair of the New York State Temporary Commission on Lobbying from 2004 through 2007, and as a commissioner of the New York State Commission on Public Integrity from 2007 through 2011.

6. The firm that I co-founded and where I am currently a partner, Emery Celli Brinckerhoff Abady Ward & Maazel, LLP, specializes in civil rights and commercial litigation. In both contexts, we regularly litigate alongside and against some of the best-known firms and lawyers in New York, in both the commercial and the civil rights arenas. We are generally compensated either through traditional hourly fee arrangements or through contingency fee arrangements predicated on fee-shifting regimes under 42 U.S.C. Section 1988 or under the Prison Litigation Reform Act. Accordingly, based on my experience practicing law in New York City for the last thirty-one years, I am fully aware of the prevailing hourly rates charged by New York City law firms, especially those firms, such as Neufeld Scheck & Brustin, LLP, that specialize in complex federal civil rights litigation. Indeed, since ECBAWM submits Section 1988 fee requests and applications in connection with its own cases, it is incumbent upon me to be knowledgeable about prevailing rates.

7. Over the years, I have worked with Neufeld Scheck & Brustin, LLP, and particularly with Nick Brustin, on many occasions. My firm, ECBAWM, worked as co-counsel with NSB on a police misconduct case in New Jersey involving the shooting death of a Native American man, in which Nick Brustin served as lead counsel for NSB, assisted by Emma Freudenberger. I personally tried that case with Mr. Brustin and Ms. Freudenberger. Currently, ECBAWM represents plaintiffs in a number of wrongful conviction cases that are now at various stages, including the investigation stage, pre-trial discovery, settlement, and preparing for and awaiting trial, and we have consulted with the lawyers at NSB on such cases.

8. The lawyers at NSB are among the finest litigators I have ever met in my career. As a group, they are downright formidable. I would venture to say that there is not a superior group of civil rights and constitutional litigators in the private bar in New York City. Each is a

highly experienced, skilled practitioner with a reputation for excellence in the New York City legal community.

9.  It would be an understatement to say that NSB's legal work is at least as good as the work of the large New York City law firms, with which ECBAWM is familiar; it is consistently better than the average work product that we encounter from the typical New York City law firm. Indeed, their expertise is such that, when matters arise in our firm's civil rights cases that are of particular complexity or difficulty, we often call upon NSB's lawyers for consultation. This is particularly true in wrongful conviction cases, like this one, due to the large number of such cases NSB has handled in New York and around the country and their specialized expertise in this area.

10. My understanding is that the hourly rates charged by the counsel and paralegals involved in this litigation under prevailing rates in the Southern District of New York market are as follows:

| Name of Counsel | Role | Hourly Rate |
| --- | --- | --- |
| Nick Brustin | Partner | 900 |
| Anna Benvenutti Hoffmann | Partner | 800 |
| Emma Freudenberger | Partner | 800 |
| Amelia Green | Partner | 500 |
| Len Kamdang | Senior Associate | 450 |
| Richard Sawyer | Senior Associate | 450 |
| Sona Shah | Senior Associate | 450 |
| Bettina Roberts | Senior Associate | 425 |
| Christina Matthias | Senior Associate | 425 |
| Katie McCarthy | Senior Associate | 425 |
| Avinash Samarth | Associate | 400 |
| Katie Haas | Associate | 400 |
| Kate Fetrow | Associate | 375 |
| Gerardo Romo | Associate | 350 |
| Rhianna Rey | Associate | 325 |
|  | Paralegals/ Law Clerks | 200 |

11. In my professional judgment, these hourly rates are reasonable in the Southern

District of New York market, for a complex case like the Rosario litigation. Given Mr. Brustin's experience, skill, and reputation, his rates are consistent with prevailing market rates for New York City lawyers practicing in federal courts in New York City. Likewise, the experience and credentials of Anna Benvenutti Hoffmann, Emma Freudenberger, and Amelia Green, as well as NSB's associates, more than warrant the rates requested.

12. Indeed, in my experience, the named partner's and partner's rates and the rate of NSB associates are substantially *lower* than the prevailing rates at the major Southern District of New York law firms for lawyers of comparable skill and experience. My firm, which has a similar profile to NSB, regularly charges and collects similar rates per hour for the time of comparably experienced and credentialed lawyers as NSB has requested in this case, and ECBAWM has recovered attorneys' fees in New York at rates comparable to those requested. Specifically, at ECBAWM, my customary hourly billing rate is $825, our senior partner bills at $900-950 per hour, our junior partners bill between a range of $550-650 and our associates between $450 and $500.

13. As I understand it, NSB's particular expertise in Section 1983 wrongful conviction litigation was heavily utilized in this case. I also understand there were some particular complications posed by the litigation here, including the number of third-party witnesses, complexities in the procedural history of the underlying criminal proceedings, and challenges caused by preparing for trial during COVID. As a civil rights litigator, I recognize the unique complexity and difficulty of cases like this one. The end result was good given the circumstances of the case.

14. In my professional judgment, based on their skill, reputation, experience, and outstanding result in this case, NSB attorneys merit compensation here at the top of the relevant market range.

15. I swear under penalty of perjury that the foregoing is true and correct.

Dated: __September 30__, 2022
       New York, New York

                                            ANDREW G. CELLI, JR.