# EXHIBIT 2

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RICHARD ROSARIO,<br><br>    Plaintiff,<br><br>-against-<br><br>THE CITY OF NEW YORK, *et al.*,<br><br>    Defendants. | 18-cv-4023 (LGS) |

## DECLARATION OF CARL H. LOEWENSON, JR.,
## IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES

CARL H. LOEWENSON, JR., an attorney admitted to practice in the State of New York and the Southern District of New York, declares under penalty of perjury as follows:

1. I am a partner in the law firm of Morrison & Foerster ("MoFo"). I write in full support of the attorneys' fee application submitted in the above-captioned matter by plaintiffs' counsel Neufeld Scheck & Brustin, LLP ("NSB") under 42 U.S.C. § 1988. My support is based on my professional experience as someone who has litigated complex cases for almost forty years. In addition, as Mr. Rosario's lawyer and friend, I was uniquely situated to bear witness to the high quality of work and care that the lawyers at NSB poured into Mr. Rosario's case over the more than six years of representation.

2. I graduated from Yale Law School in 1983 where I was a Note Editor of the *Yale Law Journal.* In 1983-84, I clerked for the Honorable Frank M. Coffin of the United States Court of Appeals for the First Circuit. Following my clerkship, I worked for a year on the National Legal Staff of the American Civil Liberties Union as the Karpatkin Fellow.

3. Starting in October 1985, I served as an Assistant United States Attorney in the

NY-2452072

1

Southern District of New York, a position I held for five years. For most of my time there, I served on the Securities and Commodities Fraud Task Force, where I prosecuted cases involving insider trading, stock manipulation, other securities fraud offenses, and tax evasion.

4. I joined Morrison & Foerster LLP ("MoFo") in 1990 and became a partner in 1993. I am a member of the firm's Securities Litigation, Enforcement, and White Collar Defense practice group. My practice focuses primarily on white collar defense, including regulatory matters, and often involves related complex civil litigation. The United States District Court for the Southern District of New York has appointed me as receiver in three separate SEC enforcement actions, including *SEC v. Credit Bancorp, Ltd.*, in which I led a 14-year effort resulting in the recovery of most of the $200 million that customers had lost in a Ponzi scheme. I served on the New York State Ethics Commission from 2001 to 2007 and as chair of the board of the Jacob Javits Convention Center from 2007 to 2013.

5. I met and represented Mr. Rosario beginning in 2004 and continuing until (and after) his release from prison in March 2016. My work included representation at a N.Y. C.P.L. Section 440 evidentiary hearing in 2004 and throughout appeals, a federal habeas petition and subsequent appeals, for the 12 years it took to secure his release and dismissal of charges.

6. In the course of my representation of Mr. Rosario, which included prison visits and telephone calls, I developed a close friendship with him. I also continue to advise him on major life decisions.

7. When Mr. Rosario finally won vacatur of his conviction and dismissal of the charges, I knew he was interested in pursuing a civil rights case to seek compensation for his wrongful conviction and confinement. Recognizing the potential difficulties and pitfalls in this type of litigation, I felt a special responsibility to ensure I recommended the most capable firm

NY-2452072

to represent him. Based on my research and auditions with several firms with experience in this field, NSB was the clear choice. I recommended that Mr. Rosario choose NSB to represent him in his civil lawsuit because of their reputation and decades of expertise and experience in wrongful conviction civil suits. Prior to their taking of the case, I had no relationship with NSB or any of the attorneys who work there.

8. After Mr. Rosario's release from prison in 2016, I continued to represent him pro bono in matters apart from his civil rights case and to serve as an advisor and confidant. In both capacities I interacted with NSB lawyers repeatedly throughout the civil rights litigation. I saw their professionalism, expertise, and care firsthand as they navigated complicated legal and factual issues. The quality of their work was equal to that of my colleagues at MoFo, and the legal and factual issues they faced were just as complex as those that arise in the complex federal litigation in my own practice. I also saw on many occasions how the manifestations of Mr. Rosario's range of mental health issues and difficulty trusting people made his lawyers' job exceptionally difficult. The attorneys who worked on his case more than deserve their requested rates.

9. At MoFo, we are generally compensated through traditional hourly fee arrangements. Based on my experience in private practice in New York City for the last 32 years, I am aware of the prevailing hourly rates charged by New York City law firms.

10. My understanding is that the hourly rates charged by the counsel and paralegals involved in this litigation are as follows:

| Name of Counsel | Role | Hourly Rate |
|---|---|---|
| Nick Brustin | Partner | 900 |
| Anna Benvenutti Hoffmann | Partner | 800 |
| Emma Freudenberger | Partner | 800 |
| Amelia Green | Partner | 500 |
| Len Kamdang | Senior Associate | 450 |
| Richard Sawyer | Senior Associate | 450 |
| Sona Shah | Senior Associate | 450 |
| Bettina Roberts | Senior Associate | 425 |
| Christina Matthias | Senior Associate | 425 |
| Katie McCarthy | Senior Associate | 425 |
| Avinash Samarth | Associate | 400 |
| Katie Haas | Associate | 400 |
| Kate Fetrow | Associate | 375 |
| Gerardo Romo | Associate | 350 |
| Rhianna Rey | Associate | 325 |
|  | Paralegals/Law Clerks | 200 |

11. It is my professional opinion that these hours are more than reasonable in the Southern District of New York market. The rates of the NSB attorneys are actually quite low compared to the rates at the major Southern District of New York law firms for lawyers of comparable skill and experience in complex federal litigation. To be sure, the rates my firm regularly charges and collects—rates that are consistent with our understanding of the market—are far higher than the request made here. Specifically, my firm's rates range from $405 per hour for our newer associates to $1,825 for some of our partners. My standard hourly rate is $1,650.

12. In my professional judgment, based on their skill, reputation, experience, the difficulty of this case, the difficult of the client, and the outstanding result, NSB attorneys merit compensation here at the top of the relevant market range.

13. I swear under penalty of perjury that the foregoing is true and correct.

Dated: October 3, 2022
New York, New York

CARL H. LOEWENSON, JR.

NY-2452072

4