Index No. 18 CIV. 4023 (LGS)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RICHARD ROSARIO,

Plaintiff,

-against-

CITY OF NEW YORK, et al.,

Defendants.

## MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S FEE APPLICATION

*HON. SYLVIA O. HINDS-RADIX*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y.  10007*

*Of Counsel:  Hannah V. Faddis*
*Tel:  (212) 356-2486*

## <u>TABLE OF CONTENTS</u>

**TABLE OF AUTHORITIES** ............................................................................................. iv

**PRELIMINARY STATEMENT** ..................................................................................... 1

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY** ............................. 2

**STANDARD OF REVIEW** .............................................................................................. 2

**ARGUMENT** ...................................................................................................................... 3

POINT I ................................................................................................................................... 3

THE RATES REQUESTED BY PLAINTIFF'S COUNSEL ARE EXCESSIVE

**POINT II** ............................................................................................................................. 10

THE NUMBER OF HOURS EXPENDED BY PLAINTIFF'S COUNSEL SHOULD BE

REDUCED

**POINT III** ........................................................................................................................... 19

PLAINTIFF'S FEE APPLICATION SHOULD BE DENIED AS IT IS NOT SUPPORTED BY

CONTEMPORANEOUS RECORDS

**POINT IV** ........................................................................................................................... 21

PLAINTIFF SHOULD NOT BE GRANTED THE FEES SOUGHT  FOR PREPARATION OF

THE FEE APPLICATION

**POINT V** ............................................................................................................................. 22

PLAINTIFF'S FEE AWARD SHOULD BE OFFSET BY ANY CONTINGENCY FEE

**POINT VI** ........................................................................................................................... 24

PLAINTIFF'S REQUEST FOR COSTS SHOULD BE DENIED

**POINT VII**................................................................................................................... **26**

PLAINTIFF CANNOT RAISE NEW ARGUMENTS ON REPLY

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

ABN Amro Verzekeringen BV v. Geologistics Americas, Inc.,
  485 F.3d 85 (2d Cir. 2007)...........................................................................................27

Amato v. City of Saratoga Springs,
  991 F. Supp. 62 (N.D.N.Y. 1998).................................................................................12

Amerisource Corp. v. Rx USA Int'l, Inc.,
  No. 02-cv-2514 (JMA), 2010 U.S. Dist. LEXIS 52424 (E.D.N.Y. May 26,
  2010) ..............................................................................................................................26

Anderson v. City of N.Y.,
  132 F. Supp. 2d 239 (S.D.N.Y. 2001)...........................................................................26

Andrews v. City of New York,
  No. 14 CV 1721 (FB), 2015 U.S. Dist. LEXIS 133645 (E.D.N.Y. 2015)....................20

Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany,
  522 F.3d 182 (2d Cir. 2008)............................................................................................4

Balu v. City of New York,
  No. 12 Civ. 1071 (KPF), 2016 U.S. Dist. LEXIS 29264 (S.D.N.Y. Mar. 8,
  2016) ................................................................................................................................4

Barfield v. N.Y. City Health & Hosps. Corp.,
  537 F.3d 132 (2d Cir. 2008)........................................................................................8, 9

Barile v. Allied Interstate, Inc.,
  No. 12 Civ. 916 (LAP) (DF), 2013 U.S. Dist. LEXIS 32483 (S.D.N.Y. 2013) ......................17

Beastie Boys v. Monster Energy Co.,
  112 F. Supp. 3d 31 (S.D.N.Y. 2015).............................................................................13

Berrian v. City of N.Y.,
  No. 13-cv-1719 (DLC)(DF), 2014 U.S. Dist. LEXIS 104255 (S.D.N.Y. July
  28, 2014) ....................................................................................................................2, 11

Broadspring, Inc. v. Congoo, LLC,
  No. 13-CV-1866 (RJS), 2016 U.S. Dist. LEXIS 22577 (S.D.N.Y. Feb. 24,
  2016) ..............................................................................................................................26

Bumble & Bumble, LLC v. Pro's Choice Beauty Care, Inc.,
    No. 14-CV-6911 (VEC) (JLC), 2016 U.S. Dist. LEXIS 19329 (S.D.N.Y. Feb.
    17, 2016) .................................................................................................................20

Cabrera v. Fischler,
    814 F. Supp. 269 (E.D.N.Y.), rev'd in part and remanded on other grounds, 24
    F.3d 372 (2d Cir. 1993), cert. denied, 513 U.S. 876 (1994) ....................................11

Charles v. City of New York,
    13 Civ. 3547 (PAE), 2014 U.S. Dist. LEXIS 124056 (S.D.N.Y. Sept. 4, 2014).....................14

Chen v. Cty. of Suffolk,
    927 F. Supp. 2d 58 (E.D.N.Y. 2013) ........................................................................11

Crews v. Cty. of Nassau,
    No. 06-CV-2610 (JFB)(GRB), 2019 U.S. Dist. LEXIS 218129 (E.D.N.Y.
    Dec. 18, 2019).........................................................................................................25

Dailey v. Societe Generale,
    915 F. Supp. 1315 (S.D.N.Y 1996)....................................................................12, 20

Dancy v. McGinley,
    141 F. Supp. 3d 231 (S.D.N.Y. 2015).........................................................................5

DeVito v. Hempstead China Shop, Inc.,
    831 F. Supp. 1037, rev'd and remanded on other grounds, 38 F.3d 651 (2d
    Cir. 1994) ................................................................................................................11

DiFilippo v. Morizio,
    759 F.2d 231 (2d Cir. 1985)......................................................................................10

Ekukpe v. Santiago,
    16 Civ. 5412 (AT), 2020 U.S. Dist. LEXIS 56189 (S.D.N.Y. Mar. 31, 2020) ....................4, 6

Ernst Haas Studio, Inc. v. Palm Press, Inc.,
    164 F.3d 110 (2d Cir. 1999).....................................................................................27

F.H. Krear & Co. v. Nineteen Named Trustees,
    810 F.2d 12550 (2d Cir. 1987)..................................................................................12

Finch v. N.Y. State Office of Children & Family Servs.,
    861 F.Supp.2d 145 (S.D.N.Y. 2012)...........................................................................7

Green v. City of New York,
    403 F. App'x 626 (2d Cir. 2010) ...............................................................................11

Hensley v. Eckerhart,
    461 U.S. 424 (1983)......................................................................................2, 10, 12

Hill v. City of N.Y.,
    No. 19-Civ ...................................................................................................8

HomeAway.com, Inc. v. City of New York,
    523 F. Supp. 3d 573 (S.D.N.Y. Mar. 1, 2021) ..........................................7

Jean-Louis v. City of New York,
    342 F. Supp. 3d 436 (S.D.N.Y. 2018) .......................................................8

Juscinska v. Meson Sevilla, Ltd.,
    No. 19-CV-5284, 2021 U.S. Dist. LEXIS 33512 (S.D.N.Y. Feb. 23, 2021) ...........................8

Kassim v. City of Schenectady,
    415 F.3d at 254 ...........................................................................................8

Laster v. Cole,
    99 Civ. 2837 (JG), 2000 U.S. Dist. LEXIS 8672 (E.D.N.Y. June 23, 2000) ........................24

Lewis v. Coughlin,
    801 F.2d 570 (2d Cir. 1986)......................................................................20

Lilly v. City of New York,
    934 F.3d 222 (2d Cir. 2019).......................................................................3

Lilly v. City of New York,
    No. 16 Civ. 3222 (ER), 2017 U.S. Dist. LEXIS 12815 (S.D.N.Y. Aug. 15,
    2017), rev'd on other grounds, 934 F. 3d 222 (2d Cir. 2019)....................4

Louima v. City of New York,
    No. 98-cv-5083, 2004 U.S. Dist. LEXIS 28886 (E.D.N.Y. Oct. 5, 2004), aff'd,
    163 Fed. Appx. 70 (2d Cir. 2006) ............................................................20

Luciano v. Olsten Corp.,
    109 F.3d 111 (2d Cir. 1997)................................................................11, 15

Lunday v. City of Albany,
    42 F.3d 131 (2d Cir. 1994)........................................................................10

Mawere v. Citco Fund Servs. (USA) Inc.,
    No. 09 Civ. 1342 (BSJ) (DF), 2011 U.S. Dist. LEXIS 149111 (S.D.N.Y. Sept.
    16, 2011) ...................................................................................................22

Meriwether v. Coughlin,
    727 F. Supp. 823 (S.D.N.Y. 1989) ..........................................................11

New York State Ass'n for Retarded Children, Inc. v. Carey,
    711 F.2d 1136 (2d Cir. 1983)........................................................11, 12, 20

Nu-Life Constr. Corp. v. Board of Educ. of the City of New York,
795 F. Supp. 602 (E.D.N.Y. 1992) ........................................................................11

Orshan v. Macchiarola,
629 F. Supp. 1014 (E.D.N.Y. 1986) .....................................................................12

Ortiz v. City of New York,
No. 15 Civ. 2206 (DLC), 2020 U.S. Dist. LEXIS 26241 (S.D.N.Y. Feb. 14,
2020) .........................................................................................................................5

Perdue v. Kenny A.,
559 U.S. 542 (2010).................................................................................................2

Pressman v. Estate of Steinvorth,
886 F. Supp. 365 (S.D.N.Y. 1995) .......................................................................12

Quaratino v. Tiffany & Co.,
166 F.3d 422 (2d Cir. 1999)..................................................................................10

Restivo v. Nassau County,
No. 06-CV-6720(JS)(SIL), 2015 U.S. Dist. LEXIS 160336 (E.D.N.Y. Nov.
30, 2015) ......................................................................................................5, 6, 7, 22

Richards v. New York City Bd. Of Educ.,
No. 83 Civ. 7621 (CBM), 1988 U.S. Dist. LEXIS 6121 (S.D.N.Y. June 23,
1988) .......................................................................................................................24

Robinson v. City of New York,
No. 05-cv-9545 (GEL), 2009 U.S. Dist. LEXIS 89981 (S.D.N.Y. Sept. 29,
2009) .........................................................................................................................2

Rotella v. Bd. of Educ.,
No. 01-cv-0434 (NGG), 2002 U.S. Dist. LEXIS 507 (E.D.N.Y. Jan. 17, 2002)....................25

Townsend v. Benjamin Enters,
679 F.3d 41 (2d Cir. 2012)......................................................................................7

United States v. Merritt Meridian Constr. Corp.,
95 F.3d 153 (2d Cir. 1996)...............................................................................25, 27

Valley Disposal v. Central Vt. Solid Waste Management Dist.,
71 F.3d 1053 (2d Cir. 1995)..................................................................................22

Venegas v. Mitchell,
495 U.S. 82 (1990).................................................................................................23

Vilkhu v. City of N.Y.,
    No. 06-CV-2095 (CPS)(JO), 2009 U.S. Dist. LEXIS 73696 (E.D.N.Y. June
    25, 2009) ...................................................................................................................7, 17

C.B. ex rel. W.B. v. N.Y. City Dep't of Educ.,
    No. 02-cv-4620 (CLP), 2006 U.S. Dist. LEXIS 68649 (E.D.N.Y. Sept. 25,
    2006) ..............................................................................................................11, 12, 20

Wheatley v. Ford,
    679 F.2d 1037 (2d Cir. 1982).....................................................................................24

Williams v. New York City Hous. Auth.,
    975 F. Supp. 317 (S.D.N.Y. 1997) ............................................................................14

Wright v. City of N.Y.,
    283 F. Supp. 3d 98 (S.D.N.Y. 2017)................................................................8, 23, 24

**Statutes**

42 U.S.C. § 1983 ....................................................................................................................2, 7

42 U.S.C. § 1988 ............................................................................................................... *passim*

N.Y. Crim. Proc. L. § 440.10 ..................................................................................................17

N.Y. Mun. Law. § 50-h...........................................................................................................17

## PRELIMINARY STATEMENT

Richard Rosario was convicted of the 1996 murder of Jorge Collazo based principally on the testimony of two eyewitnesses who identified him as the shooter.  Almost twenty-five years later, both of those individuals maintained their confidence in their identifications of Mr. Rosario.  They appeared at the trial of this civil matter and again identified Mr. Rosario as Collazo's killer—as they had at his criminal trial.  Plaintiff alleged that the defendants, claims against only three of whom remained for trial, intentionally fabricated these eyewitness identifications, resulting in his twenty-year imprisonment.  In summation, plaintiff's counsel asked the jury for almost $50 million.  The jury returned a verdict of $5 million as compensatory damages against a single defendant on two of three claims against him.  Plaintiff's counsel now seeks fees and costs in excess of 80% of the jury's verdict.  Because no "reasonable, paying client" would pay that bill, the Court should deny plaintiff's application.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

For a recitation of the relevant factual background and procedural history, defendant respectfully refers the Court to the Declaration of Hannah V. Faddis, dated November 14, 2022.

## STANDARD OF REVIEW

A district court may, in its discretion authorize allow a prevailing party a reasonable attorney's fee in an action brought to enforce his rights under 42 U.S.C. § 1983. 42 U.S.C. § 1988.  "The purpose of § 1988 is to ensure effective access to the judicial process for persons with civil rights grievances." Hensley v. Eckerhart, 461 U.S. 424 (1983).  It is well-settled that a reasonable fee award is not meant to provide a "windfall" to attorneys as the very purpose of 42 U.S.C. § 1988 "is to enforce the covered civil rights statutes, not to provide 'a form of economic relief to improve the financial lot of attorneys.'" Perdue v. Kenny A., 559 U.S. 542, 552 (2010) (citing Blum, 465 U.S. 886 (1984); Pennsylvania v. Del. Valley Citizens' Council for Clean Air, 478 U.S. 546 (1986)). "A 'reasonable' fee is a fee that is sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case." Perdue, 559 U.S. at 552.  "In analyzing a request for fees, the court should begin with the lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case." Berrian v. City of N.Y., No. 13-cv-1719 (DLC)(DF), 2014 U.S. Dist. LEXIS 104255, at *8 (S.D.N.Y. July 28, 2014) (citing Millea v. Metro-North Railroad Co., 658 F.3d 154, 166 (2d Cir. 2011).  This computation creates the "presumptively reasonable fee," Id. (citing Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany, 522 F.3d 182, 183 (2d Cir. 2008); see also Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 552, (2010)."The party seeking fees bears the burden of demonstrating that its requested fees are reasonable." Berrian, 2014 U.S. Dist. LEXIS 104255, at *8-9 (citing Blum v. Stenson, 465 U.S. 886, 897, (1984); Robinson v.

City of New York, No. 05-cv-9545 (GEL), 2009 U.S. Dist. LEXIS 89981, at *3 (S.D.N.Y. Sept. 29, 2009).

## ARGUMENT

### POINT I

### THE RATES REQUESTED BY PLAINTIFF'S COUNSEL ARE EXCESSIVE

The first step in computing a reasonable fee is to determine the reasonable hourly rates recoverable for the work performed.  In this case, the rates claimed by plaintiff's counsel are excessive and should be reduced by the Court.

"[A] district court, in exercising its considerable discretion, [should] bear in mind *all* of the case-specific variables that [the Second Circuit] and other courts have identified as relevant to the reasonableness of attorney's fees in setting a reasonable hourly rate. The reasonable hourly rate is the rate a paying client would be willing to pay. In determining what rate a paying client would be willing to pay, the district court should consider, among others, the Johnson factors; it should also bear in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively. The district court should also consider that such an individual might be able to negotiate with his or her attorneys, using their desire to obtain the reputational benefits that might accrue from being associated with the case. The district court should then use that reasonable hourly rate to calculate what can properly be termed the "presumptively reasonable fee."

Lilly v. City of New York, 934 F.3d 222, 230 (2d Cir. 2019) (citing Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 522 F.3d 182, 190 (2d Cir. 2008)).

The Johnson factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Arbor Hill, 493 F.3d 110, 114, n 3 (2d Cir 2007) (citing Johnson v. Georgia Highway Express, 488 F.2d 714, 717-19 (5th Cir. 1974)).

       A.   The Rates Sought by Plaintiff's Counsel Are Excessive.

      Reasonable rates are typically determined by assessing prevailing market rates for similar services in the litigation forum, with an eye toward the case-specific variables identified by the Circuit.  In this case, the rates requested by plaintiff's counsel are excessive for attorneys of similar experience levels with civil rights actions at small firms in the Southern District of New York.  "[I]n the Southern District of New York, 'the customary rate for experienced litigators ranges from about $400 to $600 per hour in civil rights[…]cases." Ekukpe v. Santiago, 16 Civ. 5412 (AT), 2020 U.S. Dist. LEXIS 56189, at *8 (S.D.N.Y. Mar. 31, 2020) (quoting Indep. Project, Inc. v. Ventresca Bros. Constr. Co., 397 F. Supp. 3 482, 496 (S.D.N.Y. 2019) (collecting cases).  In relatively straightforward cases, an hourly rate of $450 per hour has been held to be appropriate.  See Lilly v. City of New York, No. 16 Civ. 3222 (ER), 2017 U.S. Dist. LEXIS 12815, at *12 (S.D.N.Y. Aug. 15, 2017), rev'd on other grounds, 934 F. 3d 222 (2d Cir. 2019); Balu v. City of New York, No. 12 Civ. 1071 (KPF), 2016 U.S. Dist. LEXIS 29264

(S.D.N.Y. Mar. 8, 2016) (setting a $450 hourly rate for experienced counsel in a case with a four-day trial); Dancy v. McGinley, 141 F. Supp. 3d 231, 239 (S.D.N.Y. 2015) (setting a $450 hourly rate for counsel with 36 years of civil rights experience and recognizing the "relatively uncomplicated nature" of the matter); see Ortiz v. City of New York, No. 15 Civ. 2206 (DLC), 2020 U.S. Dist. LEXIS 26241, at *11-12 (S.D.N.Y. Feb. 14, 2020) (setting a rate of $300 per hour, where the action was "a very simple § 1983 action" and the "litigation of the action was also straightforward.")

       The cases relied upon by plaintiff do not urge a deviation from these market rates. In particular, plaintiff relies on the fee award to his attorneys from Neufeld Sheck & Brustin LLP ("NSB") in the Restivo matter as a reference point for reasonable rates. Restivo v. Nassau County, No. 06-CV-6720(JS)(SIL), 2015 U.S. Dist. LEXIS 160336 (E.D.N.Y. Nov. 30, 2015). However, based on counsel's own submissions to the Court in that matter, Restivo involved a substantially more complicated procedural history and more sophisticated factual and legal issues than the instant matter. For example, the plaintiffs' case in Restivo involved allegations on behalf of two plaintiffs and "relied on technically sophisticated scientific evidence, requiring an understanding of not only the current state-of-the-art in DNA and forensic hair comparison, but also how those fields have developed over the past 30 years." (Restivo Hoffman Decl., dated Dec. 17, 2014, No. 06-cv-6720 (JS)(SIL), ECF No. 234, attached hereto as Exhibit C). Indeed, plaintiff's counsel Anna Benvenutti Hoffman described the Restivo matter as "one of the most complex and factually intricate" (Restivo Hoffman Decl., p. 2)—a description also applied to the instant matter by co-counsel Emma Freudenberger. (See, Freudenberger Decl., ECF No. 510, p. 2). Counsel in Restivo also averred that the involvement of a third plaintiff who had confessed to the crime "complicated the legal and factual issues. (Restivo Hoffman Decl., Ex. C, p. 4). The

Court in Restivo awarded $600 per hour to Nick Brustin, $700 per hour to his senior partners, Barry Scheck and Peter Neufeld.[1] Id. In so doing, the Court specifically acknowledged that the case involved "extensive analysis and presentation of DNA evidence, spanning eight years and two trials." Id., 2015 U.S. Dist. LEXIS 160336, at *7.

This matter is distinguishable. Without diminishing the gravity of the plaintiff's allegations in this matter, this case ultimately turned—in the most familiar of ways—on the credibility of the various witnesses—plaintiff, defendants, alibi witnesses, and eyewitnesses. The numerosity of these witnesses or time expended locating and depositing them is not an indicator of complexity. The litigation of a case of this nature did not require the same level of experience and expertise as Restivo. In short, the rates awarded in Restivo are not an appropriate guide for a reasonable hourly rate in this case, which did not present the same types of issues or require the same specific scientific expertise. See, Ekukpe, 2020 U.S. Dist. LEXIS 56189, at *9 (referring to Restivo as an "outlier, involving complex litigation over eight years, culminating in two trials spanning more than four months and involving complicated expert testimony.") Lastly, this case is distinguishable from Restivo in its rate of success. The Restivo plaintiffs were each awarded $18 million, $1 million per year for each year they were imprisoned, as opposed to the plaintiff here who received $5 million total for 20 years' imprisonment—after asking the jury for approximately $1 million per year. Restivo, 2015 U.S. Dist. LEXIS 160336, at *4. The Restivo Court explicitly considered this high rate of success when approving counsel's hourly rates.

---

[1] Of note, neither Scheck nor Neufeld were involved in the litigation of this matter, perhaps an indication of its lesser complexity.

Moreover, the market rates noticed by the <u>Restivo</u> Court were exceedingly high, and are not in line with current rates approved in the Southern District.  The Court in <u>Restivo</u> found that rates of $600 per hour for Mr. Brustin and $500 per hour for Ms. Hoffman, were "in line with court-approved rates in successful § 1983 cases in the Southern District." <u>Id.</u> (citing <u>Rozell v. Ross-Holst</u>, 576 F. Supp. 2d 527, 546 (S.D.N.Y. 2008).  However, recent cases make clear that those rates, today, are still at the highest end of what an experienced civil rights litigator might command in the Southern District.  More recently, this Court awarded partners at Gibson, Dunn & Crutcher LLP—a law firm with more than 1700 attorneys worldwide—$650 to 300 per hour based on the "uncommonly complex nature of the constitutional issues presented." <u>HomeAway.com, Inc. v. City of New York</u>, 523 F. Supp. 3d 573 (S.D.N.Y. Mar. 1, 2021).  The size of the law firm is a relevant factor in determining the appropriate market rate.  <u>See</u>, <u>Vilkhu v. City of N.Y.</u>, No. 06-CV-2095 (CPS)(JO), 2009 U.S. Dist. LEXIS 73696, at *12 (E.D.N.Y. June 25, 2009); <u>Townsend v. Benjamin Enters</u>, 679 F.3d 41, 59–60 (2d Cir. 2012) (affirming district court's hourly rate decision, which was based in part on the size of the law firm); <u>Finch v. N.Y. State Office of Children & Family Servs.</u>, 861 F.Supp.2d 145, 153 n.50 (S.D.N.Y. 2012) (district court concluded that a lower rate applied because plaintiff's counsel was a sole practitioner, noting that "[t]he size of the law firm is a significant factor in determining the relevant market rates.") Thus, the rates awarded to Gibson Dunn are substantially higher than those that would be appropriate for NSB.  This distinguishes the rates supported by the affiants Chip Loewenson, a partner at Morrison Foerster, and Rachel Skaistis, a partner with Cravath, Swaine & Moore LLP, both firms with footprints commanding much higher hourly rates than those appropriate for NSB.

Recent decisions have continued to uphold rates in this District of $350 to $450 per hour for experienced civil rights litigators. See, Juscinska v. Meson Sevilla, Ltd., No. 19-CV-5284, 2021 U.S. Dist. LEXIS 33512, at *2 (S.D.N.Y. Feb. 23, 2021) (finding that $375 was reasonable for "an experienced litigator who has litigated many cases under the ADA in this District and has more than fifteen years' experience practicing law in New York"); Hill v. City of N.Y., No. 19-Civ. 7882 (PKC), 2021 U.S. Dist. LEXIS 51334, at *9 (S.D.N.Y. Mar. 18, 2021) (approving $425 per hour for name partners of small firm practicing since 1982 and 1996, $400 per hour for attorney admitted in 2011 with six years civil rights experience, $350 per hour for associate practicing since 2004 and $275 per hour for attorney admitted in 2019); Jean-Louis v. City of New York, 342 F. Supp. 3d 436, 442 (S.D.N.Y. 2018) (courts generally award reasonable hourly fees of $350 to $450 for experienced civil rights attorneys in the Southern District).

Accordingly, the rates requested are excessive and should be reduced.

B. Plaintiff's Fee Award Should Take Into Account His Rate of Success.

Plaintiff's fee award should also be reduced in accordance with the extent of his success. "The Second Circuit has stated that 'in awarding attorney fees, the most critical factor is the degree of success obtained.'" Wright v. City of N.Y., 283 F. Supp. 3d 98, 108 (S.D.N.Y. 2017) (citing Patterson v. Balsamico, 440 F.3d 104, 123 (2d Cir. 2006); and Hensley, 461 U.S. at 436). "A district court's assessment of the 'degree of success' achieved in a case is not limited to inquiring whether a plaintiff prevailed on individual claims." Barfield v. N.Y. City Health & Hosps. Corp., 537 F.3d 132, 152 (2d Cir. 2008); see Kassim v. City of Schenectady, 415 F.3d at 254. "Both 'the quantity and quality of relief obtained,' as compared to what the plaintiff sought to achieve as evidenced in [his] complaint, are key factors in determining the degree of success achieved." Barfield, 537 F.3d at 152 (citing Carroll v. Blinken, 105 F.3d 79, 81 (2d Cir. 1997)). Indeed, this comparison "promotes the court's 'central' responsibility to 'make the assessment of

what is a reasonable fee under the circumstances of the case.'" Id. (citing Farrar v. Hobby, 506 U.S. at 114-15; and Blanchard v. Bergeron, 489 U.S. at 96).

Plaintiff's motion papers argue that he achieved a degree of success in this action that is not borne out by the record.  First, the plaintiff voluntarily dismissed his claims against former defendants Fortunato, Monks, and Silverman.  Additionally, his claims for conspiracy, supervisory liability, Monell liability, intentional infliction of emotional distress, and negligence did not survive to trial, and he did not prevail against defendants Martinez and Cruger at trial. Defendants will not recite every discovery and in limine ruling, but will note that there were numerous applications made by plaintiff which were denied in whole or in part.  (See, e.g., ECF No. 286, denying plaintiff's application to use a jury questionnaire; ECF No. 306, denying plaintiff's application for leave to conduct trial depositions; ECF No. 308, ruling on parties' motions in limine.)  However, the most significant indicator of the plaintiff's rate of success in this action is that he asked the jury for almost $50 million and they awarded him $5 million. Thus, it is clear that plaintiff sought a greater degree of relief than he obtained.  Because the plaintiff obtained only a fraction of the relief he sought, and thus a limited degree of success, the Court should reduce any fee award proportionally.  Given that the plaintiff only prevailed against one of three defendants who remained for trial, and against him recovered only a fraction of the relief sought, defendants respectfully submit that the Court should reduce the fees sought.

The rates requested by plaintiff in this case exceed the highest rates approved in this District for similarly sized firms and attorneys of similar experience levels and do not reflect the success achieved in this action.  Defendants respectfully submit that the rates described in Table 1, are in line with market rates in the Southern District for the work done, and results achieved, in this case.

9

**Table 1**

| Name | Reduced Hourly Rate |
|---|---|
| Nick Brustin | $500 |
| Anna Benvenutti Hoffman | $450 |
| Emma Freudenberger | $450 |
| Amelia Green | $350 |
| Len Kamdang | $325 |
| Richard Sawyer | $325 |
| Sona Shah | $325 |
| Bettina Roberts | $300 |
| Christina Matthias | $300 |
| Katie McCarthy | $300 |
| Avinash Samarth | $275 |
| Katie Haas | $275 |
| Kate Fetrow | $250 |
| Gerardo Romo | $225 |
| Rhianna Rey | $200 |
| Paralegals/Law Clerks | $150 |

Accordingly, defendants submit that plaintiff's requested rates should be denied.

## POINT II

## THE NUMBER OF HOURS EXPENDED BY PLAINTIFF'S COUNSEL SHOULD BE REDUCED

In reviewing a fee application, the district court must examine the particular hours expended by counsel with a view to the value of the work product of the specific expenditures to the client's case. See Lunday v. City of Albany, 42 F.3d 131, 133 (2d Cir. 1994); DiFilippo v. Morizio, 759 F.2d 231, 235 (2d Cir. 1985). If any expenditure of time was unreasonable, the court should exclude these hours from the calculation. See Hensley v. Eckerhart, 461 U.S. 424, 434 (1983); Lunday, 42 F.3d at 133. The court should thus exclude "excessive, redundant or otherwise unnecessary hours, as well as hours dedicated to severable unsuccessful claims." Quaratino v. Tiffany & Co., 166 F.3d 422, 425 (2d Cir. 1999). A party seeking attorneys' fees bears the burden of supporting its claim of hours expended by accurate, detailed and

10

contemporaneous time records.  See New York State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1147-48 (2d Cir. 1983).  A court has broad discretion to "trim the fat" in an application for attorneys' fees, and to eliminate excessive or duplicative hours.  See, e.g., Green v. City of New York, 403 F. App'x 626, 630 (2d Cir. 2010) (quoting In re Agent Orange Prod. Liab. Litig., 818 F.2d 226, 237 (2d Cir. 1987)); see also Luciano v. Olsten Corp., 109 F.3d 111, 117 (2d Cir. 1997); Chen v. Cty. of Suffolk, 927 F. Supp. 2d 58, 73 (E.D.N.Y. 2013); Berrian v. City of N.Y., No. 13 Civ. 1719 (DLC) (DF), 2014 U.S. Dist. LEXIS 104255, at *8-9 (S.D.N.Y. July 28, 2014).

The Court need not make findings as to the compensability of each item of work claimed by the plaintiff.  Where, as here, the fee application contains numerous vague entries, "courts routinely impose an across-the-board reduction for vague entries." C.B. ex rel. W.B. v. N.Y. City Dep't of Educ., No. 02-cv-4620 (CLP), 2006 U.S. Dist. LEXIS 68649, *45-46 (E.D.N.Y. Sept. 25, 2006) (collecting cases, See, e.g., DeVito v. Hempstead China Shop, Inc., 831 F. Supp. 1037, 1045 (reducing fee request by 40% due, in part, to insufficient descriptions of work performed), rev'd and remanded on other grounds, 38 F.3d 651 (2d Cir. 1994); Cabrera v. Fischler, 814 F. Supp. 269, 290 (E.D.N.Y.) (reducing fees by 30% for vague entries with insufficient descriptions of work performed), rev'd in part and remanded on other grounds, 24 F.3d 372 (2d Cir. 1993), cert. denied, 513 U.S. 876 (1994); Nu-Life Constr. Corp. v. Board of Educ. of the City of New York, 795 F. Supp. 602, 607-08 (E.D.N.Y. 1992) (reducing fees by 30% due in part to lack of specificity in the descriptions of work performed); Meriwether v. Coughlin, 727 F. Supp. 823, 827 (S.D.N.Y. 1989) (finding a reduction of 15% from the fee request warranted based on vague descriptions of work performed)).

"Counsel for the prevailing party should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission. In the private sector, billing judgment is an important component in fee setting. It is no less important here. Hours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority." Hensley, 461 U.S. at 434.  A party seeking attorneys' fees bears the burden of supporting its claim of hours expended by accurate, detailed and contemporaneous time records.  New York State Ass'n for Retarded Children, 711 F.2d at 1147-48.

Because the records submitted by plaintiff contain entries that are vague, duplicative, and not compensable, the Court should deny or reduce the fees sought by plaintiff.

1. *Vague Billing*

Courts have reduced fee awards where the billing entries were overly vague. See C.B. ex rel. W.B., 2006 U.S. Dist. LEXIS 68649, *43-44 (collecting cases, e.g., F.H. Krear & Co. v. Nineteen Named Trustees, 810 F.2d 12550, 1265 (2d Cir. 1987) (rejecting entries for "Rev. Docs" and "Clients re testimony"); Amato v. City of Saratoga Springs, 991 F. Supp. 62, 65-66 (N.D.N.Y. 1998) (reducing award for vagueness due to entries such as "review discovery response," "prepare deposition questions," and "review research"); Dailey v. Societe Generale, 915 F. Supp. 1315, 1328 (S.D.N.Y 1996) (stating that entries such as "'telephone call,' 'consultation,' and 'review of documents' are not sufficiently specific so as to enable the Court to determine whether the hours billed were duplicative or excessive"); Pressman v. Estate of Steinvorth, 886 F. Supp. 365, 367-68 (S.D.N.Y. 1995) (denying compensation for entries such as "telephone conversation," "prepare correspondence," or "review of file" where no associated legal matter was specified); Orshan v. Macchiarola, 629 F. Supp. 1014, 1019-20 (E.D.N.Y.

1986) (reducing fees for entries such as "prepare correspondence" and "review correspondence").

There are a number of entries in plaintiff's billing records which are too vague to assess for reasonableness. By way of example:

- On February 7, 2020, Mr. Samarth billed 3 hours for a task with no description, categorized only as "digest." (Samarth Billing Records, ECF No. 510-12, p. 9).

- On August 26, 2021, Ms. Haas billed one hour for "notes." (Haas Billing Records, ECF No. 510-13, p. 12).

- On January 12, 2022, Ms. Haas billed 1.5 hours for "discussion." (Haas Billing Records, ECF No. 510-13, p. 20).

- Ms. Fraerman, a paralegal, submitted time entries totaling 531.8 hours, consisting largely of the same one or two word descriptions, e.g., "reviewing documents," "organizing documents," and "emails." Ms. Fraerman also billed 65.3 hours for "SJ opp," without any explanation for her role in preparing those motion papers. (Fraerman Billing Records, ECF No. 510-17, pp. 15-19).

- Ms. Cicognani, a law clerk, billed 48.5 hours for "Review and Summarize Transcript." (Cignognani Billing Records, ECF No. 510-17, p. 36).

- Similarly, Jillian Lewis, a law clerk, also billed 54 hours for "Review and Summarize Transcript." (Lewis Billing Records, ECF No. 510-17, p. 42).

- On December 10 through 13, 2021, Ms. Freudenberger billed multiple hours each day for "trial prep." (Freudenberger Billing Records, ECF No. 510-19, p. 9).

- On December 8, 2021, Mr. Romo billed 2.4 hours for "case materials." (Romo Billing Records, ECF No. 510-15, p. 10).

The vagueness of these entries make it impossible to assess the reasonableness of the time expended on particular tasks. Without limitation, these examples demonstrate the type of vague billing warranting a reduction in the number of hours awarded.

2. *Block Billing*

Block billing "impedes a court's ability to assess whether the time expended on any given task was reasonable." Beastie Boys v. Monster Energy Co., 112 F. Supp. 3d 31, 53

(S.D.N.Y. 2015) (noting that "block billing is most problematic where large amounts of time (*e.g.*, five hours or more) are block billed; in such circumstances, the limited transparency afforded by block billing meaningfully clouds a reviewer's ability to determine the projects on which significant legal hours were spent."); See also Charles v. City of New York, 13 Civ. 3547 (PAE), 2014 U.S. Dist. LEXIS 124056, at *5 (S.D.N.Y. Sept. 4, 2014) (reducing a partner's fee award for block-billed entries, including one 5.2 hour entry that stated, "Prep to conduct defendants depositions-review discovery materials including CCRB files, defendants statements, arrest reports, draft deposition outline, formulate strategy, draft questions for Brito"); Williams v. New York City Hous. Auth., 975 F. Supp. 317, 327 (S.D.N.Y. 1997) ("Fee applicants should not 'lump' several services or tasks into one time sheet entry because it is then difficult, if not impossible, for a court to determine the reasonableness of the time spent on each of the individual services or tasks provided[.]")

Plaintiff's billing records contain numerous instances of block billing, a sampling of which are noted below:

- On Jan. 15, 2019, Mr. Brustin billed 5.2 hours for various unrelated tasks, including lunch with reporter Dan Slepian. (Brustin Billing Records, ECF No. 511-2, p. 2).

- On January 22, 2019, Mr. Brustin billed 4.7 hours for various unrelated tasks, including, phone calls, deposition preparation, document review, and internal meetings. (Brustin Billing Records, ECF No. 511-2, p. 3).

- On May 22, 2019, Ms. Freudenberger billed 7 hours for various unrelated tasks. (Freudenberger Billing Records, ECF No. 510-19, p. 5).

- On Sept. 30, 2021, Ms. Freudenberger billed 5 hours for various unrelated tasks. (Freudenberger Billing Records, ECF No. 510-19, p. 14).

- Between September 2021 and August 2022, Mr. Brustin submitted numerous entries for "trial prep," often with little detail and accounting for large blocks of time. E.g., 7.8 hours on December 8, 2021, for "prep for trial, pretrial docs, designations." (Brustin Billing Records, ECF No. 511-2, p. 7).

- On October 5, 2021, Ms. Haas billed 2.5 hours for various unrelated tasks.

- On October 6, 2021, Ms. Haas billed 7 hours for various unrelated tasks.

- On October 7, 2021, Ms. Haas billed 6.5 hours for various unrelated tasks.

- From July 6, 2022 to Aug. 12, 2022, Mr. Duran, a paralegal, created 37 time entries, totaling 401.9 hours, each containing almost exactly the same description, "Trial prep – preparing exhibits, printing and reviewing digests, creating witness binders, rehearsing exhibits, deposition designations." (Duran Billing Records, ECF No. 510-17, p. 7).

These block billing entries make it impossible to determine the appropriateness of the time billed for any particular task. Without limitation, these examples demonstrate the type of block billing warranting a reduction in the number of hours awarded.

### 3. *Duplication of Efforts*

A plaintiff should not recover fees for a duplication of effort. See Luciano v. Olsten Corp., 109 F.3d 111, 111 (2d Cir. 1997). There are numerous entries in plaintiff's billing records which suggest either a duplication of efforts by counsel jointly or individually. For example, there are entries for phone calls involving four or more attorneys, including the three senior partners assigned to this matter. These include phone calls on discrete issues—not team meetings, which are separately noted—*e.g.*, on April 19, 2021, Mr. Brustin, Ms. Freudenberger, Ms. Hoffman, Ms. Haas, and three other individuals, including at least one law clerk, participated in a 1.5 hour meeting regarding a jury questionnaire. (See, Hoffman Billing Records, ECF 510-4, p. 17; Freudenberger Billing Records, ECF No. 510-19, p. 6; Brustin Billing Records, ECF No. 511-2, p. 7; Haas Billing Records, ECF No. 510-13, p. 10). To be clear, at the rates requested by plaintiff, this single meeting regarding a juror questionnaire cost $4,350.

Plaintiff's billing records related to motions *in limine* provides another good example of duplicative work. Ms. Fetrow billed 24.9 hours for work done on motions *in limine* from March 12, 2021, to April 28, 2021 (Fetrow Billing Records, ECF No. 510-14, p. 9). Ms.

15

Roberts billed five hours for motions *in limine* from April 9, 2021 to April 15, 2012. (Roberts Billing Records, ECF No. 510-9, p. 9-10). Ms. Matthias billed 14.2 hours for motions *in limine* from June 15, 2021 to June 21, 2021. (Matthias Billing Records, ECF No. 510-10, p. 8). Ms. Haas billed another 25 hours for motions *in limine* between June 16 and June 24, 2021 (Haas Billing Records, ECF No. 510-13, p. 10), when plaintiff's motions *in limine* were filed. Ms. Hoffman also billed approximately 14 hours for work reviewing, editing, and drafting motions *in limine*. (Hoffman Billing Records, ECF No. 510-4, p. 17). These hours do not include all exclusive of additional time spent discussing motions *in limine*. Records also show that two separate law clerks also billed 11 and 6.2 hours each just for cite checking motions *in limine*. (Chavez Billing Records, ECF No. 510-17, p. 35; Dunbar Billing Records, ECF No. 510-17, p. 39).

There are numerous entries for multiple attorneys attending court proceedings, even where those attorneys did not participate in the proceedings. For example, Mr. Romo billed two hours simply for attending a pretrial conference on December 16, 2021. (Romo Billing Records, ECF No. 510-15, p. 10).

There are also numerous entries for the same task. For example, Mr. Romo billed .9 hours on December 17, 2021 for "notes/digest 12.17 meeting" and 1.8 hours on December 27, 2021, for "notes on 12.17 meeting/outline." (Romo Billing Records, ECF No. 510-15, p. 11).

Without limitation, these examples demonstrate the type of duplicative work performed and warranting a reduction in the number of hours awarded.

4. *Non-Compensable Time*

Plaintiff's application seeks various categories of non-compensable time, including fees incurred in connection with prior proceedings, training, and non-litigation matters.

Plaintiff's application seeks fees incurred in connection with prior proceedings that are not recoverable under § 1988.  Section 1988 permits the Court to award reasonable attorneys' fees incurred, "[I]n any action or proceeding to enforce a provision of section[]...1983[.]"    Accordingly, the time expended by plaintiff's counsel in relation to plaintiff's N.Y. Mun. Law. § 50-h hearing or his prior N.Y. Crim. Proc. L. § 440.10 motion is not recoverable in this action.    (<u>See</u>, Sawyer Billing Records, ECF No. 510-7, pp. 9-12; Freudenberger Billing Records, ECF No. 510-19, p. 2; Freudenberger Billing Records, ECF No. 510-19, p. 2).   It is not clear how many of the hours prior to the filing of this Complaint were expended in connection with these other proceedings due to the vagueness of the records.   Accordingly, the Court should decline to award fees for any hours expended prior to the filing of the complaint in this matter.

Plaintiff's counsel also seeks fees for training, which is not compensable.  <u>See</u> <u>Vilku v. City of New York</u>, No. 06-CV-2095 (CPS)(JO), 2009 U.S. Dist LEXIS 73696, *39 (E.D.N.Y. June 25, 2009) (discounting hours for training), <u>rev'd and remanded on other grounds</u>, <u>Vilkhu v. City of New York</u>, 372 Fed. Appx. 222 (2010); <u>see also</u> <u>Barile v. Allied Interstate, Inc.</u>, No. 12 Civ. 916 (LAP) (DF), 2013 U.S. Dist. LEXIS 32483, *105 (S.D.N.Y. 2013) (discounting hours for training).   There are a number of hours which appear to consist of training for law clerks and other staff, having them review materials which had already been reviewed, or simply attending the trial of this matter. For example:

- Madhur Belkale, a law clerk, billed 60 hours for attending the trial of this matter. (Belkale Billing Records, ECF No. 510-17, p. 32).

- Zainabou Darboe, a law clerk, billed 2.8 hours for reading or watching media about the case and discussing with Rick Sawyer. (Darboe Billing Records, ECF No. 510-17, p. 37).

17

Additionally, plaintiff's billing records contain entries relating to non-litigation matters. For example:

- On July 17, 2022, Ms Haas billed one hour for "review terms of litigation loans, send related emails." (Haas Billing Records, ECF No. 510-13, p. 22).

- On September 7, 2022, Mr. Romo billed 45 minutes for "loan payoff dates and amounts." (Romo Billing Records, ECF No. 510-15, p. 18).

Plaintiff has not met his burden of proof to establish that this time was compensable, and the Court should not award fees for these tasks.

Because the plaintiff's time records contain numerous unreasonable entries, the Court should apply a reduction of 45% to the hours claimed by plaintiff, as described in Table 2. This reduction will address the issues of vague, duplicative, excessive, and non-compensable time entries. This reduction also address the limited success discussed *supra*.

**Table 2**

| Name | Hours Sought[2] | Reduced Hours |
|------|------|------|
| Nick Brustin | 1022.3 | 613.38 |
| Anna Benvenutti Hoffman | 785.6 | 471.36 |
| Emma Freudenberger | 764.5 | 458.7 |
| Amelia Green | 182.6 | 109.56 |
| Len Kamdang | 271.0 | 162.6 |
| Richard Sawyer | 1250.3 | 750.18 |
| Sona Shah | 55.2 | 33.12 |
| Bettina Roberts | 116.7 | 70.02 |
| Christina Matthias | 39.2 | 23.52 |
| Katie McCarthy | 18.4 | 11.04 |
| Avinash Samarth | 143.4 | 86.04 |
| Katie Haas | 663.4 | 398.04 |
| Kate Fetrow | 24.9 | 14.94 |

---

[2] Exclusive of travel hours.

| Gerardo Romo | 54.6 | 32.76 |
|---|---|---|
| Rhianna Rey | 24.2 | 14.52 |
| Paralegals/Law Clerks | 1534.2 | 920.52 |
| **TOTAL** | **6,951** | **4,170.3** |

## POINT III

## PLAINTIFF'S FEE APPLICATION SHOULD BE DENIED AS IT IS NOT SUPPORTED BY CONTEMPORANEOUS RECORDS

A fee application under § 1988 must be supported by contemporaneous billing records kept by counsel. "[T]he requirement that attorneys support their fee requests with contemporaneous time records is a 'hard-and-fast-rule from which attorneys may deviate only in the rarest of cases.'" Andrews v. City of New York, No. 14 CV 1721 (FB), 2015 U.S. Dist. LEXIS 133645, *26 (E.D.N.Y. 2015) (citing Scott v. City of New York, 643 F. 3d 56, 57, 59 (2d Cir. 2011)). These records should specify, for each attorney, the date, the hours expended, and the nature of the work done." C.B. ex rel. W.B., 2006 U.S. Dist. LEXIS 68649, *9-10 (citing New York State Ass'n for Retarded Children, Inc., 711 F.2d at 1148 (2d Cir. 1983) (explaining that "[a]ll applications for attorney's fees, whether submitted by profit-making or non-profit lawyers, for any work done after the date of this opinion should normally be disallowed unless accompanied by contemporaneous time records indicating, for each attorney, the date, the hours expended, and the nature of the work done")); see also Lewis v. Coughlin, 801 F.2d 570, 577 (2d Cir. 1986); Louima v. City of New York, No. 98-cv-5083, 2004 U.S. Dist. LEXIS 28886, *81 (E.D.N.Y. Oct. 5, 2004), aff'd, 163 Fed. Appx. 70 (2d Cir. 2006). The records must be maintained with sufficient specificity "to enable the Court to determine whether the hours billed were duplicative or excessive." Dailey, 915 F. Supp. at 1328. Affidavits summarizing time logs are not acceptable. See, Lewis v. Coughlin, 801 F.2d 570, 577 (2d Cir. 1986) (citing N.Y. State Ass'n for Retarded Children, Inc., 711 F. 2d 1136, 1148 (2d Cir. 1983).

19

To the extent a plaintiff's fee application is not supported by contemporaneous records, the fees sought should be denied or reduced. See, Bumble & Bumble, LLC v. Pro's Choice Beauty Care, Inc., No. 14-CV-6911 (VEC) (JLC), 2016 U.S. Dist. LEXIS 19329, at *27 (S.D.N.Y. Feb. 17, 2016).

Plaintiff's fee application is not supported by contemporaneous records.  First, plaintiff's motion is silent as to the method by which counsel's time records are kept, including when they were created, except that the word "contemporaneous" is used.   However, it is clear that the records filed in support of plaintiff's application were created from other sources of information for use in this motion.  For example, each of the attorney affidavits states that the attached billing records "*come from* contemporaneously kept timekeeping logs." (emphasis added).  Additionally, billing records for Mr. Romo and Mr. Duran contain numerous entries indicating that the time logs submitted with this motion were prepared for use in this motion.  Specifically, on September 2, 2022, Mr. Romo billed .6 hours for "check in re hours emma cam," indicating a discussion regarding hours for the motion.  Additionally, on September 6 and 7, 2022, Mr. Romo billed a total of 3.9 hours for "hours for fee app," again suggesting the preparation of documentation of hours for this motion.   Mr. Duran billed a total of 28.7 hours for "reviewing" or "auditing" hours.  Thus, it appears that the time records submitted with this motion are not contemporaneous records, but rather summaries prepared for this motion.

Because this fee application is not supported by contemporaneous records, it should be denied.  In the alternative, the Court should decline to award fees on fees.

## POINT IV

## PLAINTIFF SHOULD NOT BE GRANTED THE FEES SOUGHT FOR PREPARATION OF THE FEE APPLICATION

Plaintiff's application for "fees on fees" should be denied or reduced. The Court has discretion to "deny or substantially reduce" a request for so-called "fees on fees" where the amount requested is excessive. Mawere v. Citco Fund Servs., (USA) Inc., No. 09 Civ. 1342 (BSJ) (DF), 2011 U.S. Dist. LEXIS 149111 (S.D.N.Y. Sept. 16, 2011); see also, Valley Disposal v. Central Vt. Solid Waste Management Dist., 71 F.3d 1053, 1059 (2d Cir. 1995) (quoting Gagne v. Maher, 594 F.2d 336 (2d Cir. 1979). Plaintiff's counsel seeks compensation for 270.5 hours, totaling $115,240.00, for preparing this fee application—"fees on fees."

This amount is grossly excessive and should be reduced. While the motion is voluminous, it is not original. This is not the first fee application that NSB has prepared and the papers submitted in support of this motion borrow heavily from, at least, the fee application filed in the Restivo matter. (See, Hoffman Restivo Decl., Ex. C). Each of the declarations is substantially similar, reiterating the same arguments as facts. These declarations are largely adaptions of previously prepared documents. Thus, the amount of time billed for drafting these papers—while difficult to discern due to the vagueness of the time logs—is excessive. Additionally, any time spent reconstructing time logs is not compensable, as a fee award must be supported by contemporaneously kept time records in the first instance, *supra*. Most of the attorney hours on this fee application were completed by a senior associate Sona Shah who was not otherwise involved in this case. Plaintiff seeks an unreasonable 55 hours at $450 per hour for Ms. Shah, given the limited complexity of this work and the re-use of prior motion papers. Indeed, based on the billing records, it is completely unreasonable that a senior associate spent

55 hours on this application at all.  It is equally unreasonable that another associate, Mr. Romo,

spent another 55 hours on this application, in addition to 100 hours of paralegal time.

As discussed above, the Court may deny the fee application based on plaintiff's

failure to provide contemporaneous billing records.  Alternatively, the Court should reduce the

hours sought because they are excessive.

## POINT V

### PLAINTIFF'S FEE AWARD SHOULD BE OFFSET BY ANY CONTINGENCY FEE

Plaintiff should not be permitted to recover attorney's fees under Section 1988

which are duplicative of fees already paid under a contingency fee agreement.  Section 1988

provides an incentive for attorneys to take on civil rights matters on behalf of clients who might

otherwise not be able to afford representation.  A contingency fee arrangement operates in much

the same way, securing the attorney's compensation in matters where a client may not be able to

afford hourly representation.  Section 1988 does not, however, operate to generate a "financial

windfall for an attorney to the detriment of the client."  Wright v. City of N.Y., 283 F. Supp. 3d

98, 107-108 (S.D.N.Y 2017).  This is precisely the scenario presented in this case, where

plaintiff has agreed to pay his attorneys a one-third contingency fee.  In this action, plaintiff's

counsel stands to recover a total of over $5.5 million—exclusive of costs—leaving their client

with approximately $3.3 million.[3]

There is no prohibition on the collection of a contingency fee in addition to an

application for an award of attorneys' fees pursuant to Section 1988.  See, Venegas v. Mitchell,

---

[3] Defendants assume, as is common, that plaintiff has likely assigned his Section 1988 claims, or the proceeds thereof, to his counsel.

495 U.S. 82, 88 (1990) (rejecting argument that Section 1988 fees should be limited to fees paid pursuant to contingency agreement).  However, Courts in this Circuit have routinely exercised their discretion to limit awards of attorneys' fees under Section 1988 to prevent a windfall to plaintiff's attorneys where a contingency fee is also at play. See, Wright v. City of N.Y., 283 F. Supp. 3d at 107-108  (reducing Section 1988 award by amount of contingency fee); Laster v. Cole, 99 Civ. 2837 (JG), 2000 U.S. Dist. LEXIS 8672, at *5 (E.D.N.Y. June 23, 2000) (holding double recovery of statutory fees and contingency unnecessary); Richards v. New York City Bd. Of Educ., No. 83 Civ. 7621 (CBM), 1988 U.S. Dist. LEXIS 6121, at *14-15 (S.D.N.Y. June 23, 1988) (holding that fee shifting statutes "were not designed as a form of economic relief to improve the financial lot of attorneys").  Other courts have reduced contingent fee awards by the amount of any statutory fees.  Wheatley v. Ford, 679 F.2d 1037, 1041 (2d Cir. 1982) ("[T]he civil rights statutes should not be construed to provide windfall recoveries for successful attorneys. This Court has the power to formulate a fee award designed to avoid such an extreme result.")

In this case, an award of statutory fees—particularly in the amount sought by plaintiff—would result in a windfall to plaintiff's counsel.  Were counsel to recover one-third of plaintiff's $5 million award, in addition to the fees sought here, the attorney's fees would significantly exceed the plaintiff's own recovery.  It must be reiterated that the plaintiff's damages in this case were ostensibly awarded to compensate him for 20 years of wrongful imprisonment and the statutory fee award intended to aid him in the vindication of his rights, not to enrich his counsel at his expense.  This is precisely the type of windfall result that courts regularly try to avoid.  Thus, the Court in this case should reduce the amount of any fee award by the amount of any contingency already paid by the plaintiff.

## POINT VI

## PLAINTIFF'S REQUEST FOR COSTS SHOULD BE DENIED

Plaintiff's request for costs should be denied to the extent the costs are excessive or not compensable. Plaintiff seeks a total of $283,800.99 in costs, including deposition and discovery expenses, copying costs, shipping, legal research, transcripts, witness fees, process servers, filing fees, trial costs, and travel expenses. "[A] court will generally award 'those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients." Crews v. Cty. of Nassau, No. 06-CV-2610 (JFB)(GRB), 2019 U.S. Dist. LEXIS 218129, at *37 (E.D.N.Y. Dec. 18, 2019) (quotations omitted). "The fee applicant bears the burden of adequately documenting and itemizing the costs requested." Id. Additionally, it is the plaintiff's burden to show that the costs incurred were reasonable and necessary to the litigation. See Rotella v. Bd. of Educ., No. 01-cv-0434 (NGG), 2002 U.S. Dist. LEXIS 507, at *15 (E.D.N.Y. Jan. 17, 2002).

In this instance, plaintiff has not offered any explanation for why the costs sought are reasonable or necessary. Plaintiff has also failed to provide actual documentation of any of these expenses. Where a plaintiff fails to establish the reasonableness of a cost or its necessity, it is appropriate for the Court to deny or reduce the amount sought. See United States v. Merritt Meridian Constr. Corp., 95 F.3d 153, 173 (2d Cir. 1996) (approving reduction of copying costs from $17,690.78 to $5,000 where plaintiff failed to itemize costs or explain need for copies). For example, in this case, plaintiff sees more than $18,000 in printing, copying, and duplication costs, but fails to offer any explanation of the line items reported, their reasonableness, or their necessity. It is impossible to ascertain based on the plaintiff's submission what the claimed printing costs consist of, what the cost rate was, or for what purpose the costs were incurred. See

Anderson v. City of N.Y., 132 F. Supp. 2d 239, 246 (S.D.N.Y. 2001) (assessing reasonableness of copying costs based on documents copies, number of copies, and page cost). Because the plaintiff has not justified this cost, it should be denied or reduced.

Plaintiff's jury consulting costs should also be denied or reduced. Plaintiff has provided insufficient information from which to determine whether these costs—$88,831.00—were reasonable or necessary. Plaintiff's reliance on Ravina v. Columbia Univ. for the proposition that jury consultants are recoverable costs is misplaced. No. 16-CV-2137 (RA), 2020 U.S. Dist. LEXIS 39478, at *45 (S.D.N.Y. Mar. 6, 2020). The Court in Ravina found the plaintiff's claimed litigation support costs, including jury consulting to be excessive. Id. The Court even cited Amerisource Corp. v. Rx USA Int'l, Inc., No. 02-cv-2514 (JMA), 2010 U.S. Dist. LEXIS 52424, at *15 (E.D.N.Y. May 26, 2010) for the proposition that the "expenditure of $96,209.52 on [litigation support] services such as jury focus group was unnecessary and non-compensable because it 'would be unreasonable to hold [defendant] accountable for such premium services, which far exceed the standard litigation expenses of the average reasonable litigant'" Id. In this case, plaintiff has not offered any explanation for why this "premium" service—which cost almost $80,000 just for trial—is an ordinary chargeable client expense. Indeed, the chart provided consists of a scant three lines, providing almost no information about what these services even entailed. The Ravina court further noted that some courts have considered litigation consulting under the rubric of attorneys' fees rather than costs. Id. (citing BD v. DeBuono, 177 F. Supp. 2d 201, 204 (S.D.N.Y. 2001); Broadspring, Inc. v. Congoo, LLC, No. 13-CV-1866 (RJS), 2016 U.S. Dist. LEXIS 22577 at *6 (S.D.N.Y. Feb. 24, 2016). Viewed through that lens, plaintiff has also failed to establish the reasonableness of his jury consultants as legal support. Accordingly, this cost should be denied.

Plaintiff's travel expenses should also be denied or reduced. Again, these expenses are not supported by actual receipts or documentation, but recounted in a summary chart. This chart provides insufficient information from which the Court could find that these charges were reasonable or necessary. One line item simply reads "Exp Reimb" for $1,092.58. It is hard to imagine a reasonable client paying for such services without any further explanation, and the defendants should not be expected to.

Lastly, certain costs sought are expressly not recoverable. In particular, the cost of "computer research is merely a substitute for an attorney's time that is compensable under an application for attorneys' fees and is not a separately taxable cost." U.S. v. Merritt Meridian Constr. Corp., 95 F.3d 153, 173 (2d Cir. 1996). Thus plaintiff's application for these costs should be denied.

Because plaintiff has not established that his costs were reasonable and necessary, they should be denied or reduced.

**POINT VII**

**PLAINTIFF CANNOT RAISE NEW ARGUMENTS ON REPLY**

The Court should not consider any new arguments that plaintiff may attempt to raise on reply. To prevent unfairness to a movant's adversary, new arguments may not be made in a reply brief. Ernst Haas Studio, Inc. v. Palm Press, Inc., 164 F.3d 110, 112 (2d Cir. 1999); ABN Amro Verzekeringen BV v. Geologistics Americas, Inc., 485 F.3d 85, 100 n.16 (2d Cir. 2007) ("[W]e decline to consider an argument raised for the first time in a reply brief."). Thus, to the extent that plaintiff attempts to raise new arguments, those arguments should be disregarded.

## **CONCLUSION**

For all of the foregoing reasons, defendants respectfully request that the Court deny plaintiff's counsel's application for fees and costs application, discount the award as described herein, or grant such other relief as the Court deems appropriate.

Dated:        New York, New York
              November 14, 2022

HON. SYLVIA O. HINDS-RADIX
Corporation Counsel of the City of New York
*Attorney for Defendants*
100 Church Street
New York, New York 10007
(212) 356-2486

By: /s/
           Hannah V. Faddis
           *Senior Counsel*
           Special Federal Litigation

cc:        VIA ECF
           *All Counsel of Record*